## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

RALPH G. MCKENNA,   )
        Plaintiff,   )
        v.   )
FIRST HORIZON HOME LOAN   )
CORPORATION,   )
        Defendant.   )

04 10370

MAGISTRATE JUDGE ____

RECEIPT # 54071
JURY DEMANDED
AMOUNT $ ___
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 2/24/04

### COMPLAINT – CLASS ACTION
### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1. Plaintiff brings this action against a mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Massachusetts counterparts of those statutes, Mass. G.L. ch. 140D and 209 CMR part 32.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1332 (diversity), 1337 (interstate commerce), and 1367 (supplemental jurisdiction) and 15 U.S.C. §1640 (Truth in Lending Act). Defendant does business in the District and are deemed to reside here. The amount in controversy exceeds $75,000, exclusive of interest and costs.

### PARTIES

3. Plaintiff Ralph G. McKenna owns and resides in a home at 674 Granite Street, Braintree, MA 02184. He is a citizen of Massachusetts.

4. Defendant First Horizon Home Loan Corporation is a corporation chartered under the law of Kansas. Its principal offices are located at 4000 Horizon Way, Irving, TX 75063. It does business in Massachusetts. Its registered agent and office are CT Corporation, 101 Federal Street, Boston, MA 02110.

1

## FACTS RELATING TO PLAINTIFF

5.  On June 25, 2003, plaintiff obtained a $244,600 mortgage loan from defendant.

6.  The loan was obtained for personal, family or household purposes, namely, the refinancing of prior debts incurred for such purposes.

7.  Most of the loan was used to pay off a prior mortgage loan not made by First Horizon.

8.  In connection with the June 25, 2003 transaction, plaintiff signed or received the following documents:

    a.  A note, Exhibit A, in favor of First Horizon Home Loan Corporation

    b.  A mortgage, Exhibit B, in favor of First Horizon Home Loan Corporation;

    c.  A Truth in Lending disclosure statement, Exhibit C, designating First Horizon Home Loan Corporation as lender.

    d.  A notice of right to cancel, Exhibit D.

9.  The notice of right to cancel is prepared using a nonstandard form that is intended for use in both (a) transactions in which First Horizon is refinancing a loan made by someone other than First Horizon and (b) transactions in which First Horizon is refinancing a prior loan made by First Horizon.

10. The Federal Reserve Board (12 C.F.R. part 226 Appendix H, forms H-8 and H-9), prescribes two different forms for these situations, each of which describes the right to rescind applicable in that situation. FRB Form H-8, for refinancing by a creditor other than the original creditor, is as follows:

> NOTICE OF RIGHT TO CANCEL
>
> Your Right to Cancel
>
> You are entering into a transaction that will result in a   [mortgage/lien/security

interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is _____; or

(2) the date you received your Truth in Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

How to Cancel

If you decide to cancel this transaction, you may do so by notifying us in writing, at (creditor's name and business address).

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of (date) (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____     _____
Consumer's Signature                              Date


11.     FRB Form H-9, for refinancing with original creditor, is as follows:

NOTICE OF RIGHT TO CANCEL

Your Right to Cancel

You are entering into a new transaction to increase the amount of credit previously

3

provided to you. Your home is the security for this new transaction. You have a legal right under federal law to cancel this new transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of this new transaction, which is _____; or

(2) the date you received your new Truth in Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

You may keep any money we have given you in this new transaction until we have done the things mentioned above, but you must then offer to return the money at the address below.

If we do not take possession of the money within 20 calendar days of your offer, you may keep it without further obligation.

How To Cancel

If you decide to cancel this new transaction, you may do so by notifying us in writing, at   (Creditor's name and business address).

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of (Date) (or midnight of the third business day following the latest of the three events listed above).

If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____    _____
Consumer's Signature                              Date

    12.    Defendant's form purports to apply in both types of transaction. It purports to state that "For new transactions involving us, if you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you

4

presently owe or the mortgage lien, or security interest we already have on your home."

13.    This is confusing because there is no explanation of what a "new transaction involving us" might be. The limited right to rescind, applicable to the additional amount of the new loan, applies where a loan issued by creditor A is refinanced by creditor A. This is apparent from the official form, but not defendant's.

14.    <u>Exhibit D</u> is a standard form document issued in connection with numerous transactions, as evidenced by the form numbers at the bottom of the document.

15.    On information and belief, it is the standard practice of First Horizon Home Loan Corporation to use the form represented by <u>Exhibit D</u> on transactions in which it is refinancing a loan made by someone other than First Horizon Home Loan Corporation

## **RIGHT TO RESCIND**

16.    Because the transaction was secured by plaintiff' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by (a) 15 U.S.C. §1635 and 12 C.F.R. §226.23 for non-Massachusetts transactions and (b) the Massachusetts Consumer Cost Disclosure Act, Mass. G.L. ch. 140D, §10 and the Massachusetts Division of Banks regulations, 209 CMR 32.23, for Massachusetts transactions.

17.    Section 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or**

5

> material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> >
> > (2) The consumer's right to rescind the transaction.
> >
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> >
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> >
> > (5) The date the rescission period expires. . . .
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> >
> > (2) A credit plan in which a state agency is a creditor.

209 CMR 32.23 is similar.

18. Plaintiff have given notice of their election to rescind.

19. Under 15 U.S.C. §1641, plaintiff are entitled to assert the right to rescind against any assignee of the loan. Mass. G.L., ch. 140D, § 33(c) is the same.

20. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

Mass.G.L., ch. 140D, §10(g) is similar.

## COUNT I -- CLASS CLAIM

21. Plaintiff incorporate ¶¶ 1-20.

22. Each of the transactions of plaintiff and the members of the class described below violated 15 U.S.C. §1635 and 12 C.F.R. § 226.23/ Mass. G.L. ch. 140D, §10 and 209 CMR 32.23.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class. The class consists of (a) all natural persons (b) who obtained non-purchase-money loans that were secured by their residences, (c) on or after a date three years prior to the filing of this action (four in Massachusetts), (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person received a document in the form represented by Exhibit D.

24. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 class members.

25. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether First Horizon Home Loan Corporation had a practice of issuing the form notice of right to cancel exemplified by Exhibit D in connection with the refinancing of loans made by someone else;

    b. Whether doing so violates TILA.

26. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit cases.

28. A class action is superior to other alternative methods of adjudicating this dispute. Most of the class members are unaware of the deception practiced upon them. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. A declaration that any class member who so desires may rescind their transaction;

    b. Statutory damages for all persons who rescind;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems proper.

## COUNT II – INDIVIDUAL CLAIM

29. Plaintiff incorporates ¶¶ 1-28.

30. Plaintiff is entitled to rescind his transaction.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. A judgment voiding plaintiff's mortgage, capable of recordation in the public records;

    b. Statutory damages for failure to rescind;

    c. A judgment declaring what obligation if any plaintiff has toward defendants;

    d. Attorney's fees, litigation expenses and costs of suit;

    e. Such other or further relief as the Court deems proper.

Respectfully submitted,

Christopher M. Lefebvre

LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## JURY DEMAND

Plaintiff demands trial by jury.

Christopher M. Lefebvre

i:\case\first11.308\pleading\cmplt.wpd