UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE, and<br>LAURA A. LILLIE,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FIRST HORIZON HOME LOAN<br>CORPORATION<br>　　　　　Defendant. | Civil Action No. 04-10370 (RCL) |

## DEFENDANT FIRST HORIZON HOME LOAN CORPORATION'S ANSWER AND COUNTERCLAIM

Defendant First Horizon Home Loan Corporation ("First Horizon") hereby answers the Amended Complaint:

### INTRODUCTION

1.　　First Horizon admits that it is a mortgage lender but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore leaves plaintiffs to their proofs.

### JURISDICTION AND VENUE

2.　　First Horizon admits that it does business within the District of Massachusetts. The remaining allegations contained in paragraph 2 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 2.

## PARTIES

3.      First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore leaves plaintiff to his proofs.

4.      First Horizon admits the allegations in paragraph 4, on information and belief.

5.      First Horizon admits the allegations in paragraph 5, on information and belief.

6.      First Horizon admits that it is a Kansas corporation with principal offices located at 4000 Horizon Way, Irving, Texas. The remaining allegations in paragraph 6 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 6.

## FACTS RELATING TO PLAINTIFF MCKENNA

7.      First Horizon admits the allegations in paragraph 7, on information and belief.

8.      First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore leaves plaintiff to his proofs.

9.      First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore leaves plaintiff to his proofs.

10.     First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore leaves plaintiff to his proofs.

11.     The allegations in paragraph 11 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 11.

12.     The allegations in paragraph 12 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 13.

2

14.     First Horizon admits that the language quoted in paragraph 14 appears in the form attached as Exhibit D.  First Horizon denies the remaining allegations of paragraph 14.

15.     The allegations in paragraph 15 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 15.

16.     First Horizon admits that forms similar to the form attached to the Complaint as Exhibit D have been used in other loan transactions, but denies the remaining allegations of paragraph 16.

17.     First Horizon denies the allegations in paragraph 17.

## FACTS RELATING TO DEANE PLAINTIFFS

18.     First Horizon admits the allegations in paragraph 18, on information and belief.

19.     First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore leaves plaintiffs to their proofs.

20.     First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore leaves plaintiffs to their proofs.

21.     First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore leaves plaintiffs to their proofs.

22.     The allegations in paragraph 22 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 22.

## FACTS RELATING TO LILLIE PLAINTIFFS

23.     On information and belief, First Horizon admits the allegation that the Lillie plaintiffs obtained a $112,500 mortgage loan on August 27, 2003 and the allegation that the Lillie plaintiffs obtained a $9,600 home equity line of credit on August 27, 2003.  First Horizon

3

lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23, and therefore leaves plaintiffs to their proofs.

24.    First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore leaves plaintiffs to their proofs.

25.    First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore leaves plaintiffs to their proofs.

26.    First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore leaves plaintiffs to their proofs.

27.    The allegations in paragraph 27 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 27.

## RIGHT TO RESCIND

28.    The allegations in paragraph 28 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 28.

29.    The allegations in paragraph 29 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 29.

30.    First Horizon admits that it received a letter from each of the plaintiffs indicating a desire to rescind.

31.    The allegations in paragraph 31 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 31.

32.    The allegations in paragraph 32 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 32.

## COUNT I - CLASS CLAIM

33.    First Horizon incorporates its answers to paragraphs 1-32.

34.    First Horizon denies the allegations in paragraph 34.

## CLASS ALLEGATIONS

35.    The allegations in paragraph 35 are conclusory and introductory in nature, and therefore require no response. To the extent a response is necessary, First Horizon denies the allegations contained in this paragraph. First Horizon denies that this case is appropriate for certification as a class action.

36.    The allegations in paragraph 36 are conclusory and introductory in nature, and therefore require no response. To the extent a response is necessary, First Horizon denies the allegations contained in this paragraph. First Horizon denies that this case is appropriate for certification as a class action.

37.    First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore leaves plaintiffs to their proofs. First Horizon denies that this case is appropriate for certification as a class action.

38.    The allegations in paragraph 38 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action, and specifically denies that any of its practices violated TILA.

39.    The allegations in paragraph 39 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action.

40.    The allegations in paragraph 40 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies

5

that this case is appropriate for certification as a class action, and specifically denies that the members of the putative class are unaware of or unable to protect their alleged rights.

41.     The allegations in paragraph 41 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action, and specifically denies that the members of the putative class are unaware of or unable to protect their alleged rights.

<h3 align="center">COUNT II - INDIVIDUAL CLAIM</h3>

42.     First Horizon incorporates its answers to paragraphs 1-32.

43.     First Horizon denies the allegations in paragraph 43.

<h3 align="center">COUNT III - CLASS CLAIM</h3>

44.     First Horizon incorporates its answers to paragraphs 1-32.

45.     First Horizon denies the allegations in paragraph 45.

46.     The allegations in paragraph 46 are conclusions of law that require no response. To the extent a response is required, First Horizon denies the allegations in paragraph 46.

47.     First Horizon denies the allegations in paragraph 47. Further answering, the allegations in paragraph 47 are conclusions of law that require no response.

