**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE;<br>and LAURA A. LILLIE; | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | 04-10370-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST HORIZON HOME LOAN<br>CORPORATION, | )<br>) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

### ANSWER TO COUNTERCLAIM

1.      Plaintiffs filed this lawsuit against Defendant First Horizon Home Loan Corporation, ("First Horizon"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and the Massachusetts Consumer Cost Disclosure Act, M.G.L. c. 140D ("Massachusetts TILA"), and M.G.L. c. 93A on behalf of themselves and, in the case of Plaintiffs McKenna and Laura Lillie, on behalf of a purported class of borrowers. First Horizon has denied liability.

**ANSWER:**

Admit but submit that in addition to Ralph McKenna and Laura Lillie, Glenroy A. Deane, Ilene Wilgoren-Deane, and Christopher J. Lillie, have also been named as additional plaintiffs.

2.      By letter dated February 5, 2004 ("McKenna Letter"), Plaintiff McKenna sent First Horizon a notice that he wished to exercise an alleged right under TILA to rescind his loan.

1

**ANSWER:**

      Admit.

      3.      By letter dated March 15, 2004 ("Lillie Letter"), Plaintiffs Christopher and Laura Lillie sent First Horizon a notice that they wished to exercise an alleged right under TILA to rescind their loan.

**ANSWER:**

      Admit.

      4.      By letter dated March 15, 2004 ("Deane Letter"), Plaintiffs Glenroy and Ilene Deane sent First Horizon a notice that they wished to exercise an alleged right under TILA to rescind their loan.

**ANSWER:**

      Admit.

      5.      First denies that the Plaintiffs have a right to rescind their loans. First Horizon also denies that it would be equitable to permit any recission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

**ANSWER:**

      Admit that First Horizon has denied that plaintiffs have a right to rescind their loan, but deny that Members' position is correct. Admit to the extent that First Horizon has raised an affirmative defense that the demand for rescission is inequitable, but deny that First Horizon's affirmative defense is valid. Plaintiffs are without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny, generally and specifically, each and every remaining allegation contained herein.

## COUNTERCLAIM I

### Declaration Concerning Recession Remedies

6.      Paragraphs 1 through 5 are incorporated by reference.

**ANSWER:**

Plaintiffs reassert and incorporate their answers to paragraph 1-5 to the counterclaim as though fully set forth herein.

7.      15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

**ANSWER:**

Plaintiffs affirmatively state that 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and (3) speak for themselves and on that basis deny any allegations of paragraph 7 inconsistent therewith.

8.      When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

**ANSWER:**

Plaintiffs affirmatively state that 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) speak for themselves and on that basis deny any allegations of paragraph 8

3

inconsistent therewith.

9.    15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

**ANSWER:**

Plaintiffs affirmatively state that 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) speak for themselves and on that basis deny any allegations of paragraph 9 inconsistent therewith.

10.    Under the terms of 15 U.S.C. § 1635(b) and Regulation Z, First Horizon timely responded to the Rescission Letters.

**ANSWER:**

Admit.

11.    Should this Court allow Plaintiffs to rescind their loans, First Horizon respectfully requests that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by First Horizon and the Plaintiffs.

**ANSWER:**

No response required.

WHEREFORE, plaintiffs respectfully request that First Horizon's counterclaim be dismissed.

4

Respectfully submitted,


*Christopher M. Lefebvre* ( me)
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Piccirilli
EDELMAN, COMBS &
    LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

i:\case\first11.308\pleading\answercc.wpd

## CERTIFICATE OF SERVICE

I, Christopher M. Lefebvre, hereby certify that on April 29, 2004, I caused a copy of the foregoing document to be served by United States mail upon the parties listed below.

U. Gwyn Williams
Daniel J. Pasquarello
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

DATED: April 29, 2004

Christopher M. Lefebvre

6