IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RALPH G. MCKENNA,                    )
GLENROY A. DEANE,                    )
ILENE WILGOREN-DEANE,                )
CHRISTOPHER J. LILLIE;               )
and LAURA A. LILLIE,                 )
                                     )
                                     )
            Plaintiffs,              )        04-10370-RCL
                                     )
     v.                              )
                                     )
FIRST HORIZON HOME LOAN              )
CORPORATION,                         )
                                     )        **JURY DEMANDED**
            Defendant.               )

## JOINT 26(f)/16.1(D) REPORT

Plaintiffs, Ralph G. McKenna, Glenroy A. Deane, Ilene Wilgoren-Deane, Christopher

Lillie and Laura A. Lillie, represented by counsel from the Law Offices of Claude Lefebvre &

Sons and Edelman, Combs & Latturner, LLC, and defendant First Horizon Home Loan

Corporation ("First Horizon"), represented by counsel from Goodwin Procter, LLP hereby

submit this joint report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D). In accordance

with Local Rule 16.1, the parties have met and conferred on June 3, 2004 for the purposes of

preparing the following proposed schedule. The Court has set a scheduling conference for June

17, 2004. The parties state as follows:

1.      Plaintiffs' Amended Complaint alleges that in connection with plaintiffs'

mortgage transactions and those of others similarly situated, defendant violated the Truth in

Lending Act, 15 U.S.C. § 1601 et seq, ("TILA"), implementing Federal Reserve Board

Regulation Z and Mass. G.L. Ch. 140D, § 10 and 209 CMR 32.23. Specifically, plaintiffs allege

that they were provided with inappropriate form documents with respect to their right to cancel.

1

These alleged violations of TILA are also violations of Mass. G.L. ch. 140D, § 10 and 209 CMR 32.23 and Mass. G.L. ch. 93A.

First Horizon has filed an Answer to the Amended Complaint and a Counterclaim and denies liability on all of Plaintiffs' claims. All plaintiffs received clear and conspicuous notice of their right to cancel their loan transactions, as specified by the relevant regulations. Therefore, plaintiffs have no right to cancel in this case. Further, because individual questions about each individual loan transaction and each individual borrower will predominate, class treatment of the plaintiffs' allegations is not appropriate.

2.    The parties shall exchange initial disclosures under Rule 26(a) on or before June 28, 2004.

3.    The parties were unable to agree on a discovery schedule. Plaintiffs do not wish to bifurcate discovery. First Horizon prefers to phase discovery in order to address class issues first and conserve resources for both the Court and the parties. Accordingly, each party has proposed a schedule as follows.

**Plaintiffs' proposed schedule**:

- Plaintiffs shall submit their first written discovery requests, i.e. interrogatories, requests for production and requests for admissions on or before July 14, 2004.
- Defendant shall submit its first written discovery requests on or before July 28, 2004.
- Plaintiffs shall have until October 8, 2004 to name additional parties.
- All lay witness depositions shall be completed by December 22, 2004.
- All non-expert discovery shall be completed by January 21, 2005.
- All expert discovery shall be completed by February 21, 2005.
- Dispositive motions shall be filed on or before March 25, 2005.

2

- Plaintiffs' motion for class certification shall be filed on or before October 15, 2004.

**Defendant's proposed schedule:**

- August 9, 2004:  deadline to join parties and amend pleadings;
- December 23, 2004:  close of class discovery and deadline for plaintiffs to file motion for class certification;
- January 31, 2005:  opposition to class certification due.
- February 15, 2005:  deadline for plaintiffs to seek leave to file reply.

**And the following dates only if necessary:**

- 90 days following determination on plaintiffs' motion for class certification:  deadline for fact discovery on the merits;
- 30 days after close of fact discovery:  plaintiffs' expert disclosures due.
- 30 days after plaintiffs' expert disclosures:  defendant's expert disclosures due.
- 30 days after defendant's expert disclosures:  deadline for dispositive motions.
- 60 days after dispositive motion deadline:  deadline to file and exchange pretrial submissions.
- 15 days after exchange of pretrial submissions:  Trial.

4.    The parties do not believe that this matter is suitable for alternative dispute resolution at this time.

5.    Plaintiffs consent to proceed before Magistrate Dein.  Defendant does not consent to proceed before a Magistrate Judge in this matter.

6.    The parties have discussed bifurcating class and merits discovery. Plaintiffs oppose any bifurcation of discovery.  As discussed above in paragraph 3, First Horizon prefers to phase discovery and believes that addressing the class issues first will conserve resources for the Court and the parties.

3

7.    The parties have conferred regarding each of the above matters, conferred

regarding costs and expenses of litigation and have considered the option of alternative dispute

resolution.

8.    The parties intend to provide their Local Rule 16.1(D)(4) certifications at the June

17, 2004 scheduling conference.


Respectfully submitted,

LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS

*Christopher M. Lefebvre*

Christopher M. Lefebvre   *with permission DCP.*
BBO # 629056
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

EDELMAN, COMBS &
    LATTURNER, LLC
Daniel A. Edelman
Heather Piccirilli
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

*Attorneys for Plaintiffs*

FIRST HORIZON HOME LOAN
CORPORATION

*Daniel J. Pasquarello*

U. Gwyn Williams (BBO # 565181)
Daniel J. Pasquarello (BBO # 647379)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 227-8591 (FAX)

*Attorneys for Defendant*