UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE, and<br>LAURA A. LILLIE,<br>        Plaintiffs,<br><br>v.<br><br>FIRST HORIZON HOME LOAN<br>CORPORATION<br>        Defendant. | Civil Action No. 04-10370 (RCL) |

**FIRST HORIZON'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant First Horizon Home Loan Corporation ("First Horizon") submits this supplemental memorandum in opposition to Plaintiffs' Motion for Class Certification, in order to provide newly-acquired information to the Court that was not available when First Horizon filed its Opposition.

Since submitting its Opposition brief on April 25, 2005 and receiving Plaintiffs' Reply brief on May 18, 2005, First Horizon has obtained a copy of a solicitation letter used by Plaintiffs' counsel that solicits new rescission claims against First Horizon (attached hereto as Exhibit A), and received three new individual rescission demands from borrowers represented by Plaintiffs' counsel (attached collectively hereto, in redacted form, as Exhibit B).

The advertisement and the new individual rescission demands strengthen two of First Horizon's arguments against class certification.  In addition, the materials put all of Plaintiffs' arguments into a new and important context.

Therefore, in further opposition to Plaintiffs' motion for class certification, First Horizon states:

1. The attached materials provide further support for the previous reasons given why the motion should be denied.

    a. First, First Horizon argued in its Opposition that rescission claims usually involve substantial amounts of money and should not be lumped together on a class basis because, in part, the potential liability to a lender can be enormous. Plaintiffs' counsel's solicitation supports this point by claiming that a recent client who rescinded a mortgage loan "saved $50,000.00!!" Exhibit A (double exclamation in original). Given the size of the purported class, a potential recovery of $50,000 per class member makes this case unmanageable and, indeed, unconstitutional.

    b. Second, First Horizon argued in its Opposition that certification is inappropriate because class members can and will sue individually, given the magnitude of the potential recovery. The solicitation, and the three new individual rescission demands which followed shortly thereafter, prove the point and significantly undermine Plaintiffs' contrary contention that without certification the putative class members will not know they have a claim and will not pursue a claim.

2. Both the advertisement and the three new rescission demands borrowers—from Rhode Island borrowers—also shed a different light on Plaintiffs' recent 'concession,' (Reply at 13), that they only seek to certify a class of Massachusetts residents. That concession was in response to First Horizon's point that the named plaintiffs' representatives all live in Massachusetts, and so have no rights at all to sue under TILA (but, instead, can sue only under the Massachusetts correlate to TILA). By soliciting other First Horizon borrowers who received

notices with the same alleged disclosure deficiency—and, particularly borrowers, such as Rhode Island residents, whose rights are governed by TILA itself—Plaintiffs may have revealed that they have designs on ultimately seeking to expand the class beyond Massachusetts. Whatever they may be hoping to do later in this case, the solicitations and resulting demands shows that the risk to First Horizon from overweening nationwide liability arising from a TILA rescission class is still present in this case—and remains a compelling reason to deny certification.

3. Finally, the just-uncovered solicitation shows the Court just what this class action is all about. As discussed in the briefs, the remedy Plaintiffs seek is to have this Court send a notice of class members that they have a right to rescind their loans. By sending the solicitation, Plaintiffs' counsel is already sending its form of notice that (at least in its view) rescission is available. If the Court were to certify a class and provide the notice Plaintiffs request, its effect on those who received the solicitation already would be just to underscore that advertisement. This Court should not be asked to be a mechanism for advertising. That is an independent reason to deny certification, as well as a concrete illustration of why this case is not yet an actual case or controversy which this Court should entertain.

## Conclusion

For the foregoing reasons and those set forth in First Horizon's Opposition, the Court should deny Plaintiffs' Motion for Class Certification.

                                      Respectfully Submitted,

                                      FIRST HORIZON HOME LOAN CORPORATION,
By its attorneys,

/s/ Daniel J. Pasquarello
U. Gwyn Williams (BBO # 565181)
James W. McGarry (BBO # 633726)
Daniel J. Pasquarello (BBO # 647379)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated:  June 10, 2005

Thomas M. Hefferon (BBO # 548289)
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
(202) 346-400

LIBA/1556673.2