UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE, and<br>LAURA A. LILLIE,<br>        Plaintiffs,<br><br>v.<br><br>FIRST HORIZON HOME LOAN<br>CORPORATION<br>        Defendant. | C.A. No. 04-10370 (RCL)/(JGD) |

## MOTION FOR LEAVE TO SUBMIT NEWLY DECIDED AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

In further opposition to Plaintiffs' motion for class certification, Defendant First Horizon Home Loan Corporation ("First Horizon") hereby seeks leave to submit for the Court's consideration a copy of *Murry v. America's Mortgage Bank, Inc.*, No. 03 C5811, 03 C6186, 2005 WL 1323364 (N.D. Ill. May 5 2005), a recent decision that denies certification of a class seeking the same kind of declaratory rescission relief under the Truth in Lending Act ("TILA") that Plaintiffs seek here. (A copy of *Murry* is attached hereto as Exhibit A.) The *Murry* opinion was not decided until after First Horizon submitted its Opposition brief on April 25, 2005. Although First Horizon just became aware of this new authority, Plaintiffs' counsel was certainly aware of the *Murry* opinion when the parties appeared for class certification oral argument on June 13, 2005 since Edelman, Combs, Latturner & Goodwin LLC, one of Plaintiffs' counsel, was also counsel for the *Murry* plaintiffs in Illinois.

The *Murry* decision supports the proposition that TILA treats rescission as a purely personal remedy and does not provide for class-wide rescission relief. *Id*. at \*10-12. After

considering the case law regarding the permissibility of TILA rescission classes, the *Murry* court rejected the line of authority relied upon by Plaintiffs in this case concerning declaratory rescission relief and held that rescission was an <u>equitable</u> remedy that was not suited for class treatment—especially not where plaintiffs seek to certify a Rule 23(b)(3) class for damages. *Id*. Endorsing the general rationale set forth in *James v. Home Construction Company of Mobile, Inc.*, 621 F.2d 727 (5th Cir. 1980), *Gibbons v. Interbank Funding Group*, 208 F.R.D. 278 (N.C. Cal. 2002), and *Jefferson v. Security Pacific Financial Services, Inc.*, 161 F.R.D. 63, 69 (N.D. Ill. 1995), the *Murry* court also considered the danger that class-wide rescission relief under TILA could be disproportionate to the technical violations alleged and noted that the legislative history indicated that Congress did not intend to allow rescission as a remedy in the class action setting. *Id*.

      WHEREFORE, First Horizon requests that the Court accept this filing as it may assist the Court in its consideration of the class certification question.

                                          Respectfully Submitted,

                                          FIRST HORIZON HOME LOAN CORPORATION,
                                          By its attorneys,

                                          /s/ Daniel J. Pasquarello
                                          U. Gwyn Williams (BBO # 565181)
                                          James W. McGarry (BBO # 633726)
                                          Daniel J. Pasquarello (BBO # 647379)
                                          GOODWIN PROCTER LLP
                                          Exchange Place
                                          Boston, MA 02109
                                          (617) 570-1000

Dated:  July 6, 2005

                                          Thomas M. Hefferon (BBO # 548289)
                                          GOODWIN PROCTER LLP
                                          901 New York Ave., NW
                                          Washington, D.C. 20001
                                          (202) 346-400

## Rule 7.1(a)(2) Certification

I certify that I have conferred with opposing counsel in accordance with Local Rule 7.1(a)(2).

                                          /s/ Daniel J. Pasquarello
                                          Daniel J. Pasquarello