UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE, and<br>LAURA A. LILLIE,<br>        Plaintiffs,<br><br>    v.<br><br>FIRST HORIZON HOME LOAN<br>CORPORATION,<br>        Defendant. | Civil Action No. 04-10370 (RCL) |

**MOTION TO CLARIFY THE REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant First Horizon Loan Corporation ("First Horizon") moves to clarify one issue left unclear in the Report and Recommendation on Plaintiffs' Motion for Class Certification ("R&R") issued by this Court on November 10, 2005. The R&R recommended that the class be allowed in part, but denied class certification for "any person whose legal right to rescind has been extinguished for any reason." (R&R at 3 & 27). Although First Horizon disagrees that a class should be certified at all and anticipates filing objections with the District Court accordingly,[1] First Horizon requests the Court clarify that the quoted portion of the class definition excludes from the class those whose loans have been extinguished by a refinance or pay off.

---

[1] On November 23, 2005, First Horizon filed with the District Court an assented to Motion for Extension to File Objections Pending Resolution of Motion to Clarify.

1

The clarification is appropriate because it goes to a fundamental issue of the class definition, and likely would encompass thousands of borrowers whose status should be made clear as this case proceeds.  The clarification also would be correct, because refinanced and paid off loans cannot be rescinded as their legal right to rescind has been extinguished.  A ruling permitting former borrowers to seek rescission is contrary to Massachusetts law prohibiting rescission of refinanced loans, creates a huge windfall for former borrowers who refinanced their loans, and is contrary to the policy of TILA.

**ARGUMENT**

**I.     The R&R Was Not Clear Whether Former Borrowers Who Refinanced Or Paid Off Their Mortgage And Have No Right Of Rescission Are Therefore Excluded From The Class.**

In Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Opposition"), First Horizon pointed out that many borrowers in Plaintiffs' proposed class no longer have the right to rescind, "such as those who have sold the property secured by the subject transaction, transferred their ownership interest in that property, or *refinanced or paid off their loan*. . . . [or who] have had their rescission rights extinguished by a foreclosure, personal bankruptcy, or other loan workout settlement."  (Opposition at 17 (emphasis added))  As First Horizon further explained, where borrowers have already paid off or refinanced their loans, there is simply nothing left to rescind.  (Opposition at 17 n. 16)  As a consequence, First Horizon urged that the proposed class definition was inappropriate and that those persons should be excluded from any class that might be certified.

The R&R accepted the idea that borrowers' rights to rescind can be terminated by later events and that those borrowers must be excluded from the class.  The R&R accordingly limited the class as follows:

2

> The class shall not include any person whose legal right to rescind has been *extinguished for any reason*, including by written waiver of the right to rescind, the sale or transfer of all ownership interests in the property that served as security for the loan transaction, or by foreclosure, personal bankruptcy, or other loan workout settlement.

(R&R at 3 & 27 (emphasis added))  Unfortunately, the R&R did not make clear that among those "whose legal right to rescind has been extinguished for any reason" are borrowers who have refinanced or paid off their loan.  While the class definition in the R&R could fairly be read to exclude borrowers who refinanced or paid off their loans, this Court's explicit clarification of this issue will benefit the parties and the District Court.

The R&R should be clarified to address whether refinancing borrowers and paid off loans are in the class defined.  As noted, this is an issue that is fundamental to the class definition.  Given the fact this case involves as many as 8,900 loans, there are likely thousands of persons whose loans may or may not be in the class, depending on the construction of the phrase "extinguished for any reason."  This issue also bears upon important matters that relate to the propriety of certification, including whether the class issues predominate and whether the risk of this case is so overwhelming that class litigation is not a superior method for litigation.

II.     **Borrowers Who Refinanced Or Paid Off Their Loans Cannot Be In The Class.**

    A.     **Massachusetts Law Prohibits Rescission By Such Borrowers.**

In clarifying the class order – assuming, arguendo, that the Court has not made this determination already – the R&R should explicitly state that among those persons "whose legal right to rescind has been *extinguished for any reason*" are those who refinanced the subject loan and those who paid off the subject loan.

3

The Massachusetts Supreme Judicial Court has held that the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA")[2] bars claims for rescission of loans that have been refinanced or otherwise paid off. *Shepard v. Fin. Assocs. of Auburn, Inc.*, 316 N.E.2d 597, 605 (Mass. 1974). In *Shepard,* the plaintiff sought to rescind and to recover finance charges for three loans based on defective notices given at three separate closings occurring over a period of several months. *Id*. at 605  After the plaintiff had received the principal from the first two loans, those loans were then paid off and discharged in a third consolidated loan that effectively refinanced the first two loans. *Id*. at 600.  The plaintiff nonetheless alleged three separate violations of the MCCCDA, one for each of the allegedly defective disclosures provided at the closing of each of the three loans, even though the first two loans had already been refinanced and discharged.  The SJC refused to permit the plaintiff to recover for the already refinanced loans, saying:

> Two of the notes were discharged long before this litigation began, and without any payment ever having been made on either of them. We do not believe [MCCCDA] contemplated civil liability to ensue from such a transaction, whatever the defects in notice.

