IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA, ) | |
| GLENROY A. DEANE, ) | |
| ILENE WILGOREN-DEANE, ) | |
| CHRISTOPHER J. LILLIE; and ) | |
| LAURIE A. LILLIE; ) | |
| ) | |
| Plaintiffs, ) | 04-10370-RCL |
| ) | |
| v. ) | |
| ) | |
| FIRST HORIZON HOME LOAN ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO CLARIFY THE REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully submit this response to defendant's motion to clarify the report and recommendation ("R&R") on plaintiffs' motion for class certification.

**I.     INTRODUCTION**

On November 10, 2005, this Court issued a Report and Recommendation ("R&R") on Plaintiffs' Motion for Class Certification. The Court allowed in part and denied in part, Plaintiffs' Motion and recommended that the following class be certified:

> All natural persons who obtained non-purchase money loans from First Horizon Loan Corporation on or after April 1, 2003 and who received a Notice of Right to Cancel in the form represented by Exhibit D to the Amended Complaint where: (1) the loans were secured by the borrower's Massachusetts residence; (2) the loan was for purposes other than the initial construction or acquisition of the residence; and (3) all or part of the loan proceeds were used to refinance a loan made by someone other than First Horizon Home Loan Corporation, which prior loan was secured by an interest in the Massachusetts residence.
>
> The class shall not include any person whose legal right to rescind has been

1

> extinguished for any reason, including by written waiver of the right to rescind, the sale or transfer of all ownership interests in the property that served as security for the loan transaction, or by foreclosure, personal bankruptcy, or other loan workout settlement.

First Horizon seeks clarification of who in particular is excluded from the class. Plaintiffs submit that those who refinanced or paid off their loans should be included in the class definition.

## II.     REFINANCED OR A PAID OFF LOANS SHOULD BE IN THE CLASS

### A.     Under Federal Law, Refinancing Does Not Terminate the Right to Rescind

Plaintiffs request that clarification be made on the R&R to include loans that were refinanced or paid off *before and after* this lawsuit was filed. This Court specifically held that the class shall not include those persons whose *legal right to rescind* has been extinguished. (emphasis added) The TILA and MCCCDA provisions governing rescission lists numerous events which cut off unexpired rescission rights, and those events do not include the payoff of the loan. 12 C.F.R. §226.23; *McIntosh v. Irwin Union Bank & Trust Co.*, 215 F.R.D. 26, 31 (D.Mass. 2003); *Abele v. Mid-Penn Consumer Discount*, 77 B.R. 460, 467 (E.D.Pa. 1987), *aff'd*, 845 F.2d 1009 (3d Cir. 1988); *Mayfield v. Vanguard Savings & Loan Ass'n*, 710 F.Supp. 143 (E.D.Pa. 1989); *In re Steinbrecher*, 110 B.R. 155, 165 (Bankr.E.D.Pa. 1990); Rohner, *The Law of Truth in Lending*, ¶8.03(2)(a) n. 164.2 (1988 Supp.). Rescission entitles the borrower to a refund of all interest and finance charges. A borrower who has paid off the loan has paid both interest and the initial finance charges, and the payoff of the loan does not eliminate his right to a refund. *Id.*

> Conspicuously absent from that list [12 C.F.R. § 226.23(a)(3)] is payment of the loan. It might make sense to read loan payment into the list if elimination of the security interest were the only effect of rescission. But it is not. According to the

>statute, a lender served with a notice of rescission must, in addition to voiding the security interest, return any money or property the consumer has given to it. 15 U.S.C. § 1635(b). Because there is no statutory basis for concluding that loan payment terminates a consumer's right to rescind, Equicredit's motion to dismiss the claim to rescind the first Vanzant loan is denied.

*Pulphus v. Sullivan*, 2003 U.S. Dist. LEXIS 7080, at *52-53 (N.D. Ill. 2003)

Ignoring the holdings of a majority of cases, First Horizon cites cases, one unpublished, in which courts have summarily and conclusively held that a consumer is not entitled to rescind a loan previously paid off. *Mijo v. Avco Financial Services of Hawaii, Inc.*, 937 F.2d 613 (9th Cir. 1991) (unpublished); *King v. California*, 784 F.2d 910 (9th Cir. 1986); *Coleman v. Equicredit*, 2002 U.S. Dist. LEXIS 969 (N.D. Ill. 2002); and *Jenkins v. Mercantile Mortgage Corp.*, 231 F.Supp.2d 737 (N.D. Ill. 2002). In each of these cases, the courts assume without analysis of or reference to TILA (or the MCCCDA) that a consumer cannot rescind a loan which has already been paid off. These courts simply ignore the fact that rescission does not just void the security interest in the mortgage, but it also entitles the borrower to a refund of all finance charges. There is no reason that paying off a mortgage should deprive the consumer of the right to that refund, even if the security interest has already been eliminated.

