UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
RALPH G. MCKENNA,                           )
GLENROY A. DEANE,                           )
ILENE WILGOREN-DEANE,                       )
CHRISTOPHER J. LILLIE, and                  )
LAURA A. LILLIE,                            )
                    Plaintiffs,             )
                                            )   Civil Action No. 04-10370 (RCL)
     v.                                     )
                                            )
FIRST HORIZON HOME LOAN                     )
CORPORATION,                                )
                    Defendant.              )
_____)

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY

Defendant First Horizon Home Loan Corporation ("First Horizon") submits this short Reply Brief to address two new issues raised in Plaintiffs' Response to Defendant's Motion to Clarify the Report and Recommendation on Plaintiffs' Motion for Class Certification ("Response").

First, contrary to their position maintained throughout this litigation, Plaintiffs now claim that Massachusetts law does not apply to rescission claims. They are wrong, as the Magistrate Judge and the First Circuit have ruled, and as the statute and regulations confirm.

Second, Plaintiffs raise new policy arguments to support their position. These new positions are contrary to the law and purpose of TILA and MCCCDA and do not warrant expanding the class to allow former borrowers who refinanced to rescind those defunct loans.

I. **Massachusetts Law Controls, and Prohibits Rescission of Refinanced Loans.**

Until Plaintiffs' Response, Plaintiffs consistently have agreed that Massachusetts law governs the rights of class members in this case. *See* Report and Recommendation on Plaintiffs' Motion for Class Certification at 11-12. Indeed, Plaintiffs tried to evade the obvious impact of a nationwide certification by limiting the case to Massachusetts borrowers.

Plaintiffs belatedly realize that, under Massachusetts' version of TILA, borrowers who paid off their loans by refinancing have no claim. *See Shepard v. Finances Assoc. of Auburn, Inc.*, 316 N.E.2d, 597, 605 (Mass. 1974). In the face of this unfavorable Massachusetts law, Plaintiffs argue that Massachusetts law applies only when it is favorable to the borrower, and that federal law must apply when state law favors the lender. (Response at 5) This novel position is unprecedented and wrong.

As this Court may know, TILA permits the Federal Reserve to exempt states from portions of TILA if the state has a statute that codifies requirements "substantially similar" to TILA's requirements. 15 U.S.C. § 1633. Massachusetts is one of only five states that has been granted such an exemption by the Federal Reserve. *See* 12 C.F.R. Pt. 226, Supp. 1. Where an exemption has been granted, the exempt state's law controls. *Belini v. Washington Mutual Bank, FA,* 412 F.3d 17, 20 (1st 2005).

Plaintiffs first argue that Massachusetts law does not apply to their claims because state law would create an impermissible exemption of civil liability. (Response at 5) But the TILA regulation containing restrictions on exemptions, 12 C.F.R. 226.29, only precludes exemptions from damages liability under 15 U.S.C. §§ 1640 and 1641. The TILA right to rescind, in

2

contrast, arises under 15 U.S.C. § 1635.[1] Plaintiffs here are seeking a declaratory judgment about the right of class members to rescind. Thus, TILA's limit on exempting civil liability claims arising under § 1640 is irrelevant.

Plaintiffs next claim a state's exemption cannot apply when, as interpreted by a court, the state law has the effect (in their view) of being in any way less favorable than TILA. This argument mischaracterizes the exemption. What the federal statute actually says is:

> The Board shall by regulation exempt from the requirements of this part any class of credit transactions within any State if it determines that under the law of that State that class of transactions is subject to <u>requirements substantially similar</u> to those imposed under this part, and that there is adequate provision for enforcement.

15 U.S.C. § 1633 (emphasis added); *see also* 12 C.F.R. § 226.29 (TILA exemption permitted when "state law is substantially similar to federal law"); *Belini*, 412 F.3d at 28.[2] With respect to the remedy of rescission, the requirements of the MCCCDA, including the triggering events for rescission, are nearly identical to TILA's requirements. *Compare* 15 U.S.C. § 1635 *with* Mass. Gen. Law. 140D § 10; *compare* 12 C.F.R. § 226.23(a)(3) *with* Mass. Reg. Code tit. 209 § 32.23(1)(c). The exception is thus satisfied, and cannot be brushed away.

Plaintiffs' contention that the *Shepard* case means that the exemption does not apply to the class falters for two other reasons. First, Plaintiffs confuse rights with remedies. The TILA exemption applies so long as the "requirements" of the laws are similar; there is no mandate in

---

[1] In *Belini*, the First Circuit explained that the right to rescind is an independent remedy under § 1635, and, with respect to rescission, § 1640 is only relevant when a borrower has exercised his right to rescind and the lender has not responded properly to the borrower's notice of rescission. 412 F.3d at 24-25. That is not this case.

[2] The TILA regulation, 12 C.F.R. § 226.29, has a special rule applicable to exemptions from Chapter 4 of TILA, but this rule is not relevant in this case because chapter 4 applies to credit billing, not to mortgage loans.

