UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA, ) | |
| GLENROY A. DEANE, ) | |
| ILENE WILGOREN-DEANE, ) | |
| and LAURA A. LILLIE, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| v. ) | NO. 04-10370-RCL |
| ) | |
| FIRST HORIZON HOME LOAN ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO CLARIFY REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

January 6, 2006

DEIN, U.S.M.J.

## I. INTRODUCTION

In this action, plaintiffs Ralph G. McKenna, Glenroy A. Deane, Ilene Wilgoren-Deane, Christopher J. Lillie and Laurie A. Lillie claim that the defendant, First Horizon Home Loan Corporation ("First Horizon"), violated the Federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws ch. 140D ("CCCDA"), and the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, by issuing confusing and legally defective notices to customers regarding the right to rescind their mortgage loans. On November 10, 2005, this court issued a "Report and Recommendation on Plaintiffs' Motion for Class Certifi-

cation" ("R&R") (Docket No. 36) in which it recommended that the motion of plaintiffs Ralph McKenna and Laurie Lillie for class certification be allowed in part and denied in part, and that the following class be certified:

> All natural persons who obtained non-purchase money loans from First Horizon Home Loan Corporation on or after April 1, 2003 and who received a Notice of Right to Cancel in the form represented by Exhibit D to the Amended Complaint where: (1) the loans were secured by the borrower's Massachusetts residence; (2) the loan was for purposes other than the initial construction or acquisition of the residence; and (3) all or part of the loan proceeds were used to refinance a loan made by someone other than First Horizon Home Loan Corporation, which prior loan was secured by an interest in the Massachusetts residence.
>
> <u>The class shall not include any person whose legal right to rescind has been extinguished for any reason</u>, including by written waiver of the right to rescind, the sale or transfer of all ownership interests in the property that served as security for the loan transaction, or by foreclosure, personal bankruptcy, or other loan workout settlement.
>
> The declaratory judgment sought shall be a "declaration that any class member who so desires may seek to rescind their transaction."

(emphasis added).

Presently before the court is First Horizon's "Motion to Clarify the Report and Recommendation on Plaintiffs' Motion for Class Certification" (Docket No. 41). By its motion, First Horizon requests that this court clarify whether its exclusion from the class of "any person whose legal right to rescind has been extinguished for any reason" includes persons whose loans from First Horizon have been refinanced or paid off. Additionally, First Horizon argues that to the extent that the court has not made this

determination already, the R&R should be clarified to state explicitly that among those persons "whose legal right to rescind has been extinguished for any reason" are persons who refinanced or paid off the subject loan from First Horizon.

When this court issued its original R&R, it was of the belief that the situation of individual borrowers should be addressed after it was determined who, in fact, responded to the class notices. Since the issue whether refinancing or paying off a loan extinguishes the right to rescind is unsettled in this jurisdiction, the status of these borrowers as class members was not specifically addressed. In light of the request for clarification, however, this court will consider the issue.

Upon consideration of the parties' arguments, and for the reasons detailed herein, this court concludes that the refinancing or payoff of a loan does not, as a matter of law, extinguish the borrower's legal right to rescind. Therefore, First Horizon's request to clarify the R&R to exclude from the class those persons whose loans have been refinanced or paid off is DENIED. The November 10, 2005 R&R shall be amended to clarify that no person shall be excluded from the class simply because that person has refinanced or paid off the subject loan.

## II.  ANALYSIS

### State Law Interpreting the CCCDA

The proposed class members' rescission claims are governed by the Massachusetts CCCDA.[1]  See R&R at 11-12.  Section 10 of the CCCDA establishes the right to rescind a mortgage loan transaction like those at issue in this case, and requires the creditor to provide notice to customers regarding the right to rescind.  See Mass. Gen. Laws ch. 140D, § 10(a).  Section 10 also provides, in relevant part, that:

> [a]n obligor's right of rescission shall expire four years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the obligor ....

