UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
RALPH G. MCKENNA,                           )
GLENROY A. DEANE,                           )
ILENE WILGOREN-DEANE,                       )
CHRISTOPHER J. LILLIE, and                  )
LAURA A. LILLIE,                            )
            Plaintiffs,                     )
                                            ) Civil Action No. 04-10370 (RCL)
    v.                                      )
                                            )
FIRST HORIZON HOME LOAN                     )
CORPORATION,                                )
            Defendant.                      )
_____)

**DEFENDANT FIRST HORIZON HOME LOAN CORPORATION'S
REPLY IN SUPPORT OF ITS RULE 72(a) OBJECTIONS**

Defendant First Horizon Home Loan Corporation ("First Horizon") submits this short reply brief to address several points about Plaintiffs' Response in Opposition to Defendant's Rule 72(a) Objections ("Pl. Resp.").

**I.    Plaintiffs Cannot Refute First Horizon's Statutory Construction Argument, so Instead Try to Confuse the Issue By Pointing to Irrelevant Portions of the Statute.**

The statutory construction issue in this case is simple and straightforward – where Congress has carefully employed a term in one place (here, the class action mechanism for statutory damages, *see* Mass. Gen. Laws ch. 140D §10) but excluded it in another (no similar class actions mechanism for rescission claims, *see id.* at § 32), the term should not be implied where excluded. *See Middlesex Cty. Sewerage Auth. v. Sea Clammers*, 453 U.S. 1, 14-15 (1981). Plaintiffs do not even attempt to address the statutory structure

facts that lead to this inevitable conclusion.[1]  Plaintiffs do not dispute that, by their express terms, neither TILA nor MCCCDA provide for rescission class actions or declaratory relief.  Similarly, Plaintiffs do not dispute that the structure of each law makes it plain that class action monetary liability should be limited to $500,000 for violations of the statute.  Moreover, while Plaintiffs attempt to minimize the potential liability to First Horizon, they cannot deny that a rescission class action would almost certainly result in liability <u>well in excess</u> of $500,000.  These undisputed points necessarily lead to the conclusion that the $500,000 liability limit is consistent with a purposeful omission of rescission class actions, thus proscribing the class relief sought here by Plaintiffs.

Unable to refute First Horizon's reasoning, Plaintiffs instead resort to obfuscation by raising a different – and inapposite – issue of statutory construction.  Plaintiffs confusingly claim that they should win under state law, because they would win under federal law and MCCCDA could not have excluded class action rescission claims as a state-permitted exemption from TILA.  But their premise is wrong.  TILA and MCCCDA are identical in the respect that <u>neither</u> permits rescission class actions or declaratory relief.  Congress' failure to provide expressly for rescission class actions when it amended TILA to create and limit damages class actions begins and ends the analysis – Congress' intentional and purposeful omission of rescission class actions means the proposed class cannot exist under TILA.  MCCCDA mirrors TILA in this respect, so the

---

[1] In fact, Plaintiffs point to no provision in the statute that expressly or implicitly permits rescission class actions or declaratory relief.  Rather, in the absence of statutory support, Plaintiffs point to a handful of cases to support their position.  Case law, however, is no substitute for the rules of statutory construction.  And Plaintiffs ignore an equal number of cases that prohibit rescission class actions for declaratory relief.  In the face of conflicting case law, this Court should go back to the statute itself to determine intent.

result is the same under either statute, and the issue of exemption does not factor into this analysis.

## II. **Plaintiffs Cannot Avoid the Import of the *Highsmith* Case on the Standing Analysis.**

As First Horizon argued in its Objection, Plaintiffs lack standing to seek declaratory relief on behalf of the putative class members, because Plaintiffs "merely asked this court to determine what would happen to [them] if they decided to [rescind their mortgages] at some unknown time in the future." *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 437 (7th Cir. 1994). Rather than directly addressing the relevant portions of *Highsmith*, Plaintiffs instead discuss another portion of that opinion – a portion that, as First Horizon explained in its original brief, is inapplicable here.[2]

In the relevant portion of *Highsmith*, the Seventh Circuit held a lessee lacked standing to seek declaratory relief about the possible consequences of terminating a lease because he had not actually terminated the lease. 18 F.3d at 436-37. As in *Highsmith*, putative class members here lack standing to seek a rescission class action because they have not attempted to rescind their loans or even expressed an intent to do so, and thus have suffered no injury.

Although Plaintiffs failed to address this point, several courts have addressed it and agreed with *Highsmith*. *See, e.g. Miller v. Nissan Motor Acceptance Corp.*, 362 F.2d

---

[2]   Plaintiffs also attempt to avoid *Highsmith* by making procedural excuses. Specifically, Plaintiffs note *Highsmith* was an appeal of a ruling on a motion to dismiss, and therefore, addressed the sufficiency of the complaint, whereas here, for class certification purposes, the Court may not decide the merits of the claims. (Pl. Resp. at 11-12) However, Plaintiffs misapprehend that determining that a potential class member lacks standing because she has not been harmed does not go to the merits of the claim; it simply addresses the preliminary matter of standing, namely whether a party can assert a claim that the Court can decide. Thus, to the extent Plaintiffs strain to differentiate *Highsmith* on procedural grounds, such attempts fail.

