# EXHIBIT A

**EXCERPT**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| RAUL RODRIGUES, ET AL : | Civil Action |
|         Plaintiff : | No. 03-11301-PBS |
| : | |
| v. : | Courtroom No. 13 |
| : | 1 Courthouse Way |
| MEMBERS MORTGAGE COMPANY, : | Boston, MA 02210-3002 |
| INCORPORATED, ET AL, : | 2:00 p.m., Wednesday |
|         Defendant : | August 18, 2003 |

---

Motion Hearing

Before:   THE HONORABLE PATTI B. SARIS,
          UNITED STATES DISTRICT JUDGE

APPEARANCES:

Christopher M. Lefebvre, Esq. and Nevil Bedford, Esq.,
   P. O. Box 479, Pawtucket, Rhode Island 02862
   on behalf of the Plaintiffs.

Goodwin Procter LLP, (by U. Gwyn Williams, Esq. and
   Daniel J. Pasquarello, Esq.),
   Exchange Place, Boston, MA 02109,
   on behalf of the Defendant, Plymouth Savings Bank.

Robin Stein, Esquire,
   271 Main Street, Suite 202, Stoneham, MA 02180,
   on behalf of the Defendant, Members Mortgage Company.

Marie L. Cloonan
Official Court Reporter
1 Courthouse Way - Suite 5209
Boston, MA 02210-3002 - (617)439-7086
Mechanical Steno - Transcript by Computer

1  already over. And, I'm just looking at Rhode Island.
2      MS. WILLIAMS: Yeah.
3      THE COURT: On the H8-H9, unless another
4  Massachusetts plaintiff --
5      MS. WILLIAMS: -- comes out of the woodworks.
6      THE COURT: I can't imagine how, but somehow
7  emerges as an appropriate class representative. How many
8  people are just Rhode Island, loans over, no rescision?
9      MS. WILLIAMS: During this time frame that we're
10 talking about here?
11     THE COURT: Yes, the --
12     MS. WILLIAMS: Somewhere between 30 and 70.
13     THE COURT: All right.
14     Now, if we were to add Massachusetts?
15     MS. WILLIAMS: That would be a couple of hundred.
16 So, then, you'd be at a point where -- and let me also say
17 on this point --
18     THE COURT: If it were 30 to 70, would you be
19 challenging the numerosity?
20     MS. WILLIAMS: Yes. What I was just going to say.
21     THE COURT: Yeah.
22     MS. WILLIAMS: When we stipulated with Mr. Lefebvre
23 that we wouldn't challenge the numerosity, that was before
24 you issued your ruling and before Mr. Lefebvre had limited
25 his class down to a particular time frame. So, at the time,

1  we thought we were dealing with a three or maybe four
2  depending on if Mass., your class that involved Rhode Island
3  and Massachu -- you know, sort of everybody in the universe.
4  And, at that point, it wasn't -- that would potentially be,
5  you know, in the low thousands, a thousand to 2,000. But,
6  it's somewhere low four figures.
7        And, since Plymouth can't actually determine who's
8  in a class or who's out of a class by pushing computer
9  buttons, you'd actually have to have somebody go pull every
10 single file and look at it. You know, we weren't going to
11 argue about is it 1,200 or 1,500 or something at that point.
12       So, that's why we stipulated. If we're down to a
13 Rhode Island class and it's only active loans, we would
14 definitely be contesting numerosity. I don't think it makes
15 sense for your Honor to invest time and resources in
16 managing a class when --
17       THE COURT: Thirty separate plaintiffs all filing a
18 suit? I don't know. I don't know. Let me put it this way,
19 on 70, I would certify. On 30, it's borderline.
20       MS. WILLIAMS: And for that matter they wouldn't
21 need to file a suit because they could wait to see what
22 happens in this case. And, if Mr. Lefebvre's clients are
23 successful, you know --
24       THE COURT: Can I do this? If it's just between 30
25 and 70, if you really want to supplement, count. Because,

1   70 is definitely -- it's numerosity, in my opinion.  Thirty,
2   I'd think about.
3          MS. WILLIAMS:  How do you feel about 50?
4          (Laughter.)
5          THE COURT:  It's like a law school exam.  I don't
6   know.  I'd have to look at the law.
7          MS. WILLIAMS:  Is it more than ten?  Is it more
8   than 20?
9          THE COURT:  I'd have to look at the law.  I just
10  don't know.  But, I'd think about it.  Seventy is definitely
11  enough.  So, it's, you know -- I'd sort of -- if you're
12  really serious about pressing it, you may want to count.
13         MS. WILLIAMS:  Yes.  And, we'll do that if there --
14  can you give me a time frame when you --
15         THE COURT:  Let me ask you this.  Do you have some
16  Massachusetts person in your back pocket?
17         MR. LEFEBVRE:  No, Judge, I -- I don't have someone
18  sitting in the wings waiting to -- and I don't say that
19  disrespectfully.  But, to answer to your question no, I
20  don't have a Mass. plaintiff.  But, I'm not so sure that I
21  agree.  I do agree that it is a legal issue that your Honor
22  has to decide.
23         The class as proposed, there's no restriction that
24  it's just a Rhode Island class.  I think -- there's
25  an argument on the statutory damage claim that Ms. Williams

1   raises about a potential conflict because, in light of your
2   Honor's ruling --
3           THE COURT: One group will get the statute for
4   damages --
5           MR. LEFEBVRE: Right.
6           THE COURT: -- and one group won't.
7           MR. LEFEBVRE: But, I don't think that that per se
8   raises any type of conflict. And, even though Massachusetts
9   -- I mean, we're talking about just Massachusetts having the
10  right to opt out under the TILA statute. But, as the
11  statute provides, the Massachusetts relief has to be
12  identical, and it is. As a matter of fact, it's got to be
13  at least as good as federal law. In this case,
14  Massachusetts is better because you have four years plus the
15  four-year statutory damage period.
16          So, there is an issue that, if your Honor were to
17  certify, we don't see any problem that in this scenario --
18  and, I'm not suggesting this as a broad principle to adopt
19  -- that since the federal TILA statute and what I would
20  characterize as the Massachusetts counterpart are identical
21  but for the four-year period and the statutory damages
22  period that a subclass could be carved out which would --
23          THE COURT: Oh, absolutely. The only -- I would
24  definitely carve out a subclass. The only issue is whether
25  these people are -- I hadn't thought about it before.