UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                    )
RALPH G. MCKENNA,                              )
GLENROY A. DEANE,                               )
ILENE WILGOREN-DEANE,                     )
CHRISTOPHER J. LILLIE, and                  )
LAURA A. LILLIE,                                      )
               Plaintiffs,                                  )
                                                                    )   Civil Action No. 04-10370 (RCL)
    v.                                                           )
                                                                    )
FIRST HORIZON HOME LOAN              )
CORPORATION                                          )
               Defendant.                                 )
_____)

**FIRST HORIZON'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
RULE 72(a) OBJECTION TO THE REPORT AND RECOMMENDATION**

Defendant First Horizon Home Loan Corporation ("First Horizon") submits this supplemental memorandum in support of its Rule 72(a) Objections to the Report and Recommendations on Plaintiffs' Motion for Class Certification and on Defendant's Motion for Clarification, in order to provide newly-acquired information to the Court that was not available when First Horizon filed its Objection.

Since submitting its Objection on January 23, 2006 and receiving Plaintiffs' Response on February 6, 2006, First Horizon has obtained a copy of another, virtually identical lawsuit against First Horizon brought by Plaintiffs' counsel (attached hereto as Exhibit A). That case – *DeFrancesco v. First Horizon Home Loan Corp.,* No. 06-58-DRH – was filed on January 24, 2006 in the United States District Court for the Southern District of Illinois. The case involves identical claims concerning the exact same form at issue in the *McKenna* case, and seeks to certify a class consisting of all borrowers whose loans were secured by their Illinois or Indiana residences.

The filing of this complaint strengthens First Horizon's arguments against class certification. When the *McKenna* complaint was first filed, Plaintiffs sought to represent a nationwide class. During the class certification briefing process, Plaintiffs later conceded that they only sought to certify a class of Massachusetts residents. Plaintiffs argued that, by limiting the class to Massachusetts residents, the potential liability in this case was not "catastrophic" when compared to First Horizon's net worth. Response at 12-13. But by now filing an identical suit in a different jurisdiction, hoping to certify a class of Indiana and Illinois borrowers, Plaintiffs' actions have revealed that the risk to First Horizon from overweening nationwide liability arising from a TILA rescission class is still present in this case – and remains a compelling reason to deny certification.

## Conclusion

For the foregoing reasons and those set forth in First Horizon's Objection, the Court should deny class certification.

Respectfully Submitted,

FIRST HORIZON HOME LOAN CORPORATION,

By its attorneys,

/s/ Julie M. Wade
U. Gwyn Williams (BBO # 565181)
Julie M. Wade (BBO # 653902)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Thomas M. Hefferon (BBO # 548289)
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
(202) 346-4000

Dated: February 21, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2006.

/s/ Julie M. Wade

LIBA/1676994.1