IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA, <br> GLENROY A. DEANE, <br> ILENE WILGOREN-DEANE, <br> CHRISTOPHER J. LILLIE; and <br> LAURIE A. LILLIE; <br><br> Plaintiffs, <br><br> v. <br><br> FIRST HORIZON HOME LOAN <br> CORPORATION, <br><br> Defendant. | 04-10370-RCL |

**PLAINTIFFS' MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Ralph McKenna, Glenroy A. Deane, Ilene Wilgoren-Deane, Christopher J. Lillie and Laurie A. Lillie, respectfully request pursuant to Fed.R.Civ.P. 15, leave of this Court to file a second amended complaint, *instanter*, so that they may amend an existing class claim. In support thereof, plaintiffs state:

1. Plaintiffs originally brought this action against Defendant First Horizon Home Loan Corporation, to recover damages for violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Massachusetts counterparts of those statutes, the Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32, ("MCCCDA").

2. This Court previously certified a class of Massachusetts borrowers seeking declaratory relief arising out of alleged disclosure violations in issuing an improper Notice of

Right to Cancel. On January 29, 2007, the First Circuit Court of Appeals reversed that decision holding that class certification is not available for rescission claims (including declaratory relief claims) pursuant to TILA and the MCCCDA. <u>McKenna v. First Horizon Home Loan Corporation</u>, 475 F.3d 418, 427 (1st Cir. 2007).

3. Plaintiffs now request leave to amend their complaint to seek statutory damages as a remedy for the same violations previously alleged. A copy of the proposed second amended complaint is attached hereto as <u>Appendix A</u>.

4. Leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227 (1962). See also <u>Watson v. Deaconess Waltham Hosp.</u>, 298 F.3d 102, 109 (1st Cir. 2002); <u>Robinson v. Bodoff</u>, 382 F.Supp.2d 229, 232 (D. Mass. 2005).

5. Pursuant to Local Rule 7.1, counsel for plaintiffs has contacted counsel for the defendant regarding this motion. At this time, the parties were unable to reach a consensus.

WHEREFORE, plaintiffs respectfully request, pursuant to Fed. R. Civ. P. 15, that the Court grant them leave to file a second amended complaint, *instanter*, so that they may amend an existing class claim.

Respectfully submitted,

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200

(312) 419-0379 (FAX)

Christopher M. Lefebvre, BBO No. 629056
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on May 7, 2007, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system.

Kelly M. Trainor
ktrainor@goodwinprocter.com

U. Gwyn Williams
gwilliams@goodwinprocter.com

s/ Daniel A. Edelman
Daniel A. Edelman