IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RALPH G. MCKENNA, | ) | |
| GLENROY A. DEANE, | ) | |
| ILENE WILGOREN-DEANE, | ) | |
| CHRISTOPHER J. LILLIE; and | ) | |
| LAURIE A. LILLIE; | ) | |
| | ) | |
| Plaintiffs, | ) | 04-10370-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST HORIZON HOME LOAN | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiffs, Ralph McKenna and Laurie Lillie, respectfully request that the Court enter an order providing that this action may proceed on behalf of one class against defendant, First Horizon Home Loan Corporation. Plaintiffs file an amended motion for class certification to seek different relief on behalf of the class members.

The class consists of (a) all natural persons (b) who obtained non-purchase-money loans that were secured by their Massachusetts residences, (c) on or after April 1, 2003, (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person received a document in the form represented by Exhibit D to the Second Amended Complaint, and (f) all or part of the loan proceeds were used to refinance a loan made by someone other than First Horizon Home Loan Corporation, which prior loan was secured by an interest in the Massachusetts residence.

In support of this motion, plaintiffs state:

1

## INTRODUCTION

1. This Court had previously granted plaintiffs' motion for class certification, holding that they met all of the requirements of Rule 23. The class certified by this Court provided declaratory relief to class members. The declaratory relief sought was a declaration that the plaintiffs and the class are entitled to a continuing right to rescind, so that it may be exercised at the class member's election within the statutory time period.

2. On January 29, 2007, the First Circuit Court of Appeals reversed that decision holding that class certification is not available for rescission claims (including declaratory relief claims) pursuant to TILA and the MCCCDA. McKenna v. First Horizon Home Loan Corporation, 475 F.3d 418, 427 (1st Cir. 2007).

3. Plaintiffs now move to certify a class seeking statutory damages pursuant to 15 U.S.C. §1640(a)(2)(B) and Mass.G.L., ch. 140D, §10(g). Although most of plaintiffs' motion and supporting memorandum are greatly duplicative of what plaintiffs have previously filed, plaintiffs are submitting another motion and memorandum seeking to certify a statutory damages class so the record is clear if any further appellate review becomes necessary. The only additional issues raised in plaintiffs' motion and supporting memorandum are directed at the relief now sought on behalf of the class, statutory damages.

4. Although the relief sought in this amended motion is different, it is available as a classwide remedy for the same violation alleged, *i.e*, an inadequate, confusing Notice of Right to Cancel in the form represented by Exhibit D to the Second Amended Complaint.

5. On June 25, 2003, Mr. McKenna obtained a $244,600 mortgage loan from

First Horizon for the purpose of refinancing prior debts incurred for family, household or personal purposes. The loan was used to pay off a prior mortgage loan not made by First Horizon.

   6.  In connection with the June 25, 2003 transaction, Mr. McKenna signed or received a notice of right to cancel represented by <u>Exhibit D</u>, attached hereto.

   7.  On August 27, 2003, the Lillie plaintiffs obtained a $112,500 mortgage loan from First Horizon for the purpose of refinancing debts incurred for personal, family or household purposes.[1] Most of the loan was used to pay off a prior mortgage loan not made by First Horizon.

   8.  In connection with the August 27, 2003 transaction, the Lillie plaintiffs signed or received a notice of right to cancel represented by <u>Exhibit L</u>, attached hereto.

   9.  The form of <u>Exhibit L</u> is similar to that of <u>Exhibit D</u>.

   10.  Mr. McKenna and the Lillie plaintiffs' notice of right to cancel is prepared using the wrong form. The nonstandard form is used in both (a) transactions in which First Horizon is refinancing a loan made by someone other than First Horizon and (b) transactions in which First Horizon is refinancing a prior loan made by First Horizon. <u>Exhibits D & L</u> purport to apply in both circumstances.

   11.  <u>Exhibits D & L</u> state that "For new transactions involving us, if you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you presently owe or the mortgage lien, or security

---

[1] Simultaneously, the Lillie plaintiffs also obtained a $9,600 home equity line of credit from First Horizon. This loan is not at issue in this case.

interest we already have on your home."

12. This is confusing because there is no explanation of what a "new transaction involving us" might be. A loan refinancing a mortgage loan made by a lender other than First Horizon is "a new transaction involving" First Horizon. Nevertheless, because the old transaction did not involve First Horizon, the limited right to rescind does not apply. First Horizon's form obfuscates rather than discloses the borrower's rights.

13. Exhibit D is a standard form document issued in connection with numerous transactions, as evidenced by the form numbers at the bottom of the document.

14. On information and belief, First Horizon uses the form represented by Exhibit D on transaction in which it is refinancing a loan made by someone other than First Horizon.

## CLASS CERTIFICATION REQUIREMENTS

15. Numerosity has not been contested in this case. Based on information provided by defendant in the course of briefing the previous motion for class certification, there are over 8,000 Massachusetts loans containing a form similar to Exhibit D. Thus, the numerosity requirement has been satisfied.

16. There are common issues of law and fact, which common issues predominate over any issues involving only individual class members. The principal issues are:

    (a) Whether First Horizon Home Loan Corporation had a practice of issuing the form notice of right to cancel exemplified by Exhibit D in connection with the refinancing of loans made by someone else;

    (b) Whether doing so violates TILA;

    (c) Whether doing so violates the MCCCDA.

4

17. Plaintiffs' claims are typical of those of the class members. All are based on the same facts and legal theories.

18. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the TILA and the MCCCDA. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

19. Certification of the class under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

        (1) Congress and the Massachusetts legislature specifically provided for class actions as the principal means of enforcing respectively, TILA and the MCCCDA

        (2) Most of the class members do not know about the violation.

        (3) Individual actions are not in any event economically feasible.

        (4) The violation involves a legal dispute over standard form documents.

20. In accordance with Local Rule 7.1, the undersigned has conferred with

counsel for First Horizon, who will oppose this motion.

                                               Respectfully submitted,

                                                 /s/ Heather Kolbus
                                               Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre, BBO No. 629056
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)

## **CERTIFICATE OF SERVICE**

I, Heather Kolbus, certify that on May 7, 2007, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system.

Kelly M. Trainor
ktrainor@goodwinprocter.com

U. Gwyn Williams
gwilliams@goodwinprocter.com

                                            s/ Heather Kolbus
                                            Heather Kolbus