IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA, <br> GLENROY A. DEANE, <br> ILENE WILGOREN-DEANE, <br> CHRISTOPHER J. LILLIE; and <br> LAURIE A. LILLIE; <br><br> Plaintiffs, <br><br> v. <br><br> FIRST HORIZON HOME LOAN <br> CORPORATION, <br><br> Defendant. | 04-10370-RCL |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## THEIR AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiffs Ralph McKenna and Laurie Lillie respectfully request that this Court enter an order providing that this action, brought under the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, as well as the Massachusetts counterparts of those statutes, the Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 CMR part 32 ("MCCCDA"), may proceed on behalf of a class against defendant First Horizon Home Loan Corporation ("First Horizon"). Plaintiffs submit this memorandum in support of their amended motion for class certification.

## I.   NATURE OF THE CASE

Plaintiffs allege that they received Notices of Right to Cancel from First Horizon in the form of Exhibits D and L to the second amended complaint which violate both TILA and

1

the MCCCDA . <u>Exhibits D and L</u> to the second amended complaint are forms used in both (a) transactions in which First Horizon is refinancing a loan made by someone other than First Horizon and (b) transactions in which First Horizon is refinancing a prior loan made by First Horizon. <u>Exhibits D and L</u> purport to apply in both circumstances.

<u>Exhibits D and L</u> state that "For new transactions involving us, if you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you presently owe or the mortgage lien, or security interest we already have on your home."

This is confusing and violates TILA and the MCCCDA because there is no explanation of what a "new transaction involving us" might be. A loan refinancing a mortgage loan made by a lender other than First Horizon is "a new transaction involving" First Horizon. Nevertheless, because the old transaction did not involve First Horizon, the limited right to rescind does not apply. First Horizon's form obfuscates rather than discloses the borrower's rights.

On June 25, 2003, Mr. McKenna obtained a $244,600 mortgage loan from First Horizon for the purpose of refinancing prior debts incurred for family, household or personal purposes. The loan was used to pay off a prior mortgage loan not made by First Horizon. In connection with the June 25, 2003 transaction, Mr. McKenna signed or received a notice of right to cancel represented by <u>Exhibit D</u>.

On August 27, 2003, the Lillie plaintiffs obtained a $112,500 mortgage loan from First Horizon for the purpose of refinancing debts incurred for personal, family or

2

household purposes.[1] Most of the loan was used to pay off a prior mortgage loan not made by First Horizon. In connection with the August 27, 2003 transaction, the Lillie plaintiffs signed or received a notice of right to cancel represented by Exhibit L.

The form of Exhibit L is similar to that of Exhibit D. Plaintiffs allege that each of the above-mentioned transactions violate TILA and the MCCCDA and seek statutory damages pursuant to 15 U.S.C. §1640(a)(2)(B) and Mass.G.L., ch. 140D, §32 (a)(2)(b). Plaintiffs have given notice of their election to rescind.

## II.   STANDARD FOR CLASS CERTIFICATION

In revising TILA, Congress expressly recognized the propriety of class actions under TILA by providing special damage provisions and criteria for TILA class action cases in 15 U.S.C. § 1640(a). In 1976, Congress increased the statutory damages for class actions in 15 U.S.C. § 1640. Pub. L. 94-240 (90 Stat. 257). The legislative history of the amendment clearly states:

> The chief enforcement tool will continue to be private actions for actual damages and civil penalties. Much of the testimony received in the hearings, and much of the debate in Subcommittee and Committee centered on the adequacy of the recovery ceiling for civil penalties in class actions...

Sen. R. No. 94-590, 94th Cong., 2d Sess., p. 8, 1976 USCCAN 438.

In revising 15 U.S.C. § 1640 to expressly refer to class actions, Congress recognized that "potential class action liability is an important encouragement to the voluntary compliance which is necessary to insure nationwide adherence to uniform disclosure." Bantolina v. Aloha Motors, 419 F.Supp. 1116, 1120 (D. Haw. 1976). "The possibility of class action

---

[1] Simultaneously, the Lillie plaintiffs also obtained a $9,600 home equity line of credit from First Horizon. This loan is not at issue in this case.

exposure is essential to the prophylactic intent of the Act, and is necessary to elevate truth-in-lending lawsuits from the ineffective nuisance category to the type of suit which has enough sting to insure that management will strive with diligence to achieve compliance." Id. at 1120 citing the 1972 Federal Reserve Board Annual Report on TILA).

