# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RALPH G. MCKENNA, <br> GLENROY A. DEANE, <br> ILENE WILGOREN-DEANE, <br> CHRISTOPHER J. LILLIE; <br> and LAURA A. LILLIE, <br><br> Plaintiff, <br><br> v. <br><br> FIRST HORIZON HOME LOAN <br> CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 04-10370-RCL |

### DEFENDANT FIRST HORIZON HOME LOAN CORPORATION'S RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS

First Horizon Home Loan Corporation ("First Horizon") hereby submits its responses and objections to Plaintiffs' "First Request for Admissions" ("Requests"). The Responses set forth below are based on information presently available to First Horizon, and First Horizon reserves its right to supplement, amend, or correct these Responses based on information later obtained through investigation, discovery, or otherwise.

### GENERAL OBJECTIONS

A.  First Horizon objects to each Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege.

B.  First Horizon objects to each Request to the extent it seeks confidential, personal information pertaining to current or former First Horizon borrowers (other than the Plaintiffs) and/or employees.

LIBA/1411919.1

C. First Horizon objects to each Request to the extent it seeks information which is confidential or proprietary in nature, or which otherwise constitutes protected commercial, financial, competitively sensitive, and/or trade secret information and will only agree to produce such information pursuant to a mutually agreeable protective order.

D. First Horizon objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E. First Horizon objects to each Request as premature to the extent it seeks discovery that is not narrowly tailored to issues concerning whether a class may be certified in this action. First Horizon objects to discovery on issues other than those which bear on class certification at this time because such discovery is overly broad, unduly burdensome, and potentially unnecessary, depending on the outcome of the class proceedings. *See Manual for Complex Litigation, 3rd* §21.213 (Fed. Judicial Center 2003).

F. First Horizon objects to each Request as overly broad, unduly burdensome, and premature to the extent that it purports to require First Horizon to search and/or provide information from voluminous records and files pertaining to individual borrowers (other than the Plaintiffs) because no class has been certified in this action.

G. First Horizon objects to each Request to the extent it fails to describe the request for admission with reasonable particularity, is indefinite as to time or scope, calls for information concerning events outside the period measured by the applicable statute of limitations and the date of the filing of the Complaint in this case, and/or seeks information that is not relevant to the claims or defenses of the parties in this matter.

H.  First Horizon objects to each Request to the extent the terms and phrases used therein are vague, ambiguous, undefined, misleading, otherwise fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Requests.

I.  First Horizon objects to each Request to the extent it seeks to impose upon First Horizon obligations exceeding those set forth in the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.

J.  First Horizon objects to Plaintiffs' instructions and definitions to the extent they purport to require any act not mandated by the Federal Rules of Civil Procedure. First Horizon will respond to the Requests in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.

K.  First Horizon objects to Plaintiffs' definition of the terms "you" and "your" as overly broad and unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

L.  Each of these General Objections is incorporated into First Horizon's response to each of the individual Requests as though fully set forth therein.

M.  Unless expressly admitted herein, First Horizon denies each of the Requests.

N.  First Horizon's responses to the Requests are not a waiver or limitation of its rights to object on the grounds of authenticity, confidentiality, relevancy, materiality, or privilege, as to the admissibility of evidence for any purpose.

## RESPONSES AND SPECIFIC OBJECTIONS

## REQUEST FOR ADMISSIONS NO. 1.

**Plaintiff Ralph McKenna owns and resides in a home at 674 Granite Street, Braintree, MA 02184. He is a citizen of Massachusetts.**

## RESPONSE TO REQUEST FOR ADMISSIONS NO. 1.

First Horizon admits that the 2003 refinancing loan to Mr. McKenna that is the subject of this lawsuit ("McKenna Loan") was secured by the property located at 674 Granite Street, Braintree, MA 02184 and that Mr. McKenna alleges that he resides there. First Horizon leaves Plaintiff McKenna to establish his residency and citizenship status as it may be relevant to this lawsuit.

## REQUEST FOR ADMISSIONS NO. 2.

**Plaintiffs Glenroy Deane and Ilene Wilgoren-Deane own and reside in a home at 51 Darby Road, Brockton, MA 02302.**

## RESPONSE TO REQUEST FOR ADMISSIONS NO. 2.

First Horizon admits that the 2003 refinancing loan to the Deanes that is the subject of this lawsuit ("Deane Loan") was secured by the property located at 51 Darby Road, Brockton, MA 02184. First Horizon also admits that the Deanes allege that they reside at 51 Darby Road but leaves the Deane Plaintiffs to establish their residency and citizenship status as it may be relevant to this lawsuit.

