IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA, <br> GLENROY A. DEANE, <br> ILENE WILGOREN-DEANE, <br> CHRISTOPHER J. LILLIE; <br> and LAURA A. LILLIE, <br><br> Plaintiff, <br><br> v. <br><br> FIRST HORIZON HOME LOAN <br> CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) 04-10370-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT FIRST HORIZON HOME LOAN CORPORATION'S RESPONSE TO PLAINTIFFS' INTERROGATORIES

First Horizon Home Loan Corporation ("First Horizon") hereby submits its responses and objections to Plaintiffs' First Set of Interrogatories ("Interrogatories"). The Responses set forth below are based on information presently available to First Horizon and First Horizon reserves its right to supplement, amend, or correct these Responses based on information later obtained through investigation, discovery, or otherwise.

## GENERAL OBJECTIONS

A. First Horizon objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-disclosure.

B. First Horizon objects to each Interrogatory to the extent it seeks confidential, personal information pertaining to current or former First Horizon borrowers (other than the Plaintiffs) and/or employees.

LIBA/1412121.1

C.  First Horizon objects to each Interrogatory to the extent it seeks information which is confidential or proprietary in nature, or which otherwise constitutes protected commercial, financial, competitively sensitive, and/or trade secret information and will only agree to produce such information pursuant to a mutually agreeable protective order.

D.  First Horizon objects to each Interrogatory to the extent it is overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.  First Horizon objects to each Interrogatory as premature to the extent it seeks discovery that is not narrowly tailored to issues concerning whether a class may be certified in this action. First Horizon objects to discovery on issues other than those which bear on class certification at this time because such discovery is overly broad, unduly burdensome, and potentially unnecessary, depending on the outcome of the class proceedings. *See Manual for Complex Litigation*, 3rd §21.213 (Fed. Judicial Center 2003).

F.  First Horizon objects to each Interrogatory as overly broad, unduly burdensome, and premature to the extent that it purports to require First Horizon to search and/or provide information from voluminous records and files pertaining to individual borrowers (other than the Plaintiffs) because no class has been certified in this action.

G.  First Horizon objects to each Interrogatory to the extent it fails to describe the information sought with reasonable particularity, is indefinite as to time or scope, calls for information concerning events outside of the period measured by the applicable statute of limitations and the date of the filing of the Complaint in this case, and/or seeks information that is not relevant to the claims or defenses of the parties in this matter.

H.   First Horizon objects to each Interrogatory to the extent the terms and/or phrases used therein are vague, ambiguous, undefined, misleading, and otherwise fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Interrogatories.

I.   First Horizon objects to each Interrogatory to the extent it seeks to impose upon First Horizon obligations exceeding those set forth in the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.

J.   First Horizon objects to Plaintiffs' instructions and definitions to the extent they purport to require any act not mandated by the Federal Rules of Civil Procedure. First Horizon will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.

K.   First Horizon objects to each Interrogatory to the extent it unnecessarily seeks the production of "all" information responsive to a particular Interrogatory. Instead, provided the Interrogatory is not otherwise objectionable, First Horizon will provide information sufficient to establish the information sought by the Interrogatory.

L.   First Horizon objects to each Interrogatory to the extent it seeks to impose on First Horizon the obligations and cost associated with identification of potentially affected persons, where such burden properly rests on Plaintiffs (see, e.g., *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)).

M.   First Horizon objects to Plaintiffs' "Instructions" to the extent they are overly broad, unduly burdensome, and otherwise not applicable to responses to Interrogatories.

N.   First Horizon objects to Plaintiffs' definition of the terms "you" and "your" as overly broad and unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

O.  Each of these General Objections is incorporated into First Horizon's response to each of the individual Interrogatories as though fully set forth therein.

P.  First Horizon's responses to the Interrogatories are not a waiver or limitation of its rights to object on the grounds of authenticity, confidentiality, relevancy, materiality, or privilege, as to the admissibility of evidence for any purpose.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1.

