## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE;<br>and LAURA A. LILLIE,<br><br><br>Plaintiff,<br><br>v.<br><br>FIRST HORIZON HOME LOAN<br>CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    04-10370-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT FIRST HORIZON HOME LOAN CORPORATION'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant First Horizon Home Loan Corporation ("First Horizon") hereby submits its responses and objections to Plaintiffs' First Request for Production of Documents ("Requests"). The Responses set forth below are based on information presently available to First Horizon and First Horizon reserves its right to supplement, amend, and/or correct these Responses based on information later obtained through investigation, discovery, or otherwise.

### GENERAL OBJECTIONS

A.    First Horizon objects to each Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-production.

B.      First Horizon objects to each Request to the extent it seeks confidential, personal information pertaining to current or former First Horizon borrowers (other than the Plaintiffs) and/or employees.

C.      First Horizon objects to each Request to the extent it seeks information which is confidential or proprietary in nature, or which otherwise constitutes First Horizon's or third parties' protected commercial, financial, competitively sensitive, and/or trade secret information and will only agree to produce such information pursuant to a mutually agreeable protective order.

D.      First Horizon objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

E.      First Horizon objects to each Request as premature to the extent it seeks discovery that is not narrowly tailored to issues concerning whether a class may be certified in this action. First Horizon objects to discovery on issues other than those which bear on class certification at this time because such discovery is overly broad, unduly burdensome, and potentially unnecessary, depending on the outcome of the class proceedings. *See Manual for Complex Litigation*, 3rd §21.213 (Fed. Judicial Center 2003).

F.      First Horizon objects to each Request as overly broad, unduly burdensome and premature to the extent that it purports to require First Horizon to search and/or provide documents from voluminous records and files pertaining to individual borrowers (other than the Plaintiffs) because no class has been certified in this action.

G.      First Horizon objects to each Request to the extent it fails to describe the request for documents with reasonable particularity, is indefinite as to time or scope, calls for

information concerning events outside of the period measured by the applicable statute of limitations, and/or seeks documents that are not relevant to the claims or defenses of the parties in this matter.

H.    First Horizon objects to each Request to the extent the terms and phrases used therein are vague, ambiguous, undefined, misleading, or otherwise fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Requests.

I.    First Horizon objects to each Request to the extent it seeks to impose upon First Horizon obligations exceeding those set forth in the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.

J.    First Horizon specifically objects to Plaintiff's instructions and definitions to the extent they purport to require any act not mandated by the Federal Rules of Civil Procedure. First Horizon will respond to the Requests in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.

K.    First Horizon objects to each Request to the extent it unnecessarily seeks the production of "all documents" containing a particular type of information. Instead, provided the Request is not otherwise objectionable, First Horizon will produce documents sufficient to establish the information sought by the Request.

L.    First Horizon objects to each Request to the extent it seeks to impose on First Horizon the obligations and cost associated with identification of potentially affected persons, where such burden properly rests on Plaintiff (*see, e.g., Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)).

M.      First Horizon objects to Plaintiffs' definition of the terms "you" and "your" as overly broad and unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

N.      Each of these General Objections is incorporated into First Horizon's response to each of the individual requests as though fully set forth therein.

O.      First Horizon's responses to the Requests are not a waiver or limitation of its rights to object on the grounds of authenticity, confidentiality, relevancy, materiality, or privilege, as to the admissibility of evidence for any purpose.

P.      Those documents responsive to the Requests which First Horizon has agreed to produce will be made available for inspection and/or copying at a mutually agreeable date and time.  Further, review for responsive documents is continuing, and additional responsive documents, if any, will be produced when located.

## RESPONSES AND SPECIFIC OBJECTIONS

### REQUEST NO. 1.

**All documents relating to all of the plaintiffs which are indexed, filed or retrievable under either or both of their names or any number, symbol, designation or code (such as an account number or social security number) assigned to them.**

### RESPONSE TO REQUEST NO. 1.

In addition to the foregoing General Objections, First Horizon objects to Request No. 1 because the term "relating to" is overly broad, vague, ambiguous, and creates an undue burden of production upon First Horizon.  First Horizon also objects to Request No. 1 to the extent it calls for the production of documents protected from disclosure by the attorney-client privilege, work-product doctrine and/or any other applicable privilege or similar reason for non-production.  First Horizon further objects because the terms "indexed," "filed," "retrievable," "number," "symbol," "designation," and "code" are undefined, are otherwise vague and ambiguous, and do not

4

identify the documents sought with sufficient particularity. Subject to these objections and its

General Objections, First Horizon will, upon entry of a mutually agreeable protective order,

produce the relevant, non-privileged documents from the Plaintiffs' loan files concerning the

2003 loan transactions that are the subject of this litigation.

