UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH G. MCKENNA,<br>GLENROY A. DEANE,<br>ILENE WILGOREN-DEANE,<br>CHRISTOPHER J. LILLIE, AND<br>LAURA A. LILLIE,<br>     Plaintiffs,<br><br>     v.<br><br>FIRST HORIZON HOME LOAN<br>CORPORATION,<br>     Defendant. | Civil Action No. 04-10370-PBS |

**JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant First Horizon Home Loan Corp. ("First Horizon") and Plaintiffs Ralph McKenna, Glenroy Deane, Ilene Wilgoren-Deane, Christopher Lillie and Laura Lillie, hereby submit the following Joint Statement of Undisputed Material Facts in support of Defendant's motion for summary judgment and Plaintiffs' cross-motion for summary judgment:

1.     Plaintiff Ralph G. McKenna owns and resides in a home at 674 Granite Street, Braintree, MA 02184.  (2d Am. Compl. ¶ 3.)  He is a citizen of Massachusetts.  (*Id.*)  On June 25, 2003, Mr. McKenna obtained a $244,600 mortgage loan from First Horizon, most of which was used to refinance a prior mortgage not made by First Horizon.  (2d Am. Compl. ¶¶ 7-9.)  In connection with this transaction, Mr. McKenna

received, among other documents, a Notice of Right to Cancel, submitted herewith as App. Ex. 1.[1]  (2d Am. Compl. ¶ 10.)

2. Plaintiffs Glenroy A. Deane and Ilene Wilgoren-Deane ("the Deanes") own and reside in a home at 51 Darby Road, Brockton, MA 02302.  (2d Am. Compl. ¶ 4.)  They are citizens of Massachusetts.  (*Id.*)  On November 11, 2003, the Deanes obtained a $238,000 mortgage loan from First Horizon, most of which was used to refinance a prior mortgage not made by First Horizon.  (2d Am. Compl. ¶¶ 18-20.)  In connection with this transaction, the Deanes received, among other documents, a Notice of Right to Cancel, submitted herewith as App. Ex. 2.  (2d Am. Compl. ¶ 21.)

3. Plaintiffs Christopher J. Lillie and Laura A. Lillie own and reside in a home at 20 Endicott Street, Pittsfield, MA 01201.  (2d Am. Compl. ¶ 5.)  They are citizens of Massachusetts.  (*Id.*)  On August 27, 2003, the Lillies obtained a $112,500 mortgage loan and a $9,600 home equity line of credit from First Horizon, most of which was used to refinance a prior mortgage not made by First Horizon.  (2d Am. Compl. ¶¶ 23-25.)  In connection with this transaction, the Lillies received, among other documents, a Notice of Right to Cancel, submitted herewith as App. Ex. 3.  (2d Am. Compl. ¶ 26.)

4. The description of "Your Right To Cancel" contained in the Notice of Right to Cancel ("Notice") received by each of the plaintiffs reads, in its entirety:

> You are entering into a transaction that will result in a mortgage/deed of trust on your home.  You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occur last:  (1) the date of the transaction, which is ____; or (2)

---

[1] Pursuant to Local Rule 56.1, the parties refer the Court to the Joint Appendix of Exhibits to Defendant's Statement of Undisputed Material Facts and the Parties' Joint Statement of Undisputed Material Facts, submitted herewith, hereinafter cited as "App. Ex. __."

>    the date you received your Truth-in-Lending disclosures; or (3) the date which you received this notice of your right to cancel.
>
>    If you cancel the transaction, the mortgage/deed of trust is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/deed of trust on your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.
>
>    For new transactions involving us, if you cancel the new transaction, your cancellation will apply only to the increase in the amount of credit. It will not affect the amount that you presently owe or the mortgage lien, or security interest we already have on your home. If you cancel the mortgage, lien, or security interest as it applies to the increased amount is also canceled. Within 20 calendar days after we receive your notice of cancellation of the new transaction, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on your home no longer applies to the increase of credit. We must also return any money you have given to us or anyone else in connection with this transaction.
>
>    You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

(App. Exs. 1-3.)

    5.    On February 5, 2004, Mr. McKenna sent his notice of rescission to First Horizon, submitted herewith as App. Ex. 4. (Def.'s Countercl. ¶ 2, submitted herewith as App. Ex. 5; Def.'s Resps. to Pls.' Reqs. for Admis. ¶ 14, submitted herewith as App. Ex. 6.)

    6.    On March 15, 2004, the Deanes sent their notice of rescission to First Horizon, submitted herewith as App. Ex. 7. (Def.'s Countercl. ¶ 4, App. Ex. 5; Def.'s Resps. to Pls.' Reqs. for Admis. ¶ 14, App. Ex. 6.)

7. On March 15, 2004 the Lillies sent their notice of rescission to First Horizon, submitted herewith as App. Ex. 8. (Def.'s Countercl. ¶ 3, App. Ex. 5; Def.'s Resps. to Pls.' Reqs. for Admis. ¶ 14, App. Ex. 6.)

8. From approximately April 2003 to some time in 2004, First Horizon used the Notice of Right to Cancel in the form represented by App. Exs. 1-3. (Def.'s Resps. to Pls.' Reqs. for Admis. No. 13, App. Ex. 6.)

9. The transcript of plaintiff Laura Lillie's December 16, 2004 deposition is submitted herewith as App. Ex. 9.

10. The transcript of plaintiff Christopher Lillie's December 16, 2004 deposition is submitted herewith as App. Ex. 10.

11. The transcript of plaintiff Ralph McKenna's January 14, 2005 deposition is submitted herewith as App. Ex. 11.

12. The transcript of plaintiff Ilene Wilgoren-Deane's January 14, 2005 deposition is submitted herewith as App. Ex. 12.

13. The transcript of Charles Covington's February 11, 2005 deposition is submitted herewith as App. Ex. 13.

14. The transcript of plaintiff Glenroy Deane's February 18, 2005 deposition is submitted herewith as App. Ex. 14.

Respectfully submitted,

| | |
|---|---|
| /s/ Alisha R. Bloom_____ | /s/ Heather Kolbus_____ |
| U. Gwyn Williams (BBO # 565181) | Daniel A. Edelman |
| Alisha R. Bloom (BBO # 662261) | Heather Kolbus |
| GOODWIN PROCTER LLP | EDELMAN, COMBS, LATTURNER |
| Exchange Place | & GOODWIN, LLC |
| Boston, MA 02109-2881 | 120 S. LaSalle Street, 18th Floor |
| (617) 570-1000 | Chicago, IL 60603 |
| | (312) 739-4200 |
| Thomas M. Hefferon (BBO # 548289) | |
| GOODWIN PROCTER LLP | Christopher M. Lefebvre, (BBO # 629056) |
| 901 New York Ave., NW | CLAUDE LEFEBVRE, P.C. |
| Washington, D.C. 20001 | P.O. Box 479 |
| (202) 346-4000 | Pawtucket, RI 02862 |
| | (401) 728-6060 |
| Attorneys for Defendant | |
| | Attorneys for Plaintiffs |
| FIRST HORIZON HOME LOAN CORPORATION | RALPH G. MCKENNA, GLENROY A. DEANE, ILENE WILGOREN-DEANE, CHRISTOPHER J. LILLIE, AND LAURA A. LILLIE |

Dated:  July 19, 2007

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that the foregoing document is being filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 19, 2007.  The foregoing document will be available for viewing and downloading from the ECF system.

                              /s/ Alisha R. Bloom_____
                              Alisha R. Bloom