IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RALPH G. MCKENNA, | ) | |
| GLENROY A. DEANE, | ) | |
| ILENE WILGOREN-DEANE, | ) | |
| CHRISTOPHER J. LILLIE; and | ) | 04-10370-PBS |
| LAURIE A. LILLIE; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST HORIZON HOME LOAN | ) | |
| CORPORATION, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit the following response to Defendant First Horizon Home Loan Corporation's statement of undisputed material facts in support of Defendant's motion for summary judgment accordance with Local Rule 56.1:

1. At her deposition, Laura Lillie testified that the day after the closing, she and her husband read through the documents they received at the closing, including a Notice of Right to Cancel ("Notice"). (Deposition of Laura Lillie, December 16, 2004 ("L. Lillie Dep." 57:12-59:4, App. Ex. 9[1].) Based on these documents, the Lillies correctly understood that they had a three-day window in which to cancel their entire transaction. (L. Lillie Dep. 46:8-47:13, 58:7-59:4, 60:10-13, 62:6-10 ("Q. At the time, back in August of 2003, was it your

---

[1]Pursuant to Local Rule 56.1, First Horizon refers the Court to the Joint Appendix of Exhibits to Defendant's Statement of Undisputed Material Facts and the Parties' Joint Statement of Undisputed Material Facts, submitted herewith, hereinafter cited as "App. Ex. __."

understanding, after you looked at this document, that you had the right to cancel the loan?  A.  I assumed we had the right to cancel the entire loan."), 63:2-15, App. Ex. 9.)  However, after receiving and responding to a solicitation by Attorney Lefebvre several months later (L. Lillie Dep.  16:10-17:16, App. Ex. 9), Mrs. Lillie felt that "the document was incorrect that we received for the type of loan that we did get."  (L. Lillie Dep. 62:13-63:1, App. Ex. 9.)  The Lillies decided to seek rescission of their loan only after speaking with Attorney Lefebvre.  (L. Lillie Dep. 60:14-24, 63:18-64:9, App. Ex. 9.)

**RESPONSE:**  Object on the basis that the plaintiff's subjective understanding of her rights is not
at issue in this case and an objective standard of review is applied in evaluating the adequacy of Truth in Lending Act disclosures pursuant to *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).  Plaintiffs also object that Ms. Lillie responded to a "solicitation" from Attorney Lefebvre, as the document referred to is clearly marked an "Advertisement."  Subject to and without waiving these objections, admit.

       2.     At his deposition, Ralph McKenna testified that although he received a Notice at closing, he did not read it.  (Deposition of Ralph McKenna, January 14, 2005 ("McKenna Dep.") 50:18-51:6, App. Ex. 10.)  Nonetheless, he correctly understood that he had three days in which to cancel the transaction for any reason.  (McKenna Dep. 27:12-29:2, App. Ex. 10.)  He only decided that the Notice was confusing after responding to a solicitation by Attorney Lefebvre several months later.  (McKenna Dep., 16:13-17:17, 52:16-23 ("Q.  Mr. McKenna, when was it that you first decided you wanted to cancel your loan?  A.  After I spoke to my attorney, Chris Lefebvre.  Q.  Before that time, you had no desire to cancel?  A.  I didn't

know there was any problem with it."), 54:12-57:10, 58:16-23, App. Ex. 10.) Because he was "unhappy with the language" in the Notice, Mr. McKenna decided to seek rescission of his loan. (McKenna Dep. 64:11-65:7, App. Ex. 10.)

**RESPONSE:** Object on the basis that the plaintiff's subjective understanding of his rights is not at issue in this case and an objective standard of review is applied in evaluating the adequacy of Truth in Lending Act disclosures pursuant to *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006). Plaintiffs also object that Mr. McKenna responded to a "solicitation" from Attorney Lefebvre, as the document referred to is clearly marked an "Advertisement." Subject to and without waiving these objections, admit.