<h3 align="center">CLASS ALLEGATIONS</h3>

48.     The allegations in paragraph 48 are conclusory and introductory in nature, and therefore require no response. To the extent a response is necessary, First Horizon denies the allegations contained in this paragraph. First Horizon denies that this case is appropriate for certification as a class action.

49.     The allegations in paragraph 49 are conclusory and introductory in nature, and therefore require no response. To the extent a response is necessary, First Horizon denies the

6

allegations contained in this paragraph. First Horizon denies that this case is appropriate for certification as a class action.

50.    First Horizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore leaves plaintiffs to their proofs. First Horizon denies that this case is appropriate for certification as a class action.

51.    The allegations in paragraph 51 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action, and specifically denies that any of its practices violated TILA or M.G.L. c. 93A.

52.    The allegations in paragraph 52 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action.

53.    The allegations in paragraph 53 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action, and specifically denies that the members of the putative class are unaware of or unable to protect their alleged rights.

54.    The allegations in paragraph 54 are conclusions of law, and require no response; to the extent a response is required, First Horizon denies them. First Horizon specifically denies that this case is appropriate for certification as a class action, and specifically denies that the members of the putative class are unaware of or unable to protect their alleged rights.

WHEREFORE, First Horizon demands that judgment be entered against plaintiffs and in favor of First Horizon on all claims and prayers for relief herein; and First Horizon demands its

reasonable costs, including attorneys' fees, expended in defense of this action; and First Horizon seeks such other and further relief as may be appropriate and just.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

First Horizon believes that it has not yet been properly served and therefore raises the defense of insufficient service of process.

### SECOND DEFENSE

Plaintiffs' claims have been waived, in whole or in part.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, as a result of the acts of third parties over whom First Horizon had no control and is not responsible.

### FOURTH DEFENSE

First Horizon is not responsible for the acts and liabilities of third parties over whom First Horizon had no control.

### FIFTH DEFENSE

Plaintiffs' TILA claim is barred or limited by the several defenses available under TILA, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640, and the good faith compliance defense under 15 U.S.C. §1640.

8

### SIXTH DEFENSE

Plaintiffs' demand for rescission is inequitable and First Horizon asks that the rescission procedures, if ordered, be modified as set forth in First Horizon's Counterclaim.

### SEVENTH DEFENSE

Plaintiffs' Amended Complaint does not properly join claims or parties in violation of Fed.R.Civ.P. 20, and the claims should be severed.

### EIGHTH DEFENSE

Plaintiffs' Amended Complaint fails to join necessary parties in violation of Fed. R. Civ. P. 19.

### NINTH DEFENSE

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their own negligence proximately caused their injuries.

### TWELFTH DEFENSE

First Horizon hereby reserves the right to assert defenses applicable to class members other than the named plaintiffs.

## THIRTEENTH DEFENSE

First Horizon hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

## COUNTERCLAIM

1.     Plaintiffs filed this lawsuit against Defendant First Horizon Home Loan Corporation, ("First Horizon"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and the Massachusetts Consumer Cost Disclosure Act, M.G.L. c. 140D ("Massachusetts TILA"), and M.G.L. c. 93A on behalf of themselves and, in the case of Plaintiffs McKenna and Laura Lillie, on behalf of a purported class of borrowers. First Horizon has denied liability.

2.     By letter dated February 5, 2004 ("McKenna Letter"), Plaintiff McKenna sent First Horizon a notice that he wished to exercise an alleged right under TILA to rescind his loan.

3.     By letter dated March 15, 2004 ("Lillie Letter"), Plaintiffs Christopher and Laura Lillie sent First Horizon a notice that they wished to exercise an alleged right under TILA to rescind their loan.

4.     By letter dated March 15, 2004 ("Deane Letter"), Plaintiffs Glenroy and Ilene Deane sent First Horizon a notice that they wished to exercise an alleged right under TILA to rescind their loan.

5.     First Horizon denies that the Plaintiffs have a right to rescind their loans. First Horizon also denies that it would be equitable to permit any rescission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

10

## COUNTERCLAIM I

### Declaration Concerning Rescission Remedies

6.    Paragraphs 1 through 5 are incorporated by reference.

7.    15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

8.    When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

9.    15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

10.    Under the terms of 15 U.S.C. § 1635(b) and Regulation Z, First Horizon timely responded to the Rescission Letters.

11.    Should this Court allow Plaintiffs to rescind their loans, First Horizon respectfully requests that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by First Horizon and the Plaintiffs.

WHEREFORE, First Horizon respectfully requests that this Court enter judgment as follows:

(1)    The Court declare, should it determine the Plaintiffs properly exercised a valid right of rescission, that the rescission remedy be modified in equity, including but not limited to the entry of an order requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by First Horizon and the Plaintiffs; and

(2)    Award such other and further relief as this Court deems just and appropriate under the circumstances, and to do equity and justice.

Respectfully Submitted,

FIRST HORIZON HOME LOAN CORPORATION,
By its attorneys,

U. Gwyn Williams (BBO # 565181)
Daniel J. Pasquarello (BBO # 647379)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated:  April 12, 2004

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Plaintiffs' counsel by placing a copy of same in the United States mail, this the 12th day of April, 2004.

Daniel J. Pasquarello

LIBA/1369273.2

12