*Id*. at 605; *see also* 35A MASS. PRACTICE § 14:19 (West Supp. 2004) ("If the consumer pays off the mortgage loan before receiving all material truth in lending disclosures from the lender, the right of rescission is lost for the obvious reason that the loan no longer exists so there is nothing to rescind.").

This ruling is in line with other courts that have held borrowers who paid off or refinanced their loans cannot bring rescission claims under TILA because they could not avail themselves of the requested relief.  In such cases, there is simply nothing left to rescind.  *See*

---

[2] The R&R properly recognized that the MCCCDA, and not TILA, governs Plaintiffs' rescission claims in this case. (R&R at 11-12)

*King v. California*, 784 F.2d 910, 913 (9th Cir. 1986); *Mijo v. Avco Fin. Servs. of Haw.*, No. 90-16688, 1991 WL 126660 at *1 (9th Cir. 1991); *Coleman v. Equicredit Corp. of Am.*, No. 01C2130, 2002 WL 88750 (N.D. Ill. Jan. 22, 2002); *Jenkins v. Mercantile Mortgage Corp.*, 231 F. Supp. 2d 737, 745-46 (N.D. Ill. 2002).

*McIntosh v. Irwin Union Bank and Trust, Co*, 215 F.R.D. 26 (D. Mass. 2003), does not hold otherwise.[3] First, *McIntosh* was interpreting TILA, not the MCCCDA. While the MCCCDA is often interpreted in accordance with TILA case law (*see* R&R at 12), this Court is not free to disregard the SJC's declaration that borrowers who have paid off loans cannot recover under the MCCCDA. *See Shepard*, 316 N.E.2d at 605; *see also Garner v. State of La*, 368 U.S. 157, 166 (1961) (federal court bound by state's interpretation of its own statute).

Second, *McIntosh* differed from this case in an important respect: the borrowers there had suffered actual damage, unlike this case where the borrowers allege only a technical violation which resulted in no actual damage. In *McIntosh*, the former borrowers requested rescission as a remedy for an alleged failure to disclose a prepayment penalty, which is prohibited by HOEPA (a TILA amendment not relevant in this case). Due to the failure to disclose, the former borrowers claimed they incurred actual damages in the form of the prepayment penalty, and the court noted that the plaintiffs' actual damages "had not been fully reimbursed." *Id.* at 31. Based on these facts, the court explained that "a claim for rescission under Section 1635 is a permissible vehicle for attempting to recover prepayment penalties and interest charges." *Id*. at 31. The fact that the former borrowers did not litigate their claims to

---

[3] In *Rodrigues v. Members Mortgage Co.*, 226 F.R.D. 147 (D. Mass. 2005), the district court applied *McIntosh* in deciding to certify a class, but did not decide the issue of whether borrowers with paid off or refinanced loans may be part of the class. Thus, *McIntosh* is the only federal court decision in this jurisdiction which has even purported to address this issue.

5

recover the prepayment penalties until after refinancing did not bar their right to rescind because the claim for actual damages lingered after the loan was discharged.[4]

By contrast, the cause of action in this case only involves rescission under § 1635, and plaintiffs do not claim any actual damages under § 1640. *See* Amended Complaint at ¶ 38 (sole basis for cause of action arises under 15 U.S.C. § 1635). Plaintiffs only seek to recover the fruits of rescission (the finance charges) and that right was extinguished when the loan was refinanced or paid off. Extending *McIntosh* to apply in this case creates a huge windfall for plaintiffs who suffered no actual harm, unlike the plaintiffs in *McIntosh*.

> **B.     The Policy and Structure of MCCCDA Indicates An Intention to Preclude Rescission of Refinanced or Paid Off Loans.**
>
> *1.     Rescission of Refinanced or Paid Off Loans Is Illogical Under the Mechanics of Rescission and Would Create a Huge and Inequitable Windfall for Former Borrowers.*

The structure of the MCCCDA indicates that the Legislature did not intend to permit rescission for refinanced or paid off loans. The mechanism for rescission was established in detail by the statute. *See* Mass. Gen. Laws ch. 140D § 10. Under this framework, the borrower must provide notice of the rescission in writing within three days of the delivery of certain material statutory notices and information. *Id.* at § 10(a). By providing that notice, the borrower is committing to return the principal lent by the creditor. Within 20 days after receiving the notice of rescission, the creditor must terminate the security interest. *Id.* at § 10(b). After the

---

[4] The *McIntosh* court distinguished *Coleman*, which held that plaintiffs who refinanced their loan no longer had a claim for rescission. *Coleman* also involved a prepayment penalty, but the claim for actual damages had already been satisfied by refund of the "prepayment penalty, the origination charges and the excess interest they paid." 2002 WL 88750, at * 3. When read together, *McIntosh* and *Coleman* instruct that when a claim for actual damages has not been satisfied, the remedy of rescission may be available to compensate the plaintiff. In the absence of actual damages, such as in this case and in *Coleman*, rescission is no longer available as a remedy if the loan has been refinanced or otherwise paid off.

security interest is terminated, the borrower must then tender back the remaining principal.[5] *Id.* In anticipation of rescission, a borrower typically would arrange for alternative financing so that he or she will be able to tender back the loan principal that must be returned to the creditor.