It is clear that the decisions First Horizon relies upon are at odds with TILA (and MCCCDA's) remedial provisions insofar as consumers are given up to either 3 (or 4 years under MCCCDA) to rescind their loans if the material disclosures are not made. The fact that a particular loan was not within the statutory time period provides the *only* legal basis for excluding paid off or refinanced loans in this class. The purpose of MCCCDA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." *Id*. at 736.

3

(quoting § 1601(a) of TILA) That purpose is not extinguished simply because the loan is paid off or refinanced.

In *Duren v. First Government Mortgage and Investors Corp.*, 2000 U.S. App. LEXIS 15469, at *7 (D.D.C. 2000)(unpublished), the Court distinguished *King* and held that rescission is still available to those who have refinanced their loans. Additionally, in *Payton v. New Century Mortgage Corp.*, 2003 U.S. Dist. LEXIS 18366 (N.D. Ill. 2003); *In re Wright*, 127 B.R. 766, 770 (Bankr. E.D.Pa. 1991); *Nichols v. Mid-Penn Consumer Discount Co.*, 1989 U.S. Dist. LEXIS 4796 (E.D. Pa. 1989) and *Pulphus v. Sullivan*, 2003 U.S. Dist. LEXIS 7080 (N.D. Ill. 2003), the Courts permitted recision even though the loans at issue had been extinguished.

*McIntosh v. Irwin Union Bank and Trust, Co.*, 215 F.R.D. 26 (D.Mass. 2003), post-dates *Shepard* (discussed below) and offers compelling reasons to include persons who have refinanced or paid off their loans as class members. The *McIntosh* Court found "a serious flaw in King's approach [because] the implementing regulations of TILA never state that paying off a loan in full cuts off unexpired rescission rights." *Id*. at 31. The Court further stated "some of the cases that do apply King are nonetheless distinguishable in relevant respects from the claim presented here by the McIntoshes." *Id*.

First Horizon's arguments attempting to distinguish *McIntosh v. Irwin Union Bank and Trust Co.*, 215 F.R.D. 26 (D.Mass. 2003), are equally unavailing. First Horizon has offered no good reason that *McIntosh* should be limited to its facts. The *McIntosh* Court specifically addressed the issue of whether paying off a loan extinguishes rescission rights and in holding, specifically relied on 12 C.F.R. § 226.23(a)(3) which does "not include the payment in full of the loan" as an event that terminates ones right of rescission. *Id*. at 31. The Plaintiffs in

4

*McIntosh,* already refinanced their loan prior to rescinding and filing suit. The *McIntosh* Plaintiffs also had actual damages because they had paid a prepayment penalty when they refinanced their loan. The *McIntosh* Plaintiffs also paid interest and finance charges on their loan. Those actual damages were not fully reimbursed, similar to the Plaintiffs in this case, and unlike the plaintiffs in *Coleman*.

      B.     **Massachusetts Law Is No Different**

First Horizon relies on *Shepard v. Fin. Assocs. of Auburn, Inc.*, 316 N.E.2d 597 (Mass. 1974), and highlights the fact that *McIntosh* was interpreting TILA and not the MCCCDA. However, federal law is still controlling because (1) "No exemptions granted under this section shall extend to the civil liability provisions of sections [1640] and [1641] of the Act," 12 C.F.R. 226.29(b)(1), and (2) state exemptions are conditioned upon state law being similar to and affording no less protection than federal law. 15 U.S.C. § 1633; 15 U.S.C. § 1666j(b); 12 C.F.R. 226.29(a). Therefore, while ordinarily state courts determine what state statutes mean, here the remedial provision at issue is federal. Thus, the state law must afford at least as much protection as federal law to operate at all, and the rescission remedy at issue must be construed to conform with federal law.

First Horizon's reliance on *Shepard v. Fin. Assocs. of Auburn, Inc.*, 316 N.E.2d 597 (Mass. 1974) is in any event, misplaced because it is distinguishable from the case at bar. In *Shepard*, the plaintiff obtained three loans within four months from the same lender. *Id*. at 600. No payments were made on the first two loans and the third loan consolidated, discharged and superseded the earlier two loans. *Id*. The *Shepard* Court held that, "Two of the notes were discharged long before this litigation began, and without any payment ever having been made on

5

either of them. We do not believe the statute contemplated civil liability to ensue from such a transaction, whatever the defects in notice." *Id*. at 605.   This may or may not be covered under the former statute, Mass. Gen. Laws ch. 140C, and the facts presented do not support the proposition that a loan which is financed after payments are made is not rescindable under TILA and the current Massachusetts statute, Mass. Gen. Laws ch. 140D.