TILA that the remedies be identical. So, even if the remedies are not identical[3], that fact does not bar the exemption from having its intended effect.

Second, the assertion that the MCCCDA does not apply to these Massachusetts borrowers is an impermissible collateral attack on the Federal Reserve's administrative exemption determination. Plaintiffs offer no argument as to why that determination was not a reasonable one, subject to deference in this Court. *See Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). At a minimum, this Court cannot ignore the exemption – and apply TILA – without finding that the Federal Research unreasonably applied the law.

Frankly, the concept that the MCCCDA became substantially dissimilar to TILA just because of a court decision, particularly one that is in accord with a number of federal courts, is an assertion without precedent. Congress' decision to exempt TILA from applying in some states certainly must have contemplated that the courts of those states would then be free to interpret the law. At the most, Congress protected against improper results by giving the Federal Reserve power over the exemption. That the exact opposite occurred here—in the face of *Shepard*, the Federal Reserve granted the exemption to Massachusetts in 1982—only underscores the fact that neither Congress nor the Federal Reserve contemplated the result Plaintiffs seek here. Notably, the Federal Reserve renewed Massachusetts' exemption <u>after</u> *Shepard* was decided. This evidences the Federal Reserve's acceptance of *Shepard,* and the clear rule in Massachusetts that rescission is not permitted for refinanced loans.

---

[3] *Rodrigues v. Members Mortgage Co.*, 226 F.R. D. 147 (D. Mass. 2005) does not decide that the rescission remedy is available under TILA to borrowers who have refinanced. The federal case law is split on that point. *Compare King v. California*, 784 F.2d 910, 913 (9th Cir. 1986); *Mijo v. Avco Fin. Servs. of Haw.*, No. 90-16688, 1991 WL 126660 at *1 (9th Cir. 1991); *Coleman v. Equicredit Corp. of Am.*, No. 01C2130, 2002 WL 88750 (N.D. Ill. Jan. 22, 2002); *Jenkins v. Mercantile Mortgage Corp.*, 231 F. Supp. 2d 737, 745-46 (N.D. Ill. 2002) *with McIntosh v. Irwin Union Bank and Trust, Co*, 215 F.R.D. 26 (D. Mass. 2003).

4

**II.    <u>Permitting Rescission of Refinanced Loans Thwarts the Policy and Logic of TILA.</u>**

Nearly 25 years ago, Congress decided that the right to rescind is extinguished when a loan is closed due to the sale of the property. *See* Revised Regulation Z, 46 Fed. Reg. 20848, 20871 (1981). It said nothing one way or the other about refinanced loans, but there is no legal or practical difference between a loan closed due to refinance or due to sale of the property. In both instances, the security interest is extinguished, and the lender and borrower no longer have any contractual rights or obligations to each other. And, in both instances, there simply is nothing left to rescind. Congress may not have specifically identified refinancing as extinguishing the right to rescind because the widespread popularity of refinancing is a relatively new phenomenon.[4] Nonetheless, in both instances, the loan is closed, and the overriding policy concerns for not permitting rescission of closed loans remain the same. *See* Motion to Clarify at 6-9 (outlining policy arguments).

Plaintiffs argue that allowing rescission of refinanced loans is necessary to encourage compliance with TILA and MCCCDA disclosure requirements. Untrue. Permitting refinanced loans to be rescinded offers lenders no increased incentive for compliance beyond those already existing. The right to rescind open loans provide more than adequate incentive to the lender to comply with the technical requirements of MCCCDA. And, as to refinanced loans, actual or statutory damages are still available. Rather than creating an increased incentive for compliance, a policy of allowing rescission of refinanced loans instead offers a windfall to the borrower that conflicts with Congress' attempt, in the rescission remedy itself, to strike a balance between creating an incentive for compliance and avoiding crippling liability.[5]

---

[4]  As one commentator noted, "a mortgage refinancing industry that barely existed 15 years ago exploded into one of the fastest growing sectors of the financial services industry." Benjamin Wallace-Wells, "There Goes the Neighborhood," *Washington Monthly* (April 2004).

[5]  *See* Defendant's Motion to Clarify at 8; Defendant's Opposition to Class Certification at 5-6.

5

Plaintiffs' argument ultimately falls on the faulty premise they have erected – that Congress intended for every borrower of every loan to always retain every TILA right in all respects once the loan is closed.  Congress did just the opposite, by prohibiting rescission after sale of the property, by short limitations rules, and in other ways.  Under the MCCCDA, no borrower with a valid claim of rescission is locked into a loan, but once a borrower ceases to be a borrower, he cannot rescind.  This rule is logical, reasonable, and should be entered by clarifying the class definition.

        Respectfully Submitted,

        FIRST HORIZON HOME LOAN CORPORATION,

        By its attorneys,

        /s/Julie M. Wade

        _____
U. Gwyn Williams (BBO # 565181)
Julie M. Wade (BBO # 653902)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Thomas M. Hefferon (BBO # 548289)
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
(202) 346-4000

Date: December 21, 2005

LIBA/1656131.3