---

[1] There is no support for the plaintiffs' argument that federal law, rather than state law, controls in this instance.  The case law is clear that credit transactions within Massachusetts that are subject to the CCCDA are exempted from various provisions of TILA, including § 1635 regarding the right to rescind.  See Fidler v. Central Coop. Bank, 226 B.R. 734, 736 (D. Mass. 1998).  Accordingly, where, as here, the subject loans were secured by the borrowers' Massachusetts residences, the CCCDA, and not TILA, governs the proposed class members' rescission claims.  Id.; see also Belini v. Washington Mutual Bank, 412 F.3d 17, 26-27 (1st Cir. 2005) (because of the Massachusetts exemption, disclosure requirements and mechanics of rescission are governed by state law, not TILA); Desrosiers v. Transamerica Fin. Corp., 212 B.R. 716, 722 n.6 (D. Mass. 1997) ("a Massachusetts resident can bring a claim for damages under § 1640 of TILA, but cannot rescind a credit transaction under § 1635 of that statute; he or she can pursue that remedy only under CCCDA.").

Id. at § 10(f).[2] However, nothing in section 10 or in any other provision of the statute addresses whether the right of rescission expires upon refinancing or payoff of the subject loan.

The Massachusetts courts have not directly addressed whether a borrower's legal right to rescind under the CCCDA is extinguished when the loan is refinanced or otherwise paid off. Nevertheless, First Horizon argues that the Massachusetts Supreme Judicial Court ("SJC") conclusively decided the issue in the case of Shepard v. Fin. Assoc. of Auburn, Inc., 366 Mass. 182, 316 N.E.2d 597 (1974). This court finds that Shepard did not reach the question presented here, and is not determinative.

In Shepard, the plaintiff entered into three separate loans secured by mortgages on a home that she owned. 366 Mass. at 183, 316 N.E.2d at 598. The third loan was issued in the form of a consolidated loan, which operated to discharge the prior two loans. Id. at 187, 316 N.E.2d at 600. The plaintiff purported to rescind the transactions in a letter that was received by the defendant creditor on May 7, 1971. Id. at 189, 316 N.E.2d at 601. On that same day, the plaintiff filed her lawsuit, claiming that the loan transactions were void because "they were properly rescinded under G.L. c. 140C," the predecessor to Mass. Gen. Laws ch. 140D. Id. at 188-89, 316 N.E.2d at 601. The trial court found that

---

[2] Similarly, the regulations implementing Mass. Gen. Laws ch. 140D, § 10 provide in relevant part that "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire four years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first." 209 Code Mass. Regs. § 32.23 (2005).

the property at issue was not the plaintiff's principal residence, and that, as a result, the plaintiff was not entitled to notices under Mass. Gen. Laws ch. 140C, and could not rescind her loan. Id. at 184-85, 316 N.E.2d at 599. The SJC reversed on the grounds that the house was, in fact, the plaintiff's principal residence and that she was therefore entitled to rescission. Id.

After concluding that the property at issue was the plaintiff's principal residence, the SJC ruled that the plaintiff's May 7, 1971 rescission was effective under ch. 140C, § 8 pertaining to the right to rescind, and that the parties should be ordered to follow the statutory procedures set forth in ch. 140C, § 8(d) for effectuating the rescission of a loan transaction. Id. at 194-95, 316 N.E.2d at 604-05. However, the issue of whether the plaintiff retained a right to rescind the first two loans under § 8, although they had been discharged by the third loan, was not presented to the court and was not addressed by the court in its opinion.

The Shepard court did address whether the defendant's failure to make the required disclosures entitled the plaintiff to damages, pursuant to § 10(b), for each of the three transactions. Id. at 195, 316 N.E.2d at 605. Mass. Gen. Laws ch. 140C, § 10, which has been superseded by Mass. Gen. Laws ch. 140D, § 32 since Shepard was decided, made "the creditor liable to the customer, after any failure to make a required disclosure, in an amount equal to twice the finance charges, but neither less than $100 nor

more than $1000."³  Id.  The plaintiff in Shepard was seeking $3,000, "the maximum sum for each of the three transactions[.]"  Id.  The court ruled that "such an award would be inappropriate."  Id.  In particular, the court stated: "[t]wo of the notes were discharged long before this litigation began, and without any payment ever having been made on either of them.  We do not believe the statute contemplated civil liability to ensue from such a transaction, whatever the defects in the notice."  Id.