209, at 222 (3rd Cir. 2004) (citing *Highsmith*, 18 F.3d at 437, in holding plaintiffs lacked standing); *Jefferson v. Sec. Pac. Fin. Servs.*, 161 F.R.D. 63, 69 (N.D. Ill. 1995) (citing *Highsmith* for proposition that purported class members in TILA action seeking declaratory judgment that class had right to rescind lacked standing because there were no allegations that purported class members attempted to rescind); *Universal Mfg. Co. v. Gardner, Carton & Douglas,*, 207 F. Supp. 2d 830, 835 (N.D. Ill. 2002) (citing *Highsmith* for proposition that plaintiffs seeking declaratory judgment must allege they sustained or are in immediate danger of a direct injury, not simply a "hypothetical" harm).

### III. **Plaintiffs Misstate First Horizon's Arguments About the Inequity of Certifying the Proposed Class.**

In its objections, First Horizon argued that the disproportionate liability created by a rescission class action conflicts with the language and purpose of MCCCDA, and certification of a class encompassing nearly $200 million of liability over a technicality would be inappropriate. Plaintiffs' response is scattershot, and ultimately ineffective.

First, Plaintiffs imply that the argument is improper because First Horizon is simply whining about liability. Not so. First Horizon does not contend that there is <u>no</u> liability for technical statutory violations such as that alleged in this case. If plaintiffs are able to prove a violation of MCCCDA's disclosure requirements, they may be entitled to remedies under the statute – a class action for damages, an individual rescission claim, and attorneys' fees. But what they are not entitled to are remedies far in excess of those permitted by the statute.

Second, Plaintiffs try to deflect the equitable concerns by exaggerating the impact of the violation they allege. This is a <u>technical</u> error. It is undisputed that First Horizon

4

provided Plaintiffs with notice of the right to rescind; Plaintiffs allege only that the form of the notice was not compliant with MCCCDA's technical requirements. While such a technical violation may be enough to create liability (up to the statutory cap of $500,000 or 1% of the net worth, whichever is less) under MCCCDA, it is not the "equivalent to forcing a waiver of a borrower's rights." (Pl. Resp. at 12). This fact is made more apparent by Plaintiffs' own deposition testimony here – each of the named Plaintiffs signed and received the rescission notice, understood they had a right to rescind, chose not to read the notice, and yet made no attempt to rescind.

Plaintiffs seek to minimize the harm to First Horizon, claiming that the potential liability to First Horizon is equitable because it is "less than 10% of its net worth." (Pl. Resp. at 14). This is an enormous sum. Plaintiffs' cavalier disregard for First Horizon's well-being is telling. And it is inconsistent with the statute's liability limit of $500,000 or 1% of net worth, whichever is less.

Of most concern, Plaintiffs endeavor to create the impression that without certification of a rescission class action, Plaintiffs will be left without a remedy. But, as Plaintiffs well know, that is not the case. In their briefing to this Court, Plaintiffs have been noticeably silent about the fact that they also seek a class action to recover statutory damages of up to $500,000. *See* Amended Complaint, Count I, Prayer for Relief. First Horizon is not challenging Plaintiffs' right to seek a class action for statutory damages as contemplated by MCCCDA, but the amount of statutory damages provided by MCCCDA does not seem to satisfy Plaintiffs' appetite for liability. Moreover, those Plaintiffs who actually intend to rescind their mortgages and collect their finance charges can find their way to the court house through individual rescission suits, as many plaintiffs represented

5

by Class Counsel have already done. In this case, however, where a rescission class action is used as a tool to circumvent MCCCDA's statutory cap on liability, the equities counsel against class certification.

### IV. McIntosh and Rodrigues

The cases of *McIntosh* and *Rodrigues*, which involved actual damages and much smaller classes, do not require certification in this case. Plaintiffs concede that the fact that the *McIntosh* plaintiffs incurred actual damages is an important distinction that may justify certification under those limited facts. In fact, Plaintiffs, for the first time in this litigation, claim they too have suffered "actual damages" of "all interest and finance charges paid." (Pl. Resp. at 16) Actual damages, however, can only be recovered if Plaintiffs prove causation, Mass. Gen. Laws ch. 140D § 32 (lender is liable for "any actual damage sustained by such a person as a result of the failure") (emphasis added), which would lead to a fact-specific, individualized inquiry for each class member, preventing class certification. Moreover, Plaintiffs testified that they did not want to rescind during the initial three-day window after closing, so they cannot prove that the allegedly confusing disclosures caused them any actual harm.

As First Horizon previously pointed out, *McIntosh* and *Rodrigues* also involved significantly smaller classes than the class proposed here, so the threat of disproportionate liability was less of a concern in those cases. Plaintiffs acknowledge that the size of the class was a material distinction in *McIntosh*, but claim that in *Rodrigues* the court was unaware of the relatively small size of the class at the time of certification. This assertion is false. Transcript of Oral Argument, at 39, in *Rodrigues v. Members Mortgage Co.,* No. 03-11301 (D. Mass. Aug. 18, 2004) (class was between 30

6

and 70 members) (note that transcript is misdated Aug. 18, 2003) (attached as Exhibit A). Thus, the court in *Rodrigues* was well aware – before issuing the certification order – of the small size of the class, which stands in stark contrast to the enormous class proposed here.

## CONCLUSION

For the foregoing reasons, and the reasons set forth by First Horizon previously in its Rule 72 Objections, class certification should be denied.

Respectfully Submitted,

FIRST HORIZON HOME LOAN CORPORATION,

By its attorneys,

/s/U. Gwyn Williams
U. Gwyn Williams (BBO # 565181)
Julie M. Wade (BBO # 653902)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Thomas M. Hefferon (BBO # 548289)
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
(202) 346-4000

Date: February 13, 2006

LIBA/1674051.2

7

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 13, 2006.

                                          /s/ U. Gwyn Williams
                                          U. Gwyn Williams