Numerous decisions hold that TILA disclosure claims are eminently suitable for class certification, and that statutory damages are available as a remedy to class members. Belini v. Washington Mutual Bank, FA, 412 F.3d 17 (1st Cir. 2005); Adiel v. Chase Fed. S. & L. Ass'n., 810 F.2d 1051 (11th Cir. 1987); Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161 (7th Cir. 1974); Fetta v. Sears, Roebuck & Co., 77 F.R.D. 411 (D.R.I. 1977); Hughes v. Cardinal Fed. S. & L. Ass'n., 566 F.Supp. 834 (S.D. Ohio 1983); Jones v. Goodyear Tire & Rubber Co., 442 F.Supp 1157 (E.D. La. 1977); Pinkett v. Moolah Loan Co., 99 C 2700, 1999 U.S. Dist. LEXIS 17276 (N.D. Ill. Nov. 1, 1999).

## III. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

In order to maintain a class action, plaintiffs must demonstrate that they and the class they wish to represent, meet all four requirements of Fed. R. Civ. P. 23(a) and fit into one of the categories enumerated in Fed. R. Civ. P. 23(b). Mack v. Suffolk County, 191 F.R.D. 16, 19 (D. Mass. 2000). To meet the threshold requirements of Fed. R. Civ. P. 23(a), plaintiff must establish that the class has the following qualities:

> (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class').

Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997).

### A. Rule 23(a)(1) – Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . ." Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D.Ill. 1986). Where the class numbers are at least 40, joinder is generally considered impracticable. Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); Cypress v. Newport News General & Nonsectarian Hospital Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Mowbray v. Waste Management Holdings, Inc., 189 F.R.D. 184 (D.Mass. 1999) (certified class of 81); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient). It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Lit., 95 F.R.D. 321 (E.D.N.Y. 1982); Lewis v. Gross, 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986).

The Court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1995), §7.22.

In the present case, numerosity may be inferred from the fact that Exhibit D to the second amended complaint is a form document, used regularly by First Horizon. Additionally,

5

First Horizon has stipulated to numerosity in discovery responses. (Appendix A; First Horizon's Responses to Plaintiffs' Requests for Admission numbers 12, 15-24; First Horizon's Responses to Plaintiffs' Interrogatories number 4, 5; First Horizon's Responses to Plaintiffs' Requests for Production of Documents numbers 17-18) Charles Covington, director of quality control and compliance for First Horizon, agreed that "there were 500 people, [who had] residential nonpurchase money loans secured by their principal residence that had form 1047 [notice of right to cancel] in their packet subsequent to '03." (Appendix B, Covington deposition, pp. 32-33, Deposition Exhibit 3). Thus, it is clear the proposed class meets the numerosity requirement.

### B.   Rule 23(a)(2) -- Commonality

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law or fact. Complete identity of facts is not required, because "to require complete identity would unduly confine class actions to the narrowest circumstances." United States v. Rhode Island Dept. of Employment Sec., 619 F, Supp. 509, 513 (D.R.I. 1985). A common course of conduct, such as that alleged here, gives rise to common questions which make class certification appropriate. Muth v. Dechert, Price & Rhoads, 70 F.R.D. 602, 607 (E.D. Pa. 1976); In re Asbestos Sch. Litig., 104 F.R.D. 422 (E.D. Pa. 1984); Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984).

While Rule 23(a)(2) requires plaintiff to show that common questions of law or fact exist and that class members' claims are not in conflict with one another, it does not require that class members' claims be identical. Guckenberger v. Boston University, 957 F. Supp. 306, 325 (D.Mass. 1997). See also, Wilcox v. Petit, 117 F.R.D. 314, 316 (D.Maine 1987). Furthermore, an assessment of whether class members share common questions of law or fact does not require an assessment of defendant's liability for plaintiffs' claims. Lamphere v. Brown University, 553 F.2d 714, 719, n.11

(1st Cir. 1977).