## REQUEST FOR ADMISSIONS NO. 3.

**Plaintiffs Christopher Lillie and Laura Lillie own and reside in a home at 20 Endicott Street, Pittsfield, MA 01201. They are citizens of Massachusetts.**

## RESPONSE TO REQUEST FOR ADMISSIONS NO. 3.

First Horizon admits that the 2003 refinancing loan to the Lillies that is the subject of this lawsuit ("Lillie Loan") was secured by the property located at 20 Endicott Street, Pittsfield, MA 01201. First Horizon also admits that the Lillies allege that they reside at 20 Endicott Street but leaves the Lillie Plaintiffs to establish their residency and citizenship status as it may be relevant to this lawsuit.

### REQUEST FOR ADMISSIONS NO. 4.

Defendant First Horizon Home Loan Corporation is a corporation chartered under the law of Kansas. Its principal offices are located at 4000 Horizon Way, Irving, TX 75063. It is a citizen of Kansas and Texas.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 4.

First Horizon is a Kansas corporation with principal offices located at 4000 Horizon Way, Irving Texas 75063. The remainder of Request No. 4 states a legal conclusion to which no reply is necessary.

### REQUEST FOR ADMISSIONS NO. 5.

Defendant First Horizon Home Loan Corporation ("First Horizon") does business in Massachusetts.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 5.

Admitted.

### REQUEST FOR ADMISSIONS NO. 6.

On June 25, 2003, plaintiff McKenna signed or received the following documents:

(a)   a note, Exhibit A, in favor of First Horizon;

(b)   a mortgage, Exhibit B, in favor of First Horizon;

(c)   a Truth in Lending disclosure statement, Exhibit C, designating First Horizon as lender;

(d)   a notice of right to cancel, Exhibit D.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 6.

In addition to the foregoing General Objections, First Horizon objects to Request No. 6 to the extent that the documents submitted as exhibits to Plaintiffs' Discovery Requests are unexecuted. First Horizon also objects to Request No. 6 as compound in form. Subject to these objections and its General Objections, First Horizon admits that there are signed copies of the above-listed documents in Plaintiff McKenna's loan file but lacks sufficient information to state when those

documents were signed or by whom. Further answering, First Horizon states that it will produce the McKenna loan file in response to Plaintiffs' Request for Production of Documents.

**REQUEST FOR ADMISSIONS NO. 7.**

**Exhibits A-D were signed at plaintiff McKenna's closing.**

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 7.**

In addition to the foregoing General Objections, First Horizon objects to Request No. 7 to the extent that the documents submitted as exhibits to Plaintiffs' Discovery Requests are unexecuted. First Horizon also objects that Request No. 7 is vague and ambiguous to the extent that it does not specify who allegedly signed the documents. Subject to these objections and its General Objections, First Horizon admits that there are signed copies of the above-listed documents in Plaintiff McKenna's loan file but lacks sufficient information to state when those documents were signed or by whom. Further answering, First Horizon states that it will produce the McKenna loan file in response to Plaintiffs' Request for Production of Documents.

**REQUEST FOR ADMISSIONS NO. 8.**

**On November 11, 2003, the Deane plaintiffs signed or received the following documents:**

(a)  a note, **Exhibit E**, in favor of First Horizon;

(b)  a mortgage, **Exhibit F**, in favor of First Horizon;

(c)  a Truth in Lending disclosure statement, **Exhibit G**, designating First Horizon as lender;

(d)  a notice of right to cancel, **Exhibit H.**

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 8.**

In addition to the foregoing General Objections, First Horizon objects to Request No. 8 to the extent that the documents submitted as exhibits to Plaintiffs' Discovery Requests are unexecuted. First Horizon also objects to Request No. 8 as compound in form. Subject to these objections

6

and its General Objections, First Horizon admits that there are signed copies of the above-listed documents in the Deanes' loan file but lacks sufficient information to state when those documents were signed or by whom. Further answering, First Horizon states that it will produce the Deane loan file in response to Plaintiffs' Request for Production of Documents.

## REQUEST FOR ADMISSIONS NO. 9.

**Exhibits E – H were signed at the Deane plaintiffs' closing.**

## RESPONSE TO REQUEST FOR ADMISSIONS NO. 9.

In addition to the foregoing General Objections, First Horizon objects to Request No. 9 to the extent that the documents submitted as exhibits to Plaintiffs' Discovery Requests are unexecuted. First Horizon also objects that Request No. 9 is vague and ambiguous to the extent that it does not specify who allegedly signed the documents. Subject to these objections and its General Objections, First Horizon admits that there are signed copies of the above-listed documents in the Deanes' loan file but lacks sufficient information to state when those documents were signed or by whom. Further answering, First Horizon states that it will produce the Deane loan file in response to Plaintiffs' Request for Production of Documents.