**State the name, address, title and job description of each officer, director and employee of yours with supervisory responsibility for compliance with TILA.**

### RESPONSE TO INTERROGATORY NO. 1.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 1 as overly broad and unduly burdensome because it is unlimited as to time. First Horizon also objects on the ground that Interrogatory No. 1 is vague and ambiguous because the term "supervisory responsibility" is undefined and is vague, ambiguous, and otherwise unintelligible. First Horizon further objects that Interrogatory No. 1 is overly broad and unduly burdensome to the extent that it seeks information that is beyond the scope of the TILA violations alleged in the Complaint, *i.e.*, TILA provisions relating to rescission-notice issues. Subject to these objections and its General Objections, First Horizon identifies the following personnel whose job duties include compliance with the rescission-notice provisions of TILA: Steve Covington, Senior Vice President, Quality Control and Compliance; Sheri Rye, Senior Vice President, Policies and Procedures.

### INTERROGATORY NO. 2.

**State the name, address, title and job description of each officer, director and employee of yours who dealt with plaintiffs' loans.**

**RESPONSE TO INTERROGATORY NO. 2.**

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 2 as overly broad and unduly burdensome because it is unlimited as to time. First Horizon also objects to Interrogatory No. 2 on the ground that the phrase "dealt with plaintiffs' loan" is vague, ambiguous, and otherwise unintelligible. First Horizon further objects to Interrogatory No. 2 to the extent that it calls for the production of information protected by the attorney-client privilege, work product doctrine, and any other applicable privilege. Subject to these objections and its General Objections, First Horizon identifies the employees listed in its Rule 26 Initial Disclosures provided in this matter. For the Deane and Lillie loans First Horizon also identifies Kira Bradley as an employee who may have received communications or correspondence from Plaintiffs about their loans. Further answering, First Horizon states that discovery is continuing.

**INTERROGATORY NO. 3.**

**Describe all your document destruction and retention policies.**

**RESPONSE TO INTERROGATORY NO. 3.**

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 3 because it is overly broad, unduly burdensome, and seeks information neither relevant to the matters at issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. First Horizon further objects to Interrogatory No. 3 because it is indefinite as to time and scope and calls for information from outside the period measured by the applicable statute of limitations and the date of the filing of the Complaint. First Horizon also objects to Interrogatory No. 3 because it seeks documents or information that are confidential or proprietary in nature, or that otherwise constitute protected commercial, financial, competitively sensitive, and/or trade secret information in the absence of a mutually agreeable protective order. First Horizon further objects to Interrogatory No. 3 to the extent it seeks information protected from disclosure by the

attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-disclosure. Based on these objections and its General Objections, First Horizon will not respond further to this Interrogatory.

## INTERROGATORY NO. 4.

**State by year the number, name and address of the natural persons who satisfy the following criteria:**

(a)  **who obtained non-purchase-money loans that were secured by their residences;**

(b)  **on or after February 24, 2001 (February 24, 2000 in Massachusetts);**

(c)  **for purposes other than the initial construction or acquisition of those residences;**

(d)  **where the person received a document in the form represented by Exhibit D.**

## RESPONSE TO INTERROGATORY NO. 4.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information beyond the scope of the purported Class, as alleged in the Complaint. First Horizon also objects to Interrogatory No. 4 as premature because it purports to require First Horizon to identify putative class members when no class has been certified in this lawsuit. First Horizon also objects to Interrogatory No. 4 as overly broad, unduly burdensome, oppressive, and premature at this pre-certification stage of the litigation because it purports to require First Horizon to search and provide information from voluminous files and records pertaining to First Horizon borrowers other than the Plaintiffs. First Horizon further objects to Interrogatory No. 4 because it seeks confidential, personal information concerning First Horizon borrowers other than the Plaintiffs. First Horizon also objects to Interrogatory No. 4 to the extent it seeks to impose on First Horizon the obligation and costs associated with identification of putative class members, where such burden properly rests on Plaintiffs (*see, e.g.,*

*Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelyn*, 417 U.S. 156 (1974)). First Horizon further objects to Interrogatory No. 4 because subsection (d) is vague, ambiguous, and otherwise unintelligible regarding its reference to documents "in the form represented by <u>Exhibit D</u>." Based on these objections and its General Objections, First Horizon will not respond further to this Interrogatory, except to state that it invites Plaintiffs to propose a stipulation as to numerosity in this matter.