## REQUEST NO. 2.

**All manuals, memoranda, instructions and other documents which discuss, describe or set
forth standards, criteria, guidelines, policies or practices relating to the Truth in Lending
Act.**

## RESPONSE TO REQUEST NO. 2.

In addition to the foregoing General Objections, First Horizon objects to Request No. 2 to the

extent it calls for the production of documents protected from disclosure by the attorney-client

privilege, work-product doctrine, and/or any other applicable privilege or similar reason for non-

production. First Horizon further objects to Request No. 2 because it calls for documents or

information which are confidential or proprietary in nature, or which otherwise constitute

Defendants' protected commercial, financial, competitively sensitive, and/or trade secret

information in the absence of a mutually agreeable protective order. First Horizon also objects to

Request No. 2 because it is indefinite as to time or scope, and calls for the production of

documents from outside the period measured by the applicable statute of limitation and the date

of the filing of the Complaint. First Horizon also objects to Request No. 2 as overly broad,

unduly burdensome, premature and not reasonably likely to lead to the discovery of admissible

evidence because it purports to require First Horizon to search for and/or provide loan level

information and documents pertaining to transactions other than Plaintiffs' transaction. First

Horizon further objects that the term "relating to" is overly broad, vague, ambiguous, and creates

an undue burden of production upon First Horizon, and that the Interrogatory seeks information

about sections of the Truth in Lending Act that are not at issue. Subject to these and its General

Objections, First Horizon will, upon entry of a mutually agreeable protective order, produce

documents sufficient to evidence its policies, procedures, and practices with respect to the Truth

In Lending Act provisions regarding rescission-notice issues during the relevant period, as

measured by the applicable statute of limitations.

### REQUEST NO. 3.

**All documents relating to any judicial or administrative proceeding (irrespective of date) in which you were accused of violating the Truth in Lending Act.**

### RESPONSE TO REQUEST NO. 3.

In addition to the foregoing General Objections, First Horizon objects to Request No. 3 as overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence because: (1) complaints or claims against First Horizon in other cases are not relevant

to the matters at issue in this litigation; (2) it does not specify the type of TILA violation for

which it requests documents; and (3) it is indefinite as to time and scope, and calls for the

production of documents from outside the period measured by the applicable statutes of

limitation and the date of the filing of the Complaint. First Horizon further objects to the extent

that the Request calls for the production of privileged, non-public, and/or confidential

information, including, but not limited to, private consumer information of present and former

First Horizon borrowers. First Horizon also objects on the ground that the term "relating to" is

overly broad, vague, ambiguous, and creates an undue burden of production upon First Horizon.

Subject to these objections and its General Objections, First Horizon states that discovery is

continuing.

### REQUEST NO. 4.

**All documents relating to any complaint or criticism concerning your compliance with the Truth in Lending Act.**

LIBA/1412123.1

## RESPONSE TO REQUEST NO. 4.

In addition to the foregoing General Objections, First Horizon objects to Request No. 4 because it is vague, ambiguous, and otherwise unintelligible to the extent it seeks documents concerning "complaint[s]," or "criticism[s]," about First Horizon's "compliance with the Truth In Lending Act." First Horizon further objects to Request No. 4 because it is overly broad, unduly burdensome, and calls for the production of documents neither relevant to the matters at issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. First Horizon also objects to Request No. 4 because it is indefinite as to time and scope, and calls for the production of documents from outside the period measured by the applicable statutes of limitation and the date of the filing of the Complaint. First Horizon further objects to Request No. 4 to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-production. First Horizon also objects to Request No. 4 because the terms "complaint," and "criticism," are not defined and are otherwise vague, ambiguous and overly broad. First Horizon further objects to Request No. 4 as overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence because it would require First Horizon to search for responsive documents in voluminous records and files. First Horizon also objects to Request No. 4 as vague, ambiguous, and unduly burdensome because it purports to require First Horizon to search for and identify "all documents" reflecting any "complaint or criticism," no matter how inconsequential, made by any person at any time with regard to TILA. First Horizon also objects on the ground that the term "relating to" is overly broad, vague, ambiguous, and creates an undue burden of production

upon First Horizon. Based on these objections and its General Objections, First Horizon will not produce documents responsive to this Request.