        3.       At her deposition, Ilene Wilgoren-Deane testified that she looked at the Notice at the closing and signed it. (Deposition of Ilene Wilgoren-Deane, January 14, 2005 ("Wilgoren-Deane Dep.") 66-20-23, App. Ex. 11.) At the closing, she understood that she and her husband had a right to cancel the loan, and that if they did cancel the loan, the entire transaction would be cancelled. (Wilgoren-Deane Dep. 66:24-67:10 ("Q. Is it correct that at the closing that you understood that you had a right to cancel the loan? A. Correct. Q. Was it your understanding that if you cancelled the loan, the whole transaction was cancelled? A. Correct."), App. Ex. 11.) Mrs. Wilgoren-Deane only concluded that the language in the Notice was "unclear" after responding to a solicitation by Attorney Lefebvre several months later. (Wilgoren-Deane Dep. 14:13-15:7, 64:18-65:3 ("Q. Mrs. Deane, can you tell me what it is that you think First Horizon did wrong in this case? A. They were unclear often on the notice to cancel, two paragraphs. One paragraph said the right to cancel the whole loan. The other one said something to the effect, going off the top of my head, just the amount, change the amount.

<u>It was unclear as to what it was saying when it was brought to my attention.</u>"), App. Ex. 11.) The Deanes subsequently decided to seek rescission of their loan. (Wilgoren-Deane Dep. 59:15-24 ("Q. Mrs. Deane, when was it that you first decided that you wanted to cancel the loan? A. After speaking to my attorney, after hiring him. Q. So is it correct that before you hired your attorney you had no desire to cancel the loan? A. Correct."), App. Ex. 11.)

**RESPONSE:** Object on the basis that the plaintiff's subjective understanding of her rights is not at issue in this case and an objective standard of review is applied in evaluating the adequacy of Truth in Lending Act disclosures pursuant to *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006). Plaintiffs also object that Ms. Wilgoren-Deane responded to a "solicitation" from Attorney Lefebvre, as the document referred to is clearly marked an "Advertisement." Subject to and without waiving these objections, admit.

        4.        At his deposition, Christopher Lillie testified that he did not read his Notice of Right to Cancel until several weeks after he and his wife closed on their loan. (Deposition of Christopher Lillie, December 16, 2004 ("C. Lillie Dep.") 58:4-58:12, App. Ex. 10.) However, he correctly understood from previous closings in which he had participated that he had three business days in which to cancel the loan and nullify the transaction. (C. Lillie Dep. 60:11-61:5 ("Q. Now, at the closing, what was your understanding of what the right to cancel was? A. Like previous closings, I guess my understanding was that I had three business days.... Q. So is it correct that you understood that within that three-day period, you could nullify the transaction? A. Yes. That would be my understanding. Q. Now, several weeks later, when you were reviewing the document, was that still your understanding at that time, about what the right to rescind was? A. Yes."), App. Ex. 10.) It was not until he received and responded to a

solicitation by Attorney Lefebvre that he decided to pursue rescission of his and his wife's loan. (C. Lillie Dep. 62:18-63:24, App. Ex. 10.) Although Mr. Lillie could clearly—and correctly—articulate what his understanding of his right of rescission was at the time he and his wife closed on their loan (C. Lillie Dep. 64:9-20, App. Ex. 10), he was unable to explain what he believed was wrong with First Horizon's Notice such that his right to cancel had not been "acknowledged to him properly." (C. Lillie Dep. 64:1-8, App. Ex. 10.)

**RESPONSE:** Object on the basis that the plaintiff's subjective understanding of his rights is not at issue in this case and an objective standard of review is applied in evaluating the adequacy of Truth in Lending Act disclosures pursuant to *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006). Plaintiffs also object that Mr. Lillie responded to a "solicitation" from Attorney Lefebvre, as the document referred to is clearly marked "Advertisement." Subject to and without waiving these objections, admit.