The very nature of the multi-step process to rescind indicates an intention to only permit rescission for existing loans, and not for loans previously terminated by rescission, sale, or some other mechanism. Several of the statutorily-mandated steps are not relevant if a refinanced loan may be rescinded—the security interest on the refinanced or paid off loan already has been terminated, and the remaining principal already tendered back to the lender at the time of refinancing or pay off. If a former borrower with a refinanced or paid off loan were permitted to rescind, the rescission mechanism would be thrown out the window; the borrower could simply provide notice of rescission and wait for the check to arrive in the mail, creating a huge windfall for the former borrower.

That consequence of permitting rescission of refinanced or paid off loans—namely, a huge windfall for plaintiffs—also goes against the intention of providing limited remedies for technical MCCCDA violations. The Legislature set a statutory damages cap of $2000 in individual borrower cases, apparently believing that amount to be adequate compensation for a technical MCCCDA violation. In rescission cases, the stakes may be higher, but, in the balance contemplated by the law, the procedural mechanisms created under the statute may dissuade some borrowers holding active loans from rescinding. Borrowers legally entitled to rescind may choose not to do so, if the alternative financing they would need to arrange in order to tender back the principal would be at higher interest rates or less advantageous terms. But the decision about whether to rescind is very different for a former borrower—he has no tender obligation,

---

[5] These mechanisms can be modified by the Court, as, indeed, First Horizon has requested in this case.

and therefore need not arrange alternative financing or run the risk of having a higher interest rate or less favorable loan terms if he chooses to rescind. With no disincentive to rescind, it is likely that many former borrowers would provide notice of rescission, contrary to this Court's statement that it felt it was "an open question" whether borrowers in the class would rescind. (R&R at 23)

On the other side of the coin, the lenders of those refinanced or paid off loans will face substantial potential liability if such claims are permitted to proceed—liability well in excess of that contemplated by the statute. While the statute may be penal in some respects, the Legislature chose to cap statutory monetary damages at $2000 for individual cases and $500,000 for class actions, indicating its intent of what constituted an adequate penalty for violating the law's technical requirements and what was necessary to ensure compliance with those requirements.[6] Mass. Gen. Laws ch 140D § 32(a)(2). In contrast, the relief Plaintiffs seek grossly exceeds any penal effect and converts the MCCCDA into a punitive damages statute. Such punishment is particularly inappropriate with respect to refinanced and paid off loans because there is no longer any nexus between the borrower and the lender—the borrower has suffered no harm yet the lender faces the potential for significant liability. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513, 1523 (2003) (requiring wrongdoing to have "nexus to the specific harm suffered by the plaintiff" to impose monetary punishment on defendant).

> 2. ***The MCCCDA Protects A Borrower's Home From the Security Interest In a Mortgage Contract, Which Is Not Relevant When a Loan Has Been Refinanced or Paid Off.***

The underlying purpose of the right of rescission in the MCCCDA is to protect borrowers from losing their homes due to the security interests placed on their homes in mortgage

---

[6] Actual damages may also be available to compensate borrowers actually harmed by a violation. Where no actual harm occurred, such as in this case, the remedies are limited to statutory damages and the possibility of rescission.

8

transactions.  *See Shepeard v. Quality Siding & Window Factory, Inc.*, 730 F. Supp. 1295, 1303 (D. Del. 1990) (discussing analogous TILA provision).  But that concern vanishes when the security interest has been extinguished, as it has been when a loan has been paid in full and no longer exists.  There is simply no substantive difference between "sale or transfer" (which the R&R correctly and expressly excludes from the class) and refinancing or payoff—*all* of these events operate to terminate the original loan and security interest, removing the threat that borrowers could lose their homes.   The result should be the same – none of these borrowers should have a right to rescind.

## CONCLUSION

For all of the foregoing reasons, the Report and Recommendation should be clarified to explicitly state that borrowers whose loans have been refinanced or whose loans have been paid off are not in the class as defined.

Respectfully Submitted,

FIRST HORIZON HOME LOAN CORPORATION,

By its attorneys,

/s/ Julie M. Wade_____
U. Gwyn Williams (BBO # 565181)
Julie M. Wade (BBO # 653902)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Thomas M. Hefferon (BBO # 548289)
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
(202) 346-4000

9

Dated: November 28, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The undersigned certifies pursuant to Local Rule 7.1(A)(2) that the moving party has conferred in good faith with opposing counsel on the matter set forth herein.

                                         /s/ Julie M. Wade_____
                                         Julie M. Wade (BBO # 653902)

LIBA/1650602.2