TILA was passed by Congress in 1968.  Pub. L. No. 90-321, 82 Stat. 146 (1968). TILA went through a series of amendments in 1970, 1974, twice in 1976 and in 1978.  In 1980, the Truth in Lending Simplification and Reform Act revised TILA.  Pub. L. No. 96-221; S. Rep. No. 73, 96th Cong., 1st Sess. (Apr. 24, 1979).  After Simplification, Massachusetts revised its own statute, which is now Mass. Gen. Laws ch. 140D.  Mass. Gen. Laws ch. 140D superseded Mass. Gen. Laws ch. 140C, the statute at issue in *Shepard v. Fin. Assocs. of Auburn, Inc.*, 316 N.E.2d 597 (Mass. 1974).  Subsequent to that amendment, in 1982 the Federal Reserve Board again granted exemptions to Massachusetts, Maine, Connecticut, Oklahoma and Wyoming.  15 U.S.C. § 1633.   That exemption is based on the premise that federal remedial law controls and that state law affords equal or greater protection than the federal law construed in *McIntosh*.

For each of these reasons, this Court should follow *McIntosh*.

## III.     THE POLICY OF THE MCCCDA SUPPORTS RESCISSION OF REFINANCED OR PAID OFF LOANS

First Horizon argues that the multi-step process involved in rescinding a loan indicates an intent to rescind only existing loans.  This view discounts the fact that a consumer who rescinded or paid off the loan also paid finance and other charges, including interest, points and closing costs.  It is apparent First Horizon's only issue with allowing refinanced or paid off loans to be included in the class is money.  The monetary impact of rescinding, which First

6

Horizon clearly loathes, is an enormous benefit to the consumer for its failure to provide material disclosures.

The only step of the rescission process that would vary as a result of a loan having been paid or refinanced would be that the consumer would not have to tender back to First Horizon any money or property it received. It is undisputed that the security interest in the property is void when a loan is rescinded. However, the creditor has not refunded all the money and property paid by the consumer - it has only tendered the principal balance to the new lender without any refund or offset of the balance to the consumer. Therefore, the rescission process of these loans would involve a simple payment to the consumer of those costs and charges already paid. If the refinanced loan is held by First Horizon, those class members would receive a credit of those costs and charges already paid.

First Horizon complains about the "windfall" borrowers would receive if those refinanced or paid off loans were entitled to rescission. This argument ignores the fact that each class member had a right to cancel. First Horizon deprived them of that right by providing inadequate disclosures. Had a compliant Notice been provided, First Horizon would not find itself in such a position, and "damages" caused by a few class members cancelling loans after receiving a compliant Notice would have been slight. Thus, any money returned to the class, through rescission of the loans, if elected, is only a return of what the class members are statutorily entitled.

Furthermore, TILA and the MCCCDA's damages are an incentive for compliance. "[A]ny violation of TILA, regardless of the technical nature of the violation, must result in a finding of liability against the lender." *Barnes v. Fleet National Bank, N.A.*, 370 F.3d

164, 171 (1st Cir. 2004).  Mass. Gen. Laws ch. 140D § 32(a)(2)(b) provides a cap of the lesser of one percent of defendant's net worth or $500,000 for class action liability.   Defendant overlooks the possibility that there is no guarantee that each class member will rescind.  In fact, the low response rates in most class actions to class notices, and the results in *Tower v. Moss*, 625 F.2d 1161 (5th Cir. 1980), strongly suggest that there is no danger of devastating result to First Horizon caused by class certification in this case.

Finally, First Horizon argues that the purpose of rescission pursuant to the MCCCDA is to save persons from foreclosure.  Plaintiffs agree.  This is the exact issue the *King* Court and First Horizon overlook in claiming that refinancing cuts off the right to rescind.  If refinancing cuts off the right to rescind, the borrower must either forfeit his rights under TILA (or the MCCCDA) or be locked into a predatory loan, which he or she may not be able to pay, resulting in foreclosure.  This is contrary to the usual policy of the law, which not only permits but requires one to mitigate damages.  *Hendricks & Assoc., Inc. v. Daewoo Corp.*, 923 F.2d 209 (1st Cir. 1991); *Stetson v. S/V Sea Cloud*, 673 F.Supp.1130 (D.Mass. 1987).

## IV.    CONCLUSION

In sum, the R&R should be clarified to include those borrowers in the class who have refinanced or paid off their loans.

                                      Respectfully submitted,

                                      s/Heather Piccirilli

                                      Heather Piccirilli

Daniel A. Edelman
Heather Piccirilli
EDELMAN, COMBS, LATTURNER

    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre, BBO No. 629056
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)

I:\case\first11.308\pleading\resp mtn to clarify.wpd

**CERTIFICATE OF SERVICE**

      I, Heather A. Piccirilli, hereby certify that on December 12, 2005, a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CLARIFY THE REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Daniel J. Pasquarello | dpasquarello@nbparis.com |
| U. Gwyn Williams | gwilliams@goodwinprocter.com |
| Julie M. Wade | jwade@goodwinprocter.com |

                                                                        s/ Heather A. Piccirilli
                                                                       Heather A. Piccirilli
                                                                       Attorney for Plaintiff
                                                                       EDELMAN, COMBS, LATTURNER
                                                                            & GOODWIN, LLC
                                                                       120 S. LaSalle Street, 18th Floor
                                                                       Chicago, IL 60603
                                                                       (312) 739-4200
                                                                       (312) 917-0379 (FAX)
                                                                       hpiccirilli@edcombs.com