First Horizon argues that the court's language rejecting civil liability for the discharged notes resolves the present issue in its favor.  However, it is clear from the context of the statement that the Shepard court was construing the damages provision of the CCCDA, and not the rescission provision.  The court's reading of the statute as not contemplating civil damages liability arising out of a loan that has been discharged says nothing regarding the right to seek rescission of such a loan under the separate rescission provision of the CCCDA.  Moreover, the SJC was clearly making a case-specific ruling — under the unique facts of the case before it,⁴ which included notes which had long been discharged without any payment having been made on any of them.  The Court was not making any explicit ruling of statutory interpretation.  Because no other Massachu-

---

³ The damages provisions of the current version of the CCCDA, like Mass. Gen. Laws ch. 140C, § 10(b), make creditors that fail to provide the necessary disclosures liable to the consumer for "twice the amount of any finance charge in connection with the transaction, except that the liability under this clause shall not be less than one hundred dollars nor greater than one thousand dollars ...."  Mass. Gen. Laws ch. 140D, § 32(a)(2).

⁴ Shepard involved a unique set of facts where a mentally troubled borrower traveled around the country, and periodically called her mortgage broker and/or a lawyer because she needed money.  The money was provided by way of loans secured by the mortgages.

setts court has addressed the issue, the question of whether the right to rescind survives if the loan is refinanced or paid off remains unsettled under Massachusetts law.[5]

### Federal Law Interpreting TILA

The relevant provisions of the CCCDA § 10 regarding the right to rescind closely parallel the federal counterpart, TILA § 1635. Compare Mass. Gen. Laws ch. 140D, § 10 with 15 U.S.C. § 1635. Therefore, it is appropriate to look to federal law interpreting TILA for further guidance. See Fidler v. Cent. Coop. Bank, 226 B.R. 734, 736 (D. Mass. 1998) ("Because TILA was the model on which CCCDA was based, federal court decisions construing TILA are instructive in construing parallel provisions of CCCDA."); Desrosiers v. Transamerica Fin. Corp., 212 B.R. 716, 722 ("Because the provisions of the CCCDA parallel those of TILA, CCCDA should be construed in accordance with federal law" (internal quotations and citation omitted)); Mayo v. Key Fin. Servs., Inc., 424 Mass. 862, 864, 678 N.E.2d 1311, 1313 (1997) (since Mass. Gen. Laws ch. 140D was "closely modeled" on TILA, "Federal court decisions are instructive in construing parallel State statutes and State regulations.").

---

[5] The court also is not persuaded by First Horizon's reliance on the Massachusetts Practice Series to support its position that the right of rescission is lost when the consumer pays off the mortgage loan. See Def.'s Mem. at 4 (citing 35A Mass. Practice § 14:19 (West Supp. 2004) which states that "[i]f the consumer pays off the mortgage loan before receiving all material truth in lending disclosures from the lender, the right of rescission is lost for the obvious reason that the loan no longer exists so there is nothing to rescind."). The section of the Massachusetts Practice Series on which First Horizon relies, and which is not controlling in any event, is based on federal law rather than on state law construing the CCCDA. Moreover, it cites as support only one federal case from the Northern District of Illinois. As discussed infra, a number of federal courts have addressed the question of whether the right of rescission is extinguished when the loan is paid off, and the results are divided.

"The First Circuit has not addressed the issue of whether a borrower has a right to rescind once the mortgage has been paid off, and the case law is split on the subject." McIntosh v. Irwin Union Bank & Trust Co., 215 F.R.D. 26, 30 (D. Mass. 2003), and cases cited. Those courts that have found that the right of rescission is extinguished upon payoff have reasoned that once the loan has been paid, there is nothing left to rescind. See, e.g., Mijo v. Avco Fin. Servs. of Hawaii, Inc., No. 90-16688, 1991 WL 126660 at *1 (9th Cir. July 1, 1991) (unpublished opinion) ("When the [plaintiffs] refinanced their loan prior to attempting to rescind the loan, their right of rescission under 15 U.S.C. § 1635(f) was extinguished. Simply stated, the loan cannot be rescinded because there is nothing to rescind." (internal citation omitted)); King v. California, 784 F.2d 910, 913 (9th Cir. 1986) (refinanced loan cannot be rescinded "because there is nothing left to rescind."); Jenkins v. Mercantile Mortgage Co., 231 F. Supp. 2d 737, 745-46 (N.D. Ill. 2002) (no rescission claim where mortgage has been satisfied and no longer exists); Coleman v. Equicredit Corp. of Am., No. 01 C 2130, 2002 WL 88750 at *2 (N.D. Ill. Jan. 22, 2002) (unpublished opinion) (nothing left to rescind where plaintiffs refinanced their loan, paid off the lender, and had their mortgage released). That position has been rejected by another line of cases, including one in this district, in which the courts have determined that refinancing does not bar a suit for rescission. See, e.g., Duren v. First Gov't Mortgage & Investors Corp., 221 F.3d 195, 2000 WL 816042 at *2 (D.C. Cir. June 7, 2000) (unpublished opinion); Payton v. New Century Mortgage Co., Nos. 03 C 333, 03 C 703, 2003 WL 22349118 at *2 (N.D. Ill. Oct. 14, 2003) (relying on McIntosh analysis); McIntosh,