In the present case, common questions of law and fact clearly predominate over any issues involving only individual class members. The central issues are: (a) whether First Horizon had a practice of issuing the form notice of right to cancel, exemplified by Exhibit D to the second amended complaint, in connection with the refinancing of loans made by someone else; (b) whether doing so violates TILA; (c) whether doing so violates the MCCCDA. The fact that all of the putative class members received the same notice of right to cancel is sufficient to satisfy this criteria. Rodrigues v. Plymouth Savings Bank, 226 F.R.D. 147, 153 (D. Mass. 2005).

The borrower need not show reliance or injury to rescind or recover statutory damages under TILA. Brown v. Marquette S. & L. Ass'n, 686 F.2d 608, 614 (7th Cir. 1982); Wright v. Tower Loan of Mississippi, 679 F.2d 436, 445 (5th Cir. 1982); In re Steinbrecher, 110 B.R. 155, 161 (Bankr. E.D.Pa. 1990); Shepeard v. Quality Siding & Window Factory, Inc., 730 F.Supp. 1295, 1299 (D.Del. 1990); In re Russell, 72 B.R. 855 (Bankr. E.D.Pa. 1987). "An objective standard is used to determine violations of the TILA, based on the representations contained in the relevant disclosure documents; it is unnecessary to inquire as to the subjective deception or misunderstanding of particular consumers." Zamrippa v. Cy's Car Sales, Inc., 674 F.2d 877, 879 (11th Cir. 1982). See also Palmer v. Champion Mortgage, 465 F.3d 24 (1st Cir. 2006); Rodrigues, 226 F.R.D. at 152; Smith v. Check-N-Go of Ill., Inc., 200 F.3d 511 (7th Cir. 1999).

The only individual issue is the identification of the affected homeowners. Since defendants are required to retain evidence of compliance with TILA, 12 C.F.R. §226.25, this should be readily ascertainable from defendants' files. For example, plaintiffs' file contains each of the documents at issue: notice of right to cancel. (Exhibit D to the second amended complaint) Similar

7

documents should be in all of the class members' files, due to the requirements of 12 C.F.R. §226.25. Moreover, Mr. Covington testified that the closing documents of all transactions "appear like .PDF files. They are basically photographs of the document, so they are not electronic in themselves. They are images." Appendix B, Covington deposition, pp. 49-50.

Defendant may claim that it is necessary to go through all of its individual loan files to identify the class members and that this task would be unduly burdensome. However, plaintiffs are able to review defendant's files at their expense to identify class members. Moreover, questions readily answerable from defendant's files do not present an obstacle to class certification. Heastie v. Community Bank, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank"); Wilkinson v. F.B.I., 99 F.R.D. 148, 157 (C.D.Cal. 1983) ("a need for individual proof of damages would not preclude class certification. `The amount of damages is invariably an individual question and does not defeat class treatment.'"); Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984) (similar); Bussie v. Allmerica Fin. Corp., 50 F.Supp. 2d 59 (D.Mass. 1999) (similar).

C.   **Rule 23(a)(3) -- Typicality**

Rule 23(a)(3) requires that the claims of the named plaintiffs be typical of the claims of the class. "The question is simply whether a named plaintiff, in presenting his case, will necessarily present the claims of the absent plaintiffs." Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D.Mass. 1988). "The named plaintiff's claims are typical of the class when the plaintiff's injuries arise from the same event, practice or course of conduct of the defendant as do the injuries which

form the basis of the class claim." Adair v. Sorenson, 134 F.R.D. 13, 17 (D.Mass. 1991) "The claims of a class representative are 'typical' when the representative's injuries arise from the same course of conduct as do the injuries that form the basis of the class claims." Fraser v. Major League Soccer, L.L.C., 180 F.R.D. 178, 181 (D.Mass. 1998). To be typical within the meaning of the rule simply requires that the claims of the named plaintiff arise from the same type of conduct which give rise to the class members' claims. Burstein v. Applied Extrusion Technologies, Inc., 153 F.R.D. 488, 491 (D.Mass. 1994).