## REQUEST FOR ADMISSIONS NO. 10.

**On August 27, 2003, the Lillie plaintiffs signed or received the following documents:**

(a)   **a note, Exhibit I, in favor of First Horizon;**

(b)   **a mortgage, Exhibit J, in favor of First Horizon;**

(c)   **a Truth in Lending disclosure statement, Exhibit K, designating First Horizon as lender;**

(d)   **a notice of right to cancel, Exhibit L.**

## RESPONSE TO REQUEST FOR ADMISSIONS NO. 10.

In addition to the foregoing General Objections, First Horizon objects to Request No. 10 to the

extent that the documents submitted as exhibits to Plaintiffs' Discovery Requests are unexecuted. First Horizon also objects to Request No. 10 as compound in form. Subject to these objections and its General Objections, First Horizon admits that there are signed copies of the above-listed documents in the Lillies' loan file but lacks sufficient information to state when those documents were signed or by whom. Further answering, First Horizon states that it will produce the Lillie loan file in response to Plaintiffs' Request for Production of Documents.

**REQUEST FOR ADMISSIONS NO. 11.**

**Exhibits I – L were signed at the Lillie plaintiffs' closing.**

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11.**

In addition to the foregoing General Objections, First Horizon objects to Request No. 11 to the extent that the documents submitted as exhibits to Plaintiffs' Discovery Requests are unexecuted. First Horizon also objects that Request No. 12 is vague and ambiguous to the extent that it does not specify who allegedly signed the documents. Subject to these objections and its General Objections, First Horizon admits that there are signed copies of the above-listed documents in the Lillies' loan file but lacks sufficient information to state when those documents were signed or by whom. Further answering, First Horizon states that it will produce the Lillie loan file in response to Plaintiffs' Request for Production of Documents.

**REQUEST FOR ADMISSIONS NO. 12.**

**Exhibit D is a standard form document issued in connection with more than 50 transactions.**

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12.**

In addition to the foregoing General Objections, First Horizon objects to Request No. 12 as vague and ambiguous because the term "standard form document" is undefined and is otherwise unintelligible. First Horizon also objects that the term "issued" as used in Request No. 12 is

8

LIBA/1411919.1

vague and ambiguous. First Horizon further objects to Request No. 12 because it is unlimited in both time and scope. Subject to its objections, First Horizon states that it did not use the type of form represented by Exhibit D before approximately April 2003. First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

### REQUEST FOR ADMISSIONS NO. 13.

**It is the practice of First Horizon to use the form represented by Exhibit D on transactions in which it is refinancing a loan made by someone other than itself or First Horizon.**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 13.

In addition to the foregoing General Objections, First Horizon objects to Request No. 13 because the phrase "the form represented by Exhibit D" is vague, ambiguous, and otherwise unintelligible. Similarly, First Horizon objects to Request No. 13 because it fails to state the information it seeks with requisite particularity. Further, to the extent that Request No. 13 is unlimited in scope or time, First Horizon objects on the ground that it is overly broad and unduly burdensome. First Horizon also objects to Request No. 13 as overly broad, unduly burdensome, and irrelevant to the extent that it seeks information about loan transactions that fall beyond the scope of the allegations in this lawsuit. First Horizon states that it used the type of form represented by Exhibit D from approximately April 2003 until some time in 2004. Further answering, First Horizon states that discovery is continuing.

### REQUEST FOR ADMISSIONS NO. 14.

**Plaintiffs have given notice of their election to rescind. (Exhibit M)**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 14.

First Horizon admits that Plaintiffs have provided notice of their desire to rescind their loans.

9

LIBA/1411919.1

### REQUEST FOR ADMISSIONS NO. 15.

**There are over 40 people who obtained non-purchase money loans that were secured by their residences, on or after February 24, 2001 (February 24, 2000) in Massachusetts, for purposes other than the initial construction or acquisition of those residences, where the person received a document in the form represented by Exhibit D.**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 15.

In addition to the foregoing General Objections, First Horizon objects to Request No. 15 because the phrase "document in the form represented by Exhibit D" is undefined, vague, and ambiguous. First Horizon also objects to Request No. 15 as overly broad, unduly burdensome, premature, potentially unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, to the extent it seeks information about time periods prior to or after the period during which First Horizon used the type of form represented by Exhibit D. Subject to these objections and its General Objections, First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

### REQUEST FOR ADMISSIONS NO. 16.

**There are over 40 people who obtained non-purchase money loans that were secured by their Massachusetts residences, on or after February 24, 2000, for purposes other than the initial construction or acquisition of those residences, where the person received a document in the form represented by Exhibit D.**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 16.