## INTERROGATORY NO. 5.

**State by year the number, name and address of the natural persons who satisfy the following criteria:**

**(a)     who obtained non-purchase-money loans that were secured by their Massachusetts residences;**

**(b)     on or after February 24, 2000;**

**(c)     for purposes other than the initial construction or acquisition of those residences;**

**(d)     where the person received a document in the form represented by <u>Exhibit D</u> at the closing.**

## RESPONSE TO INTERROGATORY NO. 5.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information beyond the scope of the purported Class, as alleged in the Complaint. First Horizon also objects to Interrogatory No. 5 as premature because it purports to require First Horizon to identify putative class members when no class has been certified in this lawsuit. First Horizon also objects to Interrogatory No. 5 as overly broad, unduly burdensome, oppressive, and premature at this pre-certification stage of the litigation because it purports to require First Horizon to search and provide information from voluminous files and records pertaining to First Horizon borrowers other than the Plaintiffs. First Horizon further

objects to Interrogatory No. 5 because it seeks confidential, personal information concerning First Horizon borrowers other than the Plaintiffs. First Horizon also objects to Interrogatory No. 5 to the extent it seeks to impose on First Horizon the obligation and costs associated with identification of putative class members, where such burden properly rests on Plaintiffs (*see, e.g., Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelyn*, 417 U.S. 156 (1974)). First Horizon further objects to Interrogatory No. 5 because subsection (d) is vague, ambiguous, and otherwise unintelligible regarding its reference to documents "in the form represented by Exhibit D." Based on these objections and its General Objections, First Horizon will not respond further to this Interrogatory, except to state that it invites Plaintiffs to propose a stipulation as to numerosity in this matter.

### INTERROGATORY NO. 6.

**Prior to the date of filing of this lawsuit, did you provide your loan agents with instructions as to the required disclosures under TILA? If so, explain fully the nature and extent of those instructions including:**

(a) **by whom the instruction was given;**

(b) **how many hours each loan agent spent under such instruction;**

(c) **whether such instruction was mandatory or voluntary;**

(d) **the subject matter of the instruction.**

### RESPONSE TO INTERROGATORY NO. 6.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 6 as overly broad and unduly burdensome because it is unlimited as to time regarding events prior to the filing of this lawsuit. First Horizon also objects to Interrogatory No. 6 to the extent that it calls for the production of information protected by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-disclosure. First Horizon further objects to Interrogatory No. 6 as vague, ambiguous, and

8

otherwise unintelligible to the extent that the terms "loan agents" and "required disclosures under TILA" are undefined. First Horizon also objects to Interrogatory No. 6 on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence with respect to provisions of TILA and loan transactions that are not at issue in this litigation. Based on these objections and its General Objections, First Horizon cannot respond further to this interrogatory at this time except to say that, in accordance with Fed. R. Civ. P. 33(d), it will produce certain training materials as responsive to Plaintiffs' Request For Production of Documents.

## INTERROGATORY NO. 7.

**Please state whether all mortgage loan and note documents are stored, kept and maintained in one location and if so, please state the location and the custodian of such documents.**

## RESPONSE TO INTERROGATORY NO. 7.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 7 as overly broad and unduly burdensome to the extent that it requests information about "all mortgage loans and note documents." First Horizon further objects that the terms "all mortgage loans" and "note documents" are undefined, vague, ambiguous, and otherwise unintelligible. First Horizon further objects that Interrogatory No. 7 is overly broad and unduly burdensome because it is unlimited in both time and scope. First Horizon also objects to Interrogatory 7 because it is not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections and its General Objections, First Horizon will not further respond to this Interrogatory at this time except to state that it will produce the loan files relevant to Plaintiffs' Loans at issue in this matter.

## INTERROGATORY NO. 8.

**Explain fully your procedures adapted to avoid errors with regard to the requirements of TILA. Identify each document which contains information concerning the actual maintenance of those procedures by you.**

## RESPONSE TO INTERROGATORY NO. 8.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 8 as overly broad and unduly burdensome because it is unlimited in both time and scope. First Horizon also objects to Interrogatory No. 9 as vague and ambiguous with regard to the undefined term "requirements of TILA." First Horizon further objects to Interrogatory No. 8 as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information about TILA provisions that are not at issue in this litigation. First Horizon also objects that Interrogatory No. 8 is irrelevant because there is no allegation of specific "errors" that is at issue in this case. First Horizon further objects to Interrogatory No. 8 to the extent that it calls for the production of information protected by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-disclosure. Subject to these objections and its General Objections, First Horizon states that it will produce certain training and compliance materials in response to Interrogatory No. 6 and Plaintiffs' Request For Production of Documents.