## REQUEST NO. 5.

**All documents (irrespective of date) relating to any claim made against you for violating the Truth in Lending Act.**

## RESPONSE TO REQUEST NO. 5.

In addition to the foregoing General Objections, First Horizon objects to Request No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because: (1) complaints or claims against First Horizon in other cases are not relevant to the matters at issue in this litigation; (2) it does not specify the type of TILA violation for which it requests documents; and (3) it is indefinite as to time and scope, and calls for the production of documents from outside the period measured by the applicable statutes of limitation and the date of the filing of the Complaint. First Horizon further objects to the extent that the Request calls for the production of privileged, non-public, and/or confidential information, including, but not limited to, private consumer information of present and former First Horizon borrowers. First Horizon also objects on the ground that the term "relating to" is overly broad, vague, ambiguous, and creates an undue burden of production upon First Horizon. Based on these objections and its General Objections, First Horizon will not produce documents responsive to this Request.

## REQUEST NO. 6.

**The complete mortgage file of each of the plaintiffs, containing but not limited to documents generated in connection with the financing and loan servicing history.**

## RESPONSE TO REQUEST NO. 6.

In addition to the foregoing General Objections, First Horizon objects to Request No. 6 to the extent it calls for the production of documents or information outside of the relevant statute of

LIBA/1412123.1

limitations period. Subject to its objections, First Horizon will, upon entry of a mutually

agreeable protective order, produce the relevant, non-privileged documents from the Plaintiffs'

Loan files concerning the 2003 loan transactions that are the subject of this litigation.

## REQUEST NO. 7.

**All disclosure statements notifying Plaintiffs of their rights.**

## RESPONSE TO REQUEST NO. 7.

In addition to the foregoing general objections, First Horizon objects that Request No. 7 is vague,

ambiguous, and otherwise unintelligible to the extent that the term "disclosure statements" is

undefined. Subject to these objections and its General Objections, First Horizon will, upon entry

of a mutually agreeable protective order, produce the relevant, non-privileged documents from

the Plaintiffs' Loan files concerning the 2003 loan transactions that are the subject of this

litigation.

## REQUEST NO. 8.

**All documents (irrespective of date) which constitute or reflect communications between you and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to credit disclosures.**

## RESPONSE TO REQUEST NO. 8.

In addition to the foregoing General Objections, First Horizon objects to Request No. 8 to the

extent that it seeks "all documents" "relating to" "irrespective of date" as overly broad, unlimited

as to time and scope, and as creating an undue burden of production upon First Horizon. First

Horizon also objects to Request No. 8 because it calls for the production of documents neither

relevant to the matters at issue in this lawsuit nor reasonably calculated to lead to the discovery

of admissible evidence. First Horizon further objects to the extent that the Request calls for the

production of privileged, non-public, and/or confidential information, including, but not limited

LIBA/1412123.1

to, private consumer information of present and former First Horizon borrowers. First Horizon also objects to Request No. 8 because it is indefinite as to time and scope and calls for the production of documents from outside of the period measured by the applicable statute of limitations and the date of the filing of the Complaint. In addition, First Horizon objects to this request on the ground that the term "credit disclosures" is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. First Horizon further objects to Request No. 8 to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-production. Finally, First Horizon objects to Request No. 8 as vague, ambiguous, and unduly burdensome because it purports to require First Horizon to identify and determine what constitutes all "public or private agencies that receive consumer complaints." Based on these objections and its General Objections, First Horizon will not produce documents responsive to this Request.

## REQUEST NO. 9.

**All documents (irrespective of date) that discuss your compliance or lack of compliance with the Truth in Lending Act.**

## RESPONSE TO REQUEST NO. 9.

In addition to the foregoing General Objections, First Horizon objects that Request No. 9 is unlimited as to time and scope and is therefore overly broad and unduly burdensome. First Horizon also objects that Request No. 9 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information that is not relevant to this lawsuit. First Horizon's compliance or lack of compliance with sections of the Truth in Lending Act other than the rescission-notice provisions of the statute are not at issue in this lawsuit. First Horizon, therefore, will limit its response to the production of

documents that concern compliance with the rescission-notice provisions of TILA during the relevant time period as measured by the applicable statute of limitations, upon entry of a mutually agreeable protective order.