       5.      Unlike the other four plaintiffs, Glenroy Deane testified at his deposition that he never read the Notice of Right to Cancel that he was provided with at closing. (Deposition of Glenroy Deane, January 14, 2005 ("Deane Dep."), 56:2-56:18, 62:5-12, App. Ex. 14.). His understanding of his rights and obligations regarding the rescission of his loan is not consistent with TILA or MCCCDA. (E.g., Deane Dep. 24:24-25:9 ("Q. Now, with regard to a refinancing transaction, the same question about a time period: Do you think there is some time period during which you have to express your desire to cancel? A. I would assume within six months to a year you can cancel anything through the proper procedures. Q. And is that your understanding for all refinancing transactions? A. Yes."), 53:10-54:5, 66:18-21 ("Q. So do you believe that you would be able to keep the amount that was provided to you under the loan that

you are trying to cancel?  A.  Yes.", App. Ex. 14.)  Mr. Deane did not know his attorney's name (Deane Dep. 51:6-9, App. Ex. 14), could not explain what his claims were (Deane Dep. 57:24-58:8 ("Q.  Can you tell me what your claim is against First Horizon in this lawsuit?  A.  My wife has the claim.  Q.  Can you tell me what it is?  A.  I don't know exactly what it is.  Q.  Do you also have a claim in this lawsuit against First Horizon?  A.  I assume so since my signature's on the paperwork."), App. Ex. 14), and could not articulate why he wanted to rescind his loan, deferring instead to his wife (Deane Dep. 49:23-50:7, 51:13-16 ("Q.  Okay.  For what reason did you want to cancel the loan?  A.  I don't know.  You'll have to talk to my wife on that legal issue."), App. Ex. 14).

**RESPONSE:** Object on the basis that the plaintiff's subjective understanding of his rights is not at issue in this case and an objective standard of review is applied in evaluating the adequacy of Truth in Lending Act disclosures pursuant to *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).  Subject to and without waiving these objections, admit.

6. After Plaintiffs' counsel complained about a previous version of the Notice, First Horizon created the version of the Notice that is at issue in this case in an effort to simplify it and eliminate an opportunity for mistakes in disclosing to borrowers their right to rescind.  (Deposition of Charles Covington, February 11, 2005, 29:15-30:10, 40:9-13, App. Ex. 12; Report & Recommendation on Pls.' Mot. for Class Cert., at 5.)

**RESPONSE:** Plaintiffs deny that "Plaintiffs' counsel complained about a previous version of the Notice," because the complaint referred to was a case filed by Maria and Norley Tabares, *Tabares v. First Horizon Home Loan Corp.*, 05-C-17, U.S. District Court for the District of Rhode Island, not complaints of any of the attorneys or law firms of Edelman, Combs, Latturner

6

and Goodwin, LLC or Claude Lefebvre & Sons, P.C.  Plaintiffs also note that Gerard and Dawn Morin also filed a complaint against First Horizon on this same issue, *Morin v. First Horizon Home Loan Corp.*, 03-C-518, U.S. District Court for the District of Rhode Island.  Additionally evidence of subsequent remedial measures is irrelevant and barred by Fed. R. Evid. 407.  Otherwise, admit.

    7. None of the Plaintiffs have claimed that they were actually confused by the Notice at or near the time of their transactions, or that the language in the Notice had any effect on their decision not to timely rescind their loans.

**RESPONSE:** Denied, as Defendant has failed to provide any evidence to support this "fact."  Plaintiffs second amended complaint is in and of itself is evidence to the contrary.

              Respectfully submitted,


              /s/ Heather Kolbus
              Heather Kolbus

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre
CLAUDE LEFEBVRE & SONS, P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
Mass. BBO No. 629056

## **CERTIFICATE OF SERVICE**

   I, Heather Kolbus, certify that on August 17, 2007, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system.

Alisha R. Bloom
abloom@goodwinprocter.com

U. Gwyn Williams
gwilliams@goodwinprocter.com

Christopher M. Lefebvre
lefeblaw@aol.com


                s/ Heather Kolbus
                Heather Kolbus