-9-

215 F.R.D. at 30-31; Pulphus v. Sullivan, No. 02 C 5794, 2003 WL 1964333 at *17 (Apr. 28, 2003); Wright v. Mid-Penn Consumer Discount Co., 127 B.R. 766, 770-71 (E.D. Pa. 1991).  As detailed more fully below, these courts have determined that to hold otherwise would be "at odds with TILA and its regulations."  See, e.g., Pulphus, 2003 WL 1964333 at *17; Payton, 2003 WL 22349118 at *2.  This court finds the analysis of those cases concluding that refinancing does not preclude rescission to be persuasive.  Therefore, this court declines to exclude from the recommended class those persons whose loans have been refinanced or otherwise paid off.

### The Language of TILA and its Regulations

As an initial matter, the conclusion that rescission is not barred by refinancing is supported by the language of the statute and its implementing regulations.  TILA and "the implementing regulations of TILA never state that paying off a loan in full cuts off unexpired rescission rights."  McIntosh, 215 F.R.D. at 31; Wright, 127 B.R. at 770. Instead, TILA and its regulations provide that if the material disclosures are not delivered, the customer's right to rescind shall expire three years after consummation of the loan transaction, upon the customer's transfer of all of his interest in the property in which security is taken, or upon sale of the property, whichever occurs first.  See 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).  The CCCDA and its implementing regulations are nearly identical, the only difference being that the right to rescind remains available for four years after consummation if the property is not transferred or sold first.  See Mass. Gen. Laws ch. 140D, § 10(f); 209 Code Mass. Regs. § 32.23 (2005).  "The fact that the

[statute and its] regulations set forth an enumerated list of events that cut off rescission rights – and do not include payment in full of the loan as one of those events – speaks against [First Horizon's ] argument." McIntosh, 215 F.R.D. at 31.[6]  See also Wright, 127 B.R. at 770 (relying on the language of the statute as well as "a line of cases holding that liability from TILA disclosure violations are not vitiated by a rescission of the errant loan transaction").

### The Right to Rescind After Payoff is Consistent with the Structure and Policies of the CCCDA

This court also concludes that recognizing the right to rescind after a payoff is consistent with the structure and the policies of the CCCDA, and rejects First Horizon's contention to the contrary. See Def. Mem. at 6-8. "It might make sense to read loan payment into the list [of events that extinguish the right to rescind] if elimination of the security interest were the only effect of rescission.  But it is not." Pulphus, 2003 WL

---

[6] First Horizon argues that McIntosh is distinguishable from this case because the borrowers in that case were seeking actual damages under TILA § 1640 in addition to a right to rescind pursuant to § 1635.  See Def.'s Mem. at 5-6.  However, the McIntosh court's determination that the right to rescind did not expire upon payoff of the loan was not limited to situations where the plaintiffs have asserted a claim for damages under § 1640.  The court's decision was based on two reasons.  The first was that "the implementing regulations of TILA never state that paying off a loan in full cuts off unexpired rescission rights."  McIntosh, 215 F.R.D. at 31.  The second reason was that unlike some of the cases in which the courts have found that the right to rescind expires upon payoff of the loan, the plaintiffs had not been fully reimbursed for prepayment penalties and interest charges that they had incurred.  See id.  The McIntosh court concluded that a claim for rescission remained a permissible means of attempting to recover these costs even though the plaintiffs had paid off their loan.  Id.  Thus, the plaintiffs' right to rescind following payoff of the loan was in no way dependent upon a claim for damages pursuant to 15 U.S.C. § 1640.  Here, the plaintiffs are seeking reimbursement of interest and finance charges through rescission.  See Pl.'s Mem. at 5; Def.'s Mem. at 6.  Under McIntosh, this is permissible whether or not the subject loans have been paid off.