In the instant case, typicality is inherent in the class definition. By nature of the transaction, each class members' transaction contains Exhibit D to the second amended complaint. At his deposition, Mr. Covington testified regarding the form of documents used by First Horizon and some of its document preparation vendors:

> Our system, TMO, used Exhibit 3 [notice of right to cancel], and I'm not exactly sure because I haven't really looked at it this closely under this exercise to see if Guardian's notice was the exact same, but it could be somewhat different. There could be some variations to it....Well, I guess what I'm saying is, is Guardian would have programmed into their system these documents in principal. There could be some minor format changes, but we submit the documents to them for use - - for use for our purposes.

(Appendix B, Covington deposition, pp. 53-54) Furthermore, in its responses to plaintiffs' discovery requests, First Horizon responded: "First Horizon states that it used the type of form represented by Exhibit D from approximately April 2003 until some time in 2004." (Appendix A; First Horizon's Responses to Plaintiffs' Requests for Admission number 13) Thus, First Horizon does use a similar form notice of right to cancel documents in closing transactions and typicality exists.

### D.   Rule 23(a)(4) -- Adequacy of Representation

Rule 23 also requires that the named plaintiffs provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Adair, supra, 134 F.R.D. at 18 (D.Mass. 1991); accord, Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985); Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 247 (3d Cir. 1975); In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982).

Plaintiffs Laurie Lillie and Ralph McKenna understand the obligations of a class representative, and have retained experienced counsel, as is indicated by Appendix C, which sets forth counsel from Edelman, Combs, Latturner & Goodwin, LLC's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiffs are coincident with the general interests of the class. Here, both plaintiffs and the class members seek a declaratory judgment stating that plaintiffs and the class members have a continuing right to rescind their loans and all agreements relating thereto and rescission in favor of each borrower so electing. Given the identity of claims between the plaintiffs and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiffs and those of the class.

### E.   Rule 23(b)(3) -- Common Questions of Law or Fact Predominate

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. This criterion is normally

satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. Halverson v. Convenient Food Mart, Inc., 69 F.R.D. 331 (N.D.Ill. 1974).

In this case, the "common nucleus of operative fact," Id. at 335, is the receipt of a document in the form represented by Exhibit D to the second amended complaint at the closing. Exhibit D is a standard form document is sued in connection with numerous transactions, as evidenced by Mr. Covington's testimony.

The authorities hold that cases dealing with the legality of standardized documents or conduct are generally appropriate for resolution by class action because the document or conduct is the focal point of the analysis. Halverson v. Convenient Food Mart, Inc., supra; Haroco v. American Nat'l Bank, 121 F.R.D. 664, 669 (N.D.Ill. 1988) (improper computation of interest); Kleiner v. First Nat'l Bank, 97 F.R.D. 683 (N.D.Ga. 1983) (same); Heastie v. Community Bank, 125 F.R.D. 669 (N.D.Ill. 1989) (execution of home improvement financing documents in sequence that evaded consumers' rescission rights). This is true even though the nature and amount of damages may differ among the members of the class. Heastie v. Community Bank, supra.

F.  **Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy.**

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. Eovaldi v. First Nat'l Bank, 57 F.R.D. 545 (N.D.Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. Scholes, 143 F.R.D. at 189; Hurwitz v. R.B. Jones Corp., 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best"

available method, to consider the "... inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated.

## IV.  CONCLUSION

The proposed class meets the requirements of Rules 23(a) and (b)(3). Plaintiffs respectfully request that this Court certify this action as a class action.

Respectfully submitted,

/s/ Heather Kolbus
Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre, BBO No. 629056
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATE OF SERVICE**

      I, Heather Kolbus, certify that on May 7, 2007, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system.

Kelly M. Trainor
ktrainor@goodwinprocter.com

U. Gwyn Williams
gwilliams@goodwinprocter.com

                                                  s/ Heather Kolbus
                                                  Heather Kolbus