In addition to the foregoing General Objections, First Horizon objects to Request No. 16 because the phrase "document in the form represented by Exhibit D" is undefined, vague, and ambiguous. First Horizon also objects to Request No. 16 as overly broad, unduly burdensome, premature, potentially unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, to the extent it seeks information about time periods prior to

or after the period during which First Horizon used the type of form represented by Exhibit D. Subject to these objections and its General Objections, First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

### REQUEST FOR ADMISSIONS NO. 17.

**There are over 500 people who obtained non-purchase money loans that were secured by their residences, on or after February 24, 2001 (February 24, 2000 in Massachusetts), for purposes other than the initial construction or acquisition of those residences, where the person received a document in the form represented by Exhibit D.**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 17.

In addition to the foregoing General Objections, First Horizon objects to Request No. 17 because the phrase "document in the form represented by Exhibit D" is undefined, vague, and ambiguous. First Horizon also objects to Request No. 17 as overly broad, unduly burdensome, premature, potentially unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, to the extent it seeks information about time periods prior to or after the period during which First Horizon used the type of form represented by Exhibit D. Subject to these objections and its General Objections, First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

### REQUEST FOR ADMISSIONS NO. 18.

**There are over 500 people who obtained non-purchase money loans that were secured by their Massachusetts residences, on or after February 24, 2000, for purposes other than the initial construction or acquisition of those residences, where the person received a document in the form represented by Exhibit D.**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 18.

In addition to the foregoing General Objections, First Horizon objects to Request No. 18 because

11

the phrase "document in the form represented by Exhibit D" is undefined, vague, and ambiguous. First Horizon also objects to Request No. 18 as overly broad, unduly burdensome, premature, potentially unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, to the extent it seeks information about time periods prior to or after the period during which First Horizon used the type of form represented by Exhibit D. Subject to these objections and its General Objections, First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

### REQUEST FOR ADMISSIONS NO. 19.

**There are over 1000 people who obtained non-purchase money loans that were secured by their residences, on or after February 24, 2001 (February 24, 2000 in Massachusetts), for purposes other than the initial construction or acquisition of those residences, where the person received a document in the form represented by Exhibit D.**

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 19.

In addition to the foregoing General Objections, First Horizon objects to Request No. 19 because the phrase "document in the form represented by Exhibit D" is undefined, vague, and ambiguous. First Horizon also objects to Request No. 19 as overly broad, unduly burdensome, premature, potentially unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, to the extent it seeks information about time periods prior to or after the period during which First Horizon used the type of form represented by Exhibit D. Subject to these objections and its General Objections, First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

LIBA/1411919.1

**REQUEST FOR ADMISSIONS NO. 20.**

There are over 1000 people who obtained non-purchase money loans that were secured by their Massachusetts residences, on or after February 24, 2000, for purposes other than the initial construction or acquisition of those residences, where the person received a document in the form represented by Exhibit D.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 20.**

In addition to the foregoing General Objections, First Horizon objects to Request No. 20 because the phrase "document in the form represented by Exhibit D" is undefined, vague, and ambiguous. First Horizon also objects to Request No. 20 as overly broad, unduly burdensome, premature, potentially unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit, to the extent it seeks information about time periods prior to or after the period during which First Horizon used the type of form represented by Exhibit D. Subject to these objections and its General Objections, First Horizon will not respond further to this Request, except to state that it invites Plaintiffs to propose an appropriate stipulation as to numerosity in this matter.

**REQUEST FOR ADMISSIONS NO. 21.**

First Horizon made more than 26 loans in 2000.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 21.**

Admitted.

**REQUEST FOR ADMISSIONS NO. 22.**

First Horizon made more than 26 loans in 2001.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 22.**

Admitted.

**REQUEST FOR ADMISSIONS NO. 23.**

First Horizon made more than 26 loans in 2002.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 23.

Admitted.

### REQUEST FOR ADMISSIONS NO. 24.

First Horizon made more than 26 loans in 2003.

### RESPONSE TO REQUEST FOR ADMISSIONS NO. 24.

Admitted.

                                                   Respectfully submitted,

                                                   FIRST HORIZON HOME LOAN CORPORATION

                                                 By its attorneys,

                                                 /s/ Daniel J. Pasquarello
                                                 U. Gwyn Williams (BBO # 565181)
                                                 Daniel J. Pasquarello (BBO # 647379)
                                                 GOODWIN PROCTER LLP
                                                 Exchange Place
                                                 Boston, MA 02109
                                                 (617) 570-1000

Dated: September 10, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Plaintiffs' counsel, Christopher M. Lefebvre, Esq. and Heather Piccirilli, Esq., by facsimile and Federal Express, this the 10th day of September, 2004.

                                                 /s/ Daniel J. Pasquarello
                                                 Daniel J. Pasquarello