## INTERROGATORY NO. 9.

**Please state which documents were provided to the plaintiffs at each of their respective closings of their mortgages.**

## RESPONSE TO INTERROGATORY NO. 9.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 9 because the information it seeks is at least equally available to the Plaintiffs in this case, who should have copies of the documents provided to them when the Loan closed. Subject to its

10

LIBA/1412121.1

objections and in accordance with Fed. R. Civ. P. 33(d), First Horizon states that it will produce each Plaintiff's loan file.

## INTERROGATORY NO. 10.

**Please state whether additional documents were provided to the plaintiffs by you at any time prior or subsequent to the closing. For each document listed, please indicate if those documents were furnished to the plaintiffs at any time prior or subsequent to their closing and provide where and when such documents were furnished to the plaintiffs.**

## RESPONSE TO INTERROGATORY NO. 10.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 10 because the term "additional documents" is vague and ambiguous and overly broad. First Horizon further objects that Interrogatory No. 10 is unduly burdensome and not relevant to the extent it seeks information that is not related to the issue of rescission notice under TILA and is therefore not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, First Horizon states that it will produce Plaintiffs' loan files and whatever other communications/correspondence between First Horizon and the Plaintiffs that it may have in its possession, and that those documents are the best evidence of their contents.

## INTERROGATORY NO. 11.

**Identify each and every communication (oral or written) between the plaintiffs and you. Identify the individuals communicating, the subject matter and substance of each and every communication.**

## RESPONSE TO INTERROGATORY NO. 11.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 11 as overly broad and unduly burdensome because it is unlimited as to time. First Horizon also objects to Interrogatory No. 11 to the extent that it requires First Horizon to identify communications of which it has no written record on the ground that such investigation would constitute an undue burden. First Horizon further objects to Interrogatory No. 11 to the extent

that Plaintiffs may be in a better position to identify communications between the parties. Subject to these objections and the foregoing General Objections, First Horizon states that it will produce the logs of communications between Plaintiffs and First Horizon that it may have in its possession.

### INTERROGATORY NO. 12.

**If your response to any of the requests for admission is anything other than an unqualified admission, please explain the basis for your denial.**

### RESPONSE TO INTERROGATORY NO. 12.

First Horizon objects to Interrogatory No. 12 to the extent that it calls for information protected by the attorney-client privilege and the attorney work product doctrine. Further answering, First Horizon incorporates its responses to Plaintiffs' Requests for Admission, provided herewith, and notes that it has provided detailed responses explaining the grounds for its objections to any Requests that it has not admitted.

### INTERROGATORY NO. 13.

**With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his/her name, address, telephone number, occupation, and current employment; (b) the subject matter of his/her expertise; (c) his/her educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him/her as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.**

### RESPONSE TO INTERROGATORY NO. 13.

In addition to the foregoing General Objections, First Horizon objects to Interrogatory No. 13 as premature because discovery is ongoing. First Horizon further objects to Interrogatory No. 13 to the extent that it purports to impose obligations upon First Horizon beyond those set forth in the Federal Rules of Civil Procedure and the applicable Local Rules of Court. First Horizon further objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client

privilege, the work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-disclosure. Subject to these objections and its General Objections, First Horizon states that it has not yet determined what experts, if any, it intends to call "to give evidence or testimony in connection with this case." Further answering, First Horizon states that it will provide information responsive to this Interrogatory in accordance with the appropriate expert-disclosure deadline.

> Respectfully submitted,
>
> FIRST HORIZON HOME LOAN CORPORATION
>
> By its attorneys,
>
> */s/ Daniel J. Pasquarello*
>
> U. Gwyn Williams (BBO # 565181)
> Daniel J. Pasquarello (BBO # 647379)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109
> (617) 570-1000

Dated: September 10, 2004

13

LIBA/1412121.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Plaintiffs' counsel, Christopher M. Lefebvre, Esq. and Heather Piccirilli, Esq., by facsimile and Federal Express, this the 10th day of September, 2004.

_____
Daniel J. Pasquarello