## REQUEST NO. 10.

**All closing instructions provided to the agent who closed each of the plaintiffs' loans.**

## RESPONSE TO REQUEST NO. 10.

In addition to the foregoing General Objections, First Horizon objects to Request 10 to the extent that it calls for documents protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege. First Horizon also objects to Request No. 10 because it is indefinite as to time and scope and calls for the production of documents from outside the period measured by the applicable statute of limitations and date of the filing of the Complaint. First Horizon further objects to Request No. 10 because the term "instructions" is undefined and is otherwise vague, ambiguous, and overly broad. Subject to these objections and its General Objections, and upon entry of a mutually agreeable protective order, First Horizon states that any "closing instructions" will be produced as part of the Plaintiffs' loan files.

## REQUEST NO. 11.

**All contracts pursuant to which the Plaintiffs' loan or servicing thereof was transferred to or from you.**

## RESPONSE TO REQUEST NO. 11.

First Horizon objects to Request No. 11 as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, First Horizon will not produce any documents responsive to this request.

## REQUEST NO. 12.

**Each different organizational charts.**

LIBA/1412123.1

## RESPONSE TO REQUEST NO. 12.

In addition to the foregoing General Objections, First Horizon objects that the request for "each different organizational charts" is unintelligible. First Horizon further objects that Request No. 12 is overly broad, unlimited as to time, and unduly burdensome. Subject to these objections, and upon entry of a mutually agreeable protective order, First Horizon will produce a copy of a company-wide organizational chart.

## REQUEST NO. 13.

All insurance policies, including but not limited to the AIG insurance policy, that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

## RESPONSE TO REQUEST NO. 13.

In addition to the foregoing General Objections, First Horizon objects on the ground that Request No. 13 seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is therefore not relevant to this lawsuit. First Horizon further objects to the extent that Request No. 13 seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Subject to these objections, First Horizon states that it will produce a copy of its insurance policy with AIG, identified by First Horizon in its Rule 26 Initial Disclosures, upon entry of a mutually agreeable protective order.

## REQUEST NO. 14.

All documents relating to the maintenance by you of procedures adapted to avoid any violation of the Truth in Lending Act.

## RESPONSE TO REQUEST NO. 14.

In addition to the foregoing General Objections, First Horizon objects to the extent that Request No. 14 seeks "all documents" "relating to" procedures maintained by First Horizon because it is overly broad and unduly burdensome. First Horizon further objects that the phrase "adapted to

avoid any violation of the Truth in Lending Act" is vague, ambiguous, and overly broad to the extent it is unrelated to the TILA provisions at issue in this litigation. First Horizon also objects to Request No. 14 because it is unlimited as to time and scope and calls for the production of documents from outside the period measured by the applicable statute of limitations and the date of filing of the Complaint. First Horizon further objects that Request No. 14 is redundant and duplicative of Request No. 2. Subject to its objections, First Horizon will produce compliance materials regarding the rescission-notice TILA provisions at issue in this case.

**REQUEST NO. 15.**

**All documents setting forth your document destruction and retention policies.**

**RESPONSE TO REQUEST NO. 15.**

In addition to the foregoing General Objections, First Horizon objects to Request No. 15 because it is overly broad, unduly burdensome, and calls for the production of documents neither relevant to the matters at issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. First Horizon further objects to Request No. 15 because it is indefinite as to time and scope, and calls for the production of documents from outside the period measured by the applicable statute of limitations and the date of the filing of the Complaint. First Horizon also objects to Request No. 15 because it seeks documents or information which are confidential or proprietary in nature, or which otherwise constitute protected commercial, financial, competitively sensitive and/or trade secret information in the absence of a mutually agreeable protective order. First Horizon further objects to Request No. 15 to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-production. Based on these objections and its General Objections, First Horizon will not produce documents responsive to this Request.

LIBA/1412123.1

## REQUEST NO. 16.

**Your annual financial statements, annual reports, semiannual and quarterly financial statements, for the last three years.**

## RESPONSE TO REQUEST NO. 16.

In addition to the foregoing General Objections, First Horizon objects to Request No. 16 as

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Based

on this objection and its General Objections, First Horizon will not produce documents

responsive to this Request.

## REQUEST NO. 17.

**The complete file, including but not limited to computer information, for all natural persons who satisfy the following criteria:**

(a)    **who obtained non-purchase-money-loans that were secured by their residences;**

(b)    **on or after February 24, 2001 (February 24, 2000 in Massachusetts);**

(c)    **for purposes other than the initial construction or acquisition of those residences;**

(d)    **where the person received a document in the form represented by Exhibit D.**

## RESPONSE TO REQUEST NO. 17.

In addition to the foregoing General Objections, First Horizon objects to Request No. 17 because

it seeks confidential, personal information concerning current or former First Horizon borrowers,

including the names and addresses of such borrowers.  First Horizon also objects to Request No.

17 as premature because it purports to require First Horizon to identify putative class members

when no class has been certified in this lawsuit.  First Horizon further objects to Request No. 17

as overly broad, unduly burdensome, and premature at this pre-certification stage of the litigation

because it seeks to impose on First Horizon the obligations and costs associated with

identification of putative class members, where such burden properly rests on Plaintiffs (*see, e.g.,*

*Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelyn*, 417 U.S.

156 (1974)). First Horizon further objects to Request No. 17 to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-production. First Horizon also objects to Request No. 17 because the phrase "document in the form represented by Exhibit D" is vague and ambiguous. Based on these objections and its General Objections, First Horizon will not produce documents responsive to this Request. Further answering, First Horizon invites Plaintiffs to propose a stipulation as to numerosity in this matter.

## REQUEST NO. 18.

**The complete file, including but not limited to computer information, for all natural persons who satisfy the following criteria:**

**(a)**      **who obtained non -purchase-money loans that were secured by their Massachusetts residences;**

**(b)**      **on or after February 24, 2000;**

**(c)**      **for purposes other than the initial construction or acquisition of those residences;**

**(d)**      **where the person signed a document in the form represented by Exhibit D at the closing.**

## RESPONSE TO REQUEST NO. 18.

In addition to the foregoing General Objections, First Horizon objects to Request No. 18 because it seeks confidential, personal information concerning current or former First Horizon borrowers, including the names and addresses of such borrowers. First Horizon also objects to Request No. 18 as premature because it purports to require First Horizon to identify putative class members when no class has been certified in this lawsuit. First Horizon further objects to Request No. 18 as overly broad, unduly burdensome, and premature at this pre-certification stage of the litigation because it seeks to impose on First Horizon the obligations and costs associated with

identification of putative class members, where such burden properly rests on Plaintiffs (*see, e.g.,* *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelyn*, 417 U.S. 156 (1974)). First Horizon further objects to Request No. 18 to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, self-analysis privilege, and/or any other applicable privilege or similar reason for non-production. First Horizon also objects to Request No. 18 because the phrase "document in the form represented by <u>Exhibit D</u>" is vague and ambiguous. Based on these objections and its General Objections, First Horizon will not produce documents responsive to this Request. Further answering, First Horizon invites Plaintiffs to propose a stipulation as to numerosity in this matter.

## REQUEST NO. 19.

**One example of each form document defendant requires borrowers to sign in a mortgage refinance transaction.**

## RESPONSE TO REQUEST NO. 19.

In addition to the foregoing General Objections, First Horizon objects to the extent the that the terms "form document" and "mortgage refinance transaction" are undefined, and are vague and ambiguous. First Horizon also objects on the ground that Request No. 19 assumes that First Horizon "requires borrowers to sign" any documents in transactions such as the loan transactions at issue in this lawsuit. First Horizon further objects to Request No. 19 as overly broad and unduly burdensome because it is unlimited as to time and scope. First Horizon also objects because "mortgage refinance transactions" vary significantly and many such transactions do not entail a right to rescind, and therefore are not relevant. First Horizon further objects to the extent that this Request calls for the production of various forms when only one form, a notice of the right to rescission, is at issue in this case. Subject to its objections, First Horizon states that it

16

will produce a blank copy of the notice form at issue in this case but will not produce any other documents responsive to this Request.

Respectfully submitted,

FIRST HORIZON HOME LOAN
CORPORATION

By its attorneys,

U. Gwyn Williams (BBO # 565181)
Daniel J. Pasquarello (BBO # 647379)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated:  September 10, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Plaintiffs' counsel, Christopher M. Lefebvre, Esq. and Heather Piccirilli, Esq., by facsimile and by Federal Express, this the 10th day of September, 2004.

Daniel J. Pasquarello