1964333 *17 (construing TILA).  According to the CCCDA, a lender that has been served with a notice of rescission not only must terminate the security interest, but also must "return to the obligor any money or property given as earnest money, downpayment, or otherwise . . . ."  Mass. Gen. Laws ch. 140D, § 10(b).  Therefore, allowing a borrower to seek reimbursement of such money or property through rescission, even after the loan has been satisfied, is consistent with the statutory language.  See McIntosh, 215 F.R.D. at 31.

  Finally, allowing borrowers to rescind even after the loan has been paid is consistent with and furthers the purposes of the CCCDA.  The parties agree that one purpose of the rescission provision is to protect borrowers from foreclosure of their homes.  See Def.'s Mem. at 8-9; Pl.'s Mem. at 8.  First Horizon contends that this purpose is eliminated when the lender no longer has a security interest in the borrower's home, as is the case when the loan has been paid in full.  See Def.'s Mem. at 9.  However, protection from foreclosure is not the only purpose of Mass. Gen. Laws ch. 140D, § 10.  Another goal is to ensure that consumers receive certain information so that they are able to make informed choices regarding the use of credit.

  "Both TILA and CCCDA were enacted to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ."  Fidler, 226 B.R. at 736 (quotations and citations omitted).  In order to achieve this purpose, the statutes "require[] disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction."  Alicea v. Citifinancial Servs., Inc., 210 F. Supp. 2d 4, 6 (D. Mass.

2002) (quoting Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1070 (7th Cir. 2001)). Thus, both TILA and the CCCDA "require[] creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Id. (quoting Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 1410, 140 L. Ed. 2d 566 (1998)). See also Mass. Gen. Laws ch. 140D, § 10 ("The creditor shall clearly and conspicuously disclose . . . to any obligor in a transaction subject to this section the rights of the obligor under this section."); 15 U.S.C. § 1635(a) (same). Borrowers who have been denied the requisite disclosures may rescind their loans and recover any money or property given to the creditor. See 15 U.S.C. § 1635(b) and (f); Mass. Gen. Laws ch. 140D, § 10(b) and (f).

The CCCDA "is quite clearly a consumer protection statute. As such it is to be liberally construed to effectuate its remedial purpose." Shepard, 316 Mass. at 191, 316 N.E.2d at 603. This court finds that where, as alleged in this case, a lender has not provided adequate disclosures,[7] allowing the customer to rescind the loan even after it has been satisfied is consistent with the statute's goal of providing consumers with clear and conspicuous disclosures and with the remedial purpose of enabling customers who have not received such disclosures to seek reimbursement of money and property given to the creditor.

---

[7] Nothing herein or in the original R&R addresses the merits of the plaintiffs' claims.

-13-

### III. CONCLUSION

For the reasons detailed above, First Horizon's motion for clarification is allowed to the extent that clarification is requested but otherwise DENIED.[8] This court hereby clarifies and amends its November 10, 2005 R&R to recommend that the following class be certified:

> All natural persons who obtained non-purchase money loans from First Horizon Home Loan Corporation on or after April 1, 2003 and who received a Notice of Right to Cancel in the form represented by Exhibit D to the Amended Complaint where: (1) the loans were secured by the borrower's Massachusetts residence; (2) the loan was for purposes other than the initial construction or acquisition of the residence; and (3) all or part of the loan proceeds were used to refinance a loan made by someone other than First Horizon Home Loan Corporation, which prior loan was secured by an interest in the Massachusetts residence.
>
> The class shall not include any person whose legal right to rescind has been extinguished for any reason, including by written waiver of the right to rescind, the sale or transfer of all ownership interests in the property that served as security for the loan transaction, or by foreclosure, personal bankruptcy, or other loan workout settlement.

---

[8] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

<u>However, no person shall be excluded from the class simply because that person has refinanced or paid off the subject loan.</u>

The declaratory judgment sought shall be a "declaration that any class member who so desires may seek to rescind their transaction."

                                           / s / Judith Gail Dein
                                           Judith Gail Dein
                                           